6

DOC NO
REC'D/FILED
2004 MAY 20   AM 9: 46
CLERK US DIST COURT
WD OF WI

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (No. VI)

THIS DOCUMENT RELATES TO:                CIVIL ACTION NO. MDL 875

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| Oswald F. Suoja and Delores Agnes Suoja | ) | |
| | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Case No.: 99-C-0475-C |
| | ) | |
| Owens-Illinois, et al. | ) | |
| | ) | |
| Defendants | ) | |

**Plaintiffs' Response to the Court re: Timeliness Issues, Statement of Suggestion of Death of Oswald F. Suoja and, Pursuant to FRCP Rules 15 and 25, Plaintiffs' Motion for Leave to Appoint Special Administrator, Substitute Parties and to File Amended Complaint**

Now Come the Plaintiffs, by their attorneys, Cascino Vaughan Law Offices Ltd., and for their Response to the Court on the issue of timeliness, and, pursuant to FRCP Rules 15 and 25, for their motions for Leave to Appoint Special Administrators, Substitute Parties and to File an Amended Complaint, state as follows:

1. That this action was originally filed in the United States District Court for the Western District of Wisconsin on August 5, 1999.

1

2. That when this action was filed, it was inadvertently filed in the individual name of Plaintiff's

decedent and his spouse. However, at the time the action was filed, Mr. Suoja had died, i.e. his

date of death was December 29, 1996. (See exhibit A, attached)

3. On the 25th day of October, 1999 this action was transferred to United States District Court For

the Eastern District of Pennsylvania.

4. As this action was inadvertently filed with the Plaintiffs being misidentified, and with the fact

that identified Plaintiff Oswald F. Suoja, is, in fact, deceased, to proceed with this action, there is

a need to appoint a special administrator, (i.e. Gay Suoja, the son of the deceased) substitute

parties and to amend the complaint; accordingly, these motions are now brought before this

Court.

**Plaintiffs' Memorandum in Support of Plaintiffs' Plaintiffs' Response to the Court re:
Timeliness Issues, Statement of Suggestion of Death of Oswald F. Suoja and, Pursuant to
FRCP Rules 15 and 25, Plaintiffs' Motion for Leave to Appoint Special Administrator,
Substitute Parties and to File Amended Complaint**

Under Wisconsin law, the statute of limitation for wrongful death claims is three years

from death. In this regard, Wis. Stats. § 893.54(2) provides that "[t]he following actions shall be

commenced within 3 years or be barred:... (2) An action brought to recover damages for death

caused by the wrongful act, neglect or default of another." As this action was filed initially on

August 5, 1999, and as death occurred on December 29, 1996, this action was timely filed.

When this action was filed, the pleadings named Plaintiff individually along with his

spouse as the plaintiffs. However, Plaintiff had previously died and so the complaint

2

misidentified the Plaintiff as alive and therefore the claim was erroneously brought in his individual name instead of a special administrator being appointed to represent the interest of the decedent's estate. Thus there is a need to 1). Appoint a special administrator to pursue an action on behalf of the decedent's estate; 2).Substitute a special administrator for the deceased named plaintiff; and to 3). Accordingly amend the complaint. These motions now seek to correct these errors and to correct the record.       As the initial action was correctly filed, the question then becomes whether any amendment to correct these errors is untimely as the statute of limitations has run. The answer is found in Rule 15 (c) to the Federal Rules of Civil Procedure. This Rule provides, in part, as follows:

> c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when
>
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Plaintiffs submit that under Rule 15 and under applicable case law, the proposed subject amendments to the pleadings do relate back to the initial filing and thus the proposed correction as to the identification of the plaintiffs and the correction as to the relevant causes of action would still be timely for statute of limitation purposes, as the amendments do relate back.

3

In Wisconsin Rule 802.09(3) of the Wisconsin Rules of Civil Procedure [1] is virtually

identical to FRCP 15(c). In interpreting Rule 802.09(3) as it applies to the issues before this

Court, two Wisconsin Court cases are relevant. The first case is the case of *Korkow v. General*

*Cas. Co. of Wisconsin*, 117 Wis.2d 187, 344 N.W.2d 108 (1984). A copy of this case is attached

as Exhibit B).

In *Korkow*, Plaintiff initially brought an action against his insurer as a result of a fire loss.

After the statute of limitations had run, the Plaintiff sought to amend the complaint to name as an

additional Plaintiff another insured, i.e. the Plaintiff's son. This additional insured sought to

assert his separate claims under the policy for the fire loss. In determining that the proposed

amendment to add the son and his separate claims related back to the original filing of the

complaint so that the claims of the son were **not** barred by the statute of limitation, the Wisconsin

Supreme Court observed as follows:

> The evident purpose behind section 802.09(3), Stats., like the purpose behind Federal
> Rule 15(c), is to ameliorate the effect of the statute of limitations in situations where the
> original pleadings provided fair notice to the opposing party of the claim or defense
> raised. 6 C. Wright and A. Miller, Federal Practice and Procedure, section 1496 (1971).
> There is nothing in either the language or the purpose of the rule evidencing its
> inapplicability to amendments changing plaintiffs. Provided a defendant is fully apprised

---

Wis Stats. § 802.09 (3)
Relation back of amendments. If the claim asserted in the amended pleading arose out of the
transaction, occurrence, or event set forth or attempted to be set forth in the original pleading, the
amendment relates back to the date of the filing of the original pleading. An amendment
changing the party against whom a claim is asserted relates back if the foregoing provision is
satisfied and, within the period provided by law for commencing the action against such party,
the party to be brought in by amendment has received such notice of the institution of the action
that he or she will not be prejudiced in maintaining a defense on the merits, and knew or should
have known that, but for a mistake concerning the identity of the proper party, the action would
have been brought against such party.

4

of a claim arising from specified conduct by the original pleading, his ability to protect himself will not be prejudicially affected if a new plaintiff is added and he should not be permitted to make a statute of limitations defense.

The basic test for whether an amendment should be deemed to relate back is the identity of transaction test, i.e., did the claim or defense asserted in the amended pleading arise out of the same transaction occurrence or event set forth in the original pleading. If this test is satisfied, relation back is presumptively appropriate. See *Korkow* at 117 Wis. 2d. pg. 196.

Thus, in *Korkow*, the Wisconsin Supreme Court permitted an amendment to a complaint to relate back to the initial filing where the amendment added a new plaintiff who brought a separate claim against the defendant insurer.

A subsequent Wisconsin Court of Appeals case that applied *Korkow* is directly on point. This case is *Estate of Kitzman v. Kitzman*,163 Wis.2d 399, 471 N.W.2d 293 (Wis.App.,1991). ( See Exhibit C, attached). In *Kitzman* Plaintiffs brought a personal injury action that named the estate of the victim as a plaintiff. In Wisconsin, the estate does not have capacity to sue. Therefore, Plaintiffs sought to amend the complaint to correct this defect. While the original complaint was timely filed for statute of limitations purposes, the motion to amend was at a time after the statute of limitations would have run. Therefore, the critical issue here also was whether the proposed amendment would relate back to the original filing. In ruling that the amendment would relate back, the Wisconsin Court of Appeals, despite defendant's contention that the complaint was a nullity, noted as follows:

The complaint is not a nullity. It is a poorly drawn pleading which nevertheless amply provides the "fair notice" described by the Korkow court as a predicate for allowing amendment under sec. 802.09(3), Stats. It is undeniably defective, but the defect must be disregarded, since it does not affect the substantial rights of the defendants. Section 805.18(1), Stats., provides: "The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party."

Our view of the matter is hardly new or novel. Seventy-eight years ago the United States

5

Supreme Court held that a trial court properly allowed an amendment to add the personal representative as the plaintiff in an action erroneously brought by decedent's mother who lacked capacity to sue. Missouri, K. & T. Ry. v. Wulf, 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355 (1913). See *Kitzman* at 163 Wis.2d. pg 403.

As stated by the *Kitzman* Court, the United States Supreme Court reached a similar conclusion in the case of *Missouri, K. & T. Ry. v. Wulf*, 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355 (1913).

Based on the above, the proposed amendment herein to substitute a special administrator for the named decedent and to permit the related wrongful death and survival claims[2] to be brought would relate back to the time of the filing of the original complaint.

As, under the facts of this case, and the law as set forth above, there is a need to appoint a special administrator, a need to then substitute the special administrator for the named deceased Plaintiff and to then amend the complaint to reflect the change in Plaintiff and the respective causes of action, Plaintiffs respectfully request that the Court grant these motions and that plaintiffs be given 120 days from this order to file an amended complaint. Therefore, the plaintiff(s) have  timely filed the complaint, and seek leave to have a special administrator appointed as party plaintiff if this Court has not previously done so (some plaintiffs had motions to appoint special administrators previously submitted which may not have been ruled on by this Court). Wherefore, the plaintiff(s) pray that the named representative be appointed as special administrator if the court has not previously done so.

---

[2] *Wangen v. Ford Motor Co.* 97 Wis.2d 260, 294 N.W.2d 437 recognizes that in Wisconsin "The estate's action is for the wrong to the injured person; the wrongful death action belongs to named beneficiaries for their pecuniary loss; the latter action begins where the former ends. It is not a double recovery, but a recovery for a double wrong."

6

By: _____
George H. Senteney, their attorney
Cascino Vaughan Law Offices Ltd.
220 S. Ashland Avenue
Chicago, Il 60607
#(312)-944-0600

it was irrelevant at that time. Since it was heard and became evidence to be considered by the jury, the attack on its believ-ability should be allowed.

There is an issue of the nearness in time of Cathy Herman's information to another event. The question is what event is the witness's information to be related to in time. As I analyze it, the information is not related to the offense, since it is irrelevant to whether that event occurred. Rather, it is related in time to the defendant's statement on direct examination; it is relevant to his credibility and is close in time to that event. Such an analysis is eminently fair to the defendant, since he raised the subject of his sexual fidelity to his wife and is best aware of his philanderings or attempts at it, if any have taken place. If there have been other recent transgressions or attempts at sexual infidelity close in time to his testimony, he would be well-advised not to try to impress the jury with his alleged fidelity which could be questioned.

If the district attorney were not allowed to follow up his question with available information, an overzealous district attorney could ask a question inferentially loaded with prejudicial ideas and not be presently prepared to offer proof. The trial court would almost by necessity be required to hold an offer of proof hearing to make sure that the district attorney had follow-up evidence to the question in order to avoid an ethics problem and then not allow the jury to hear the information.

I concur with the majority; however, I would find the foundation testimony of Cathy Herman permissible under sec. 906.08, Stats., since the defendant volunteered the subject on direct examination. He caused the subject to become relevant to his credibility, if not to the charged act of the offense.



117 Wis.2d 187

**George A. KORKOW and Gerald A. Korkow, Plaintiffs-Respondents-Petitioners,**

v.

**GENERAL CASUALTY COMPANY OF WISCONSIN, Defendant-Appellant.**

No. 82–073.

Supreme Court of Wisconsin.

Argued Jan. 31, 1984.

Feb. 28, 1984.

Father, who was former owner of tavern and a coinsured with his son, who was owner of the tavern at time of fire, moved to amend pleadings, in his action to recover under fire insurance policy, to include his son as a plaintiff. The Circuit Court, Sauk County, James W. Karch, J., granted the motion to amend, granted insurer's motion to dismiss claim of the father, and denied insurer's motion to dismiss the son's claim. The Court of Appeals, 113 Wis.2d 57, 334 N.W.2d 124, reversed the trial court's order denying the motion to dismiss. On grant of petition for review, the Supreme Court, Day, J., held that: (1) trial court correctly allowed the amended pleading adding the son's claim, notwithstanding fact that one year statute of limitations for commencing an action on a fire insurance policy had expired as to the son at the time of the amendment, and (2) absent a specific declaration to the contrary in the insurance policy, it would be assumed, for purpose of policy requirement that an action to recover under the policy be "commenced" within 12 months after the loss, that the action to recover under the policy was "commenced" when it was properly filed according to rules of civil procedure.

Reversed.

**1. Limitation of Actions** ⟜127(1)

An amended pleading adding a separate claim by a different plaintiff may relate back to date of filing of original com-



plaint if requirements of statute governing relation back of amendments for amended and supplemental pleadings are satisfied and relation back will not cause unfairness or prejudice to the other party. W.S.A. 802.09(3).

**2. Pleading ⇐1**

The "notice" pleading rules of civil procedure code are intended to facilitate orderly adjudication of disputes; pleading is not to become game of skill in which one misstep by counsel may be decisive of the outcome. W.S.A. 801.01(2).

**3. Limitation of Actions ⇐124**

Purpose of statute governing relation back of amendments to pleadings is to ameliorate the effect of statute of limitations in situations where original pleadings provided fair notice to opposing party of claim or defense raised, and nothing in language or purpose of the statute evidences its inapplicability to amendments changing plaintiffs. W.S.A. 802.09(3).

**4. Limitation of Actions ⇐124**

Provided a defendant is fully apprised of a claim arising from specified conduct by an original pleading, his ability to protect himself will not be prejudicially affected if a new plaintiff is added, and he should not be permitted to make a statute of limitations defense to such new plaintiff. W.S.A. 802.09(3).

**5. Limitation of Actions ⇐127(1)**

Relation back of an amendment to pleadings is presumptively appropriate if the claim or defense asserted in the amended pleading arises out of the same transaction, occurrence or event set forth in the original pleading. W.S.A. 802.09(3).

**6. Pleading ⇐236(2)**

Trial court has discretion to grant leave to amend at any stage of an action when justice so requires. W.S.A. 802.09(1).

**7. Pleading ⇐236(2)**

When unfairness, prejudice or injustice is asserted in opposition to a motion for leave to amend pleadings, question for trial court is whether the party opposing amendment has been given such notice of the operative facts which form the basis for the claim as to enable him to prepare a defense or response. W.S.A. 802.09.

**8. Limitation of Actions ⇐124**

Trial court correctly allowed amendment of pleading to add plaintiff's son as a plaintiff, in action brought by father, who was former owner of tavern and a coinsured with his son, who was owner of the tavern at time of fire, to recover under fire insurance policy, notwithstanding fact that one year statute of limitations had expired as to the son. W.S.A. 631.83(1)(a), 802.09(3).

**9. Limitation of Actions ⇐124, 127(1)**

Statute governing relation back of amendments to pleadings, when properly applied, affords litigants the full benefit of protections statutes of limitations were intended to provide. W.S.A. 802.09(3).

**10. Limitation of Actions ⇐118(2), 119**

An action is "commenced," for purposes of satisfying 12-month time limit within which action on a fire insurance policy must be commenced, when summons and complaint are filed with the court. W.S.A. 631.83(1)(a), 893.02.

> See publication Words and Phrases for other judicial constructions and definitions.

**11. Limitation of Actions ⇐118(2)**

Insured's filing of summons and complaint, claiming fire insurance proceeds for losses resulting from fire at insured tavern, approximately five months after fire, "commenced" the action for purposes of statute which requires that an action on a fire insurance policy must be commenced within 12 months after the inception of the loss. W.S.A. 631.83(1)(a), 893.02.

**12. Limitation of Actions ⇐1**

Purpose of statutes of limitations is to ensure prompt litigation of claims and to protect defendants from fraudulent or stale claims brought after memories have faded or evidence has been lost.

**13. Limitation of Actions ⚖1**

Purpose of statutes of limitations is accomplished by requiring that parties be given formal and seasonable notice that a claim is being asserted against them, and thus, if a party is given fair notice within statutory time limit of the facts out of which the claim arises, it is not deprived of any protections the statute of limitations was designed to afford.

**14. Insurance ⚖622(5)**

Absent a specific declaration to the contrary in insurance contract which required that no suit or action for the recovery of any claim would be sustainable unless commenced within 12 months after the loss, it would be assumed that an action was "commenced" when it was properly filed according to rules of civil procedure. W.S.A. 893.02.

---

Craig L. Parshall, argued and Law Offices of John J. McLario, Menomonee Falls, for plaintiffs-respondents-petitioners.

Wayne L. Maffei, argued, Clyde C. Cross, and Cross, Mercer & Maffei, Baraboo, for defendant-appellant.

DAY, Justice.

This is a review of a published decision [1] of the court of appeals reversing a judgment and order of the circuit court for Sauk county, Hon. James W. Karch, Circuit Judge. The issue on review is: May an amended pleading adding a separate claim by a new plaintiff after the statute of limitations has run relate back to the date of filing of the original complaint?

[1] We hold that an amended pleading adding a separate claim by a different plaintiff may relate back to the date of filing of the original complaint if the requirements of section 802.09(3), Stats.[2] are satisfied and relation back will not cause unfairness or prejudice to the other party. We therefore reverse the decision of the court of appeals and reinstate the judgment of the trial court.

On November 5, 1979, the "Wildwood" tavern in Sauk County, Wisconsin was extensively damaged by fire. On April 7, 1980, George A. Korkow filed suit against General Casualty Company of Wisconsin (General Casualty) in the Sauk County Circuit Court claiming fire insurance proceeds. The claim was made under a fire insurance policy written by General Casualty in which George Korkow and his son, Gerald Korkow, were named as coinsureds. The complaint also sought damages for intentional breach of contract, libel and bad faith. On May 1, 1980, General Casualty answered denying liability under the policy and asserting the affirmative defenses of lack of insurable interest, misrepresentation and arson. On July 1, 1980, the trial court issued a scheduling order which set a December 12, 1980 deadline for the amendment of all pleadings and scheduled a pretrial conference for February 9, 1981. On December 10, 1980, George Korkow filed an amended complaint together with a motion for leave to amend and a notice of motion. The amended complaint contained three claims by Gerald Korkow and requested relief in the alternative for George Korkow or Gerald Korkow.

At the February 9 pretrial conference, the trial court granted the motion to

---

1. *Korkow v. General Casualty Co.,* 113 Wis.2d 57, 334 N.W.2d 124 (Ct.App.1983).

2. "802.09. **Amended and supplemental pleadings.** . . . (3) RELATION BACK OF AMENDMENTS. If the claim asserted in the amended pleading arose out of the transaction, occurrence, or event set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the filing of the original pleading. An amendment changing the party against whom a claim is asserted relates back

if the foregoing provision is satisfied and, within the period provided by law for commencing the action against such party, the party to be brought in by amendment has received such notice of the institution of the action that he or she will not be prejudiced in maintaining a defense on the merits, and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against such party."

amend.  General Casualty subsequently
filed an amended answer which alleged, in
addition to the other affirmative defenses,
that Gerald Korkow's claim was barred by
the one year statute of limitations under
section 631.83(1)(a), Stats.[3]

The arson issue was tried to a jury which
found in a special verdict that the plaintiffs
did not deliberately set the fire.[4]  The
plaintiffs moved the court for judgment
against General Casualty for the stipulated
loss of $26,015.90 together with costs, dis-
bursements and interest.  General Casual-
ty moved to dismiss the claim of George
Korkow on the grounds that he lacked an
insurable interest in the insured property
and to dismiss the claim of Gerald Korkow
on the grounds that he failed to commence
the action within twelve months as re-
quired by section 631.83(1)(a), Stats., and
the insurance contract.

By its decision and order of October 30,
1981, the court granted General Casualty's
motion to dismiss the claim of George Kor-
kow on the grounds that he lacked an
insurable interest in the property at the
time of the fire.[5]  The court denied General
Casualty's motion to dismiss the claim of
Gerald Korkow.  The trial court held that
the amendment related back to the date of
filing of the original complaint under sec-
tion 803.01(1), Stats.[6]  General Casualty ap-
pealed to the court of appeals.  That court
reversed the trial court's order denying the

3.  "631.83.  Limitation of actions. (1) STATUTO-
RY PERIODS OF LIMITATION.  (a) Fire insurance.
An action on a fire insurance policy must be
commenced within 12 months after the incep-
tion of the loss...."

4.  The jury also found that there was no bad
faith on the part of General Casualty in its
handling of the claim and that there was no lien
or encumbrance against the property which in-
creased the risk of loss.

5.  The property was first purchased by land con-
tract with George Korkow and Carol Korkow as
joint tenants in a tenancy in common with their
son, Gerald Korkow.  Thereafter the elder Kor-
kows assigned their interest to Gerald.  Two
weeks prior to the trial, Gerald Korkow attempt-
ed to assign his interest to his father.  The trial
court determined that the purported conveyance
was invalid for lack of consideration.  That
holding was not challenged by the plaintiffs.
344 N.W.2d—4

motion to dismiss on the grounds that sec-
tion 803.01, as applied, enlarged the statute
of limitations period in violation of this
court's rule making authority under section
751.12.  This court accepted review to de-
cide if an amended pleading adding a sepa-
rate claim by a different plaintiff may re-
late back to the date of filing of the origi-
nal complaint.

[2]  Our interpretation of the rules gov-
erning the relation back of amended plead-
ings must be made in light of the underly-
ing aims and philosophy of Wisconsin's lib-
eral civil procedure rules.  Wisconsin long
ago abandoned the highly formal concepts
of common law form pleading in favor of
more functional concepts defined in terms
of the underlying transaction, occurrence
or event that forms the basis of the claim.
*Wussow v. Commercial Mechanisms, Inc.,*
97 Wis.2d 136, 145, 293 N.W.2d 897 (1980);
*Drehmel v. Radandt,* 75 Wis.2d 223, 227,
249 N.W.2d 274 (1977).  Wisconsin's cur-
rent civil procedure code, which is pat-
terned after the federal rules of civil proce-
dure, became effective on January 1, 1976.
The new code continues the trend of simpli-
fying the rules of procedure in order "to
secure the just, speedy and inexpensive
determination of every action and proceed-
ing."  Section 801.01(2), Stats.  This func-
tional approach to pleading reflects a deter-
mination that the resolution of legal dis-

6.  In view of our decision that the amended
pleadings related back to the date of filing of
the original complaint under section 802.09(3),
Stats., we need not decide whether the addition
of Gerald Korkow's claim constituted a substitu-
tion of the real party in interest under section
803.01(1), which provides:

"803.01.  Parties plaintiff and defendant;
capacity. (1) REAL PARTY IN INTEREST.  No ac-
tion shall be dismissed on the ground that it is
not prosecuted in the name of the real party
in interest until a reasonable time has been
allowed after objection for ratification of
commencement of the action by, or joinder or
substitution of, the real party in interest; and
such ratification, joinder, or substitution shall
have the same effect as if the action had been
commenced in the name of the real party in
interest."

putes should be made on the merits of the case rather than on the technical niceties of pleading. The "notice" pleading rules of the current civil procedure code are intended to facilitate the orderly adjudication of disputes; pleading is not to become a "game of skill in which one misstep by counsel may be decisive of the outcome." *Canadian Pacific Ltd. v. Omark-Prentice Hydraulics*, 86 Wis.2d 369, 373, 272 N.W.2d 407 (Ct.App.1978) (quoting *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957)).

Amendment of pleadings in civil actions in the circuit courts is governed by section 802.09, Stats. That section, which took effect on January 1, 1976, permits a party to amend its pleadings "once as a matter of course at any time within six months after the summons and complaint are filed or within the time set in a scheduling order...." Other amendments are by leave of the court or consent of the adverse party. Leave to amend "shall be freely given at any stage of the action where justice so requires."

Subsection (3) of section 802.09, Stats., provides that under certain circumstances an amended pleading will be deemed to relate back to the date of filing of the original pleading. The language of that subsection does not expressly authorize the relation back of amended pleadings adding additional plaintiffs. The first sentence provides generally for the relation back of

amendments if the claim asserted therein arose out of the "transaction, occurrence or event" set forth in the original pleading. The second sentence provides for the relation back of amended pleadings changing the party against whom a claim is asserted if additional conditions guaranteeing adequate notice and absence of prejudice have been met.

The federal counterpart to section 802.-09(3), Stats., is found in Rule 15(c) of the Federal Rules of Civil Procedure. That rule in its current form is quite similar to the Wisconsin relation back statute.[7] Prior to 1966, the federal rule did not include the second sentence dealing with relation back of amended pleadings changing defendants. When that sentence was added in 1966, the Advisory Committee's Note stated that the relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) "since the problem [of the relation back of amendments changing plaintiffs] is generally easier." The note further states that the general attitude of the rule toward change of defendants extends by analogy to amendments changing plaintiffs. 39 F.R.D. 69, 83 (1966). Consistent with the advisory committee's analysis, the United States District Court for the Northern District of Illinois permitted relation back of an amendment adding a separate claim by a new plaintiff for loss of consortium.[8] *Hockett v. American Airlines, Inc.*, 357 F.Supp. 1343 (N.D.Ill.1973).

---

7. Rule 15(c) provides:

    "*Relation Back of Amendments.* Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

    "The delivery or mailing of process to the United States Attorney, or his designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant."

8. The court in *Hockett* stated:

    "The doctrine of relation back under Rule 15(c) is liberally applied today in the federal courts, especially if no disadvantage will accrue to the opposing party. 1A Barren & Holtzoff, Federal Practice and Procedure, Section 448 (Wright ed. 1960). Rule 15(c) is based upon the concept that a party who is notified of litigation concerning a given transaction or occurrence has been given all the

A similar view of the applicability of Wisconsin's relation back statute to amendments changing plaintiffs is stated in Harvey, *Rules of Civil Procedure*, section 2166, (1975) wherein it is stated:

"Subsection (3) deals expressly only with amendments changing a defendant. Amendments changing a plaintiff should be dealt with liberally under the subsection's general provisions regarding relation back and in light of the provision of Rule 803.01(1) for substitution of the real party in interest within a reasonable time after objection on the ground that the action was not brought in his name."

[3, 4] The evident purpose behind section 802.09(3), Stats., like the purpose behind Federal Rule 15(c), is to ameliorate the effect of the statute of limitations in situations where the original pleadings provided fair notice to the opposing party of the claim or defense raised. 6 C. Wright and A. Miller, *Federal Practice and Procedure*, section 1496 (1971). There is nothing in either the language or the purpose of the rule evidencing its inapplicability to amendments changing plaintiffs. Provided a defendant is fully apprised of a claim arising from specified conduct by the original pleading, his ability to protect himself will not be prejudicially affected if a new plaintiff is added and he should not be permitted to make a statute of limitations defense.

[5] The basic test for whether an amendment should be deemed to relate back is the identity of transaction test, i.e., did the claim or defense asserted in the amended pleading arise out of the same transaction occurrence or event set forth in the original pleading. If this test is satisfied, relation back is presumptively appropriate.

[6, 7] Although section 802.09(3), Stats. states the general rule for relation back of amendments, there may be situations where simple compliance with the letter of the relation back statute does not adequately protect a party's rights and therefore should not be permitted. In considering questions of relation back of amended pleadings under the pre-1976 rules, this court has recognized the discretionary power of the trial court to deny a party leave to amend its pleadings when permitting an amendment to relate back would result in unfairness, prejudice or injustice to the other party. *Wussow*, 97 Wis.2d at 148, 293 N.W.2d 897; *Drehmel*, 75 Wis.2d at 249, 249 N.W.2d 274. Under the current rules, the trial court has discretion to grant leave to amend at any stage of the action when justice so requires. Section 802.09(1), Stats. When unfairness, prejudice or injustice is asserted, the question for the trial court is whether the party opposing amendment has been given such notice of the operative facts which form the basis for the claim as to enable him to prepare a defense or response.

[8] In this case there is no question that the requirements of section 802.09(3), Stats., are satisfied; there was but one tavern, one fire and one insurance policy with General Casualty. Furthermore, General Casualty does not assert that its ability to prepare to meet the claim was preju-

---

notice that statutes of limitation are intended to afford, 3 Moore's Federal Practice para. 15.15[3]. The objective of state statutes of limitations, to protect persons from the necessity of defending stale claims, is served under Rule 15(c), since the amendment will not relate back unless the original pleading has given fair notice to the adverse party that a claim is being asserted against him from some particular transaction or occurrence. Wright, Law of Federal Courts, p. 276 (2d ed. 1970). In this case the Second Amended Complaint filed March 2, 1973, named Janet Hockett as a new plaintiff. No new defendants were added. Her claims for loss of consortium against

the defendants, contained in Counts IV, and VI, are based upon the same allegations of negligence as are Curtis Hockett's. The factual matrix for Janet Hockett's claims is identical to that of her husband's. The defendants cannot claim prejudice in this case since they have been fully advised of the facts upon which Curtis Hockett has based his claim and have been vigorously preparing their defenses. Accordingly, Janet Hockett's claims relate back under Rule 15(c) to the date of the original pleading." 357 F.Supp. at 1347–1348. We agree with the reasoning of this court.

diced by allowing the amendment adding Gerald Korkow's claim. The original complaint provided all the notice necessary for General Casualty to prepare its defense under the statute. The trial court's decision allowing the amended pleading adding Gerald Korkow's claim was correct.

[9] The court of appeals did not ground its reversal of the trial court's ruling on the plaintiffs' failure to bring themselves within the requirements of the relation back rules, but rather on the grounds that the rules, as interpreted, violate this court's rule making authority under section 751.12, Stats. That section states:

"751.12. **Rules of pleading and practice.** The state supreme court shall, by rules promulgated by it from time to time, regulate pleading, practice and procedure in judicial proceedings in all courts, for the purpose of simplifying the same and of promoting the speedy determination of litigation upon its merits. The rules shall not abridge, enlarge or modify the substantive rights of any litigant...."

In support of the court of appeals' decision, General Casualty here argues that the relation back rule, as applied in this case, denies it the protection of its statute of limitations defense and thereby abridges its substantive rights in violation of section 751.12, Stats. This argument obscures the fact that section 802.09(3), Stats., when properly applied, affords litigants the full benefit of the protections statutes of limitations were intended to provide.

[10, 11] The statute of limitations for claims under fire insurance policies is found in section 631.83(1)(a), Stats., which requires that "[a]n action on a fire insurance policy must be commenced within twelve months after the inception of the loss." An action is "commenced" for purposes of satisfying the twelve month time limit when the summons and complaint are filed with the court. Section 893.02. A complaint under the current civil procedure rule is "a short and plain statement of the claim, identifying the transaction, occurrence or event ... out of which the claim

arises and showing that the pleader is entitled to relief and ... a demand for judgment for relief to which the pleader deems to be entitled...." Section 802.02(1). On April 7, 1980, George Korkow filed a summons and complaint claiming fire insurance proceeds for losses resulting from the November 5, 1979 fire at the Wildwood tavern. This summons and complaint, filed approximately five months after the fire, "commenced" the action for purposes of section 631.83(1)(a).

[12, 13] The purpose of statutes of limitations is to ensure prompt litigation of claims and to protect defendants from fraudulent or stale claims brought after memories have faded or evidence has been lost. *Gutter v. Seamandel*, 103 Wis.2d 1, 24, 308 N.W.2d 403 (1981); *Armes v. Kenosha County*, 81 Wis.2d 309, 319–320, 260 N.W.2d 515 (1977). This purpose is accomplished by requiring that parties be given formal and seasonable notice that a claim is being asserted against them. If a party is given fair notice within the statutory time limit of the facts out of which the claim arises, as General Casualty was, it is not deprived of any protections the statute of limitations was designed to afford. The complaint filed on April 7 gave General Casualty formal and timely notice of the initiation of an insurance claim arising out of the November 5 fire. The purposes of the statute of limitations are not offended by deeming the action to have been commenced at that time and permitting the amendment adding Gerald Korkow's claim to relate back to that date.

[14] Finally, General Casualty argues that Gerald Korkow's claim should be dismissed because it was not timely filed under the insurance policy provisions.

The insurance contract required that "no suit or action for the recovery of any claim shall be sustainable ... unless commenced within 12 months after ... the loss." General Casualty argues that even if section 802.09(3), Stats., effects a relation back of the date of filing of the amendment for the purpose of determining whether the action

SHOPPER ADVERTISER v. WIS. DEPT. OF REVENUE   Wis.   **115**
Cite as 344 N.W.2d 115 (Wis. 1984)

was timely commenced under the statute of limitations, state procedural rules cannot affect the determination of when the action was commenced for the purpose of determining whether it was timely filed under the contract. Our interpretation of the insurance contract does not support this conclusion.

The contract nowhere specifies how an action is "commenced" in order to satisfy the twelve month time limit. It evidently contemplates resort to some extra-contractual criteria for the definition of "commenced." Absent a specific declaration to the contrary, it is reasonable to assume that an action is commenced when it is properly filed according to the rules of civil procedure. As noted above, under the civil procedure rules governing the calculation of when an action is filed, this action was commenced on April 7, 1980 when the original summons and complaint of George Korkow were filed. Therefore the initiation of the action was timely under the contract.

The decision of the court of appeals is reversed.



117 Wis.2d 223

**SHOPPER ADVERTISER, INC., d/b/a Shopper Advertiser-Walworth County, and Shopping News, Inc., d/b/a Greater Beloit Shopping News, Petitioners-Appellants and Cross-Respondents-Petitioners,**

**v.**

**WISCONSIN DEPARTMENT OF REVENUE, Respondent and Cross-Appellant.**

**No. 81-1409.**

Supreme Court of Wisconsin.

Argued Jan. 31, 1984.

Decided Feb. 28, 1984.

The Circuit Court, Dane County, William D. Byrne, J., entered judgment affirm-

ing determination by State Tax Appeals Commission which denied petition for redetermination of tax assessment, and taxpayers appealed. State Department of Revenue cross-appealed from prior order of the Circuit Court, Rock County, J. Richard Long, J., which certified cause to Dane County Circuit Court. The Court of Appeals, 112 Wis.2d 354, 332 N.W.2d 841, reversed judgment of Dane County Court and reversed order of Rock County Court with instructions, inter alia, to dismiss, and taxpayers petitioned for review. The Supreme Court, Callow, J., held that: (1) although Rock County Circuit Court had subject-matter jurisdiction over appeal, it lacked competency to render valid judgment; (2) statute governing certification of cause to court having jurisdiction, providing it appears that error arose from mistake applies to actions brought pursuant to chapter governing administrative review; (3) error in bringing action in Rock County arose from mistake; and (4) running of 30-day time limit for appeal was tolled when action was filed in Rock County Circuit Court, which had subject-matter jurisdiction, notwithstanding that such was not court of proper venue.

Reversed and remanded.

Abrahamson, J., concurred in part and dissented in part, and filed opinion.

1. Taxation ⟐493.2

Method of review of Tax Appeals Commission's decision is governed by statute governing judicial review of administrative agency decisions, but place of trial is prescribed by statute governing judicial review of Commission; thus, although Rock County Circuit Court had subject-matter jurisdiction over such appeal, it lacked competency to render valid judgment. W.S.A. 77.59(6)(b), 227.16(1)(a).

2. Courts ⟐4

Venue is not question of subject-matter jurisdiction.

ESTATE OF KITZMAN v. KITZMAN    Wis. **293**
Cite as 471 N.W.2d 293 (Wis.App. 1991)

gation are not allowable or taxable costs even though they are costs of litigation. *State v. Foster*, 100 Wis.2d 103, 106, 301 N.W.2d 192, 194 (1981) (citations omitted).

We have not been directed to examples in the record of the photocopies. We assume that they are common photocopies made by the process known as xerography. That process does not produce a "photograph" in the ordinary sense of the term. "Copies," as used in sec. 814.11, Stats., does not expand the disbursements allowed by sec. 814.04(2), Stats., but refers only to the "certified copies of papers and records in any public office" described in sec. 814.04(2). We conclude that costs of photocopies may not be taxed as "photographs" under sec. 814.04(2), Stats.

Judgment reversed and cause remanded.



163 Wis.2d 399

The ESTATE OF Emma J. KITZMAN, Plaintiff-Appellant,

v.

Christian R. KITZMAN, Steven R. Stadler, Milwaukee Mutual Insurance Company, State Farm Insurance Company, Medicare Part A, Through Its Intermediary Blue Cross & Blue Shield, and Medicare Part B, Through Its Intermediary Wisconsin Physician Service, Defendants–Respondents.†

No. 90–1616.

Court of Appeals of Wisconsin.

Submitted on Briefs Nov. 29, 1990.

Opinion Released May 16, 1991.

Opinion Filed May 16, 1991.

Personal representative of estate brought action in name of estate. The Circuit Court, Waupaca County, Philip M. Kirk, J., dismissed complaint. Personal

† Petition for Review Denied.

representative appealed. The Court of Appeals, Gartzke, P.J., held that defective, poorly drawn pleading which nevertheless provided "fair notice" was sufficient predicate to allow amendment to pleading.

Reversed and remanded.

1. Appeal and Error ⚮842(1)

Whether defect in complaint bars amendment to complaint is question of law Court of Appeals would decide without deference to trial court. W.S.A. 802.09.

2. Pleading ⚮229

Defective, poorly drawn pleading which nevertheless amply provided "fair notice" was sufficient predicate for allowing amendment; defect would be disregarded since it did not affect substantial rights of defendants. W.S.A. 802.09(3), 805.18(1).

———

Paul J. Lenz, Altoona, for plaintiff-appellant.

Maris Rushevics of Anderson, Shannon, O'Brien, Rice & Bertz, Stevens Point, for defendant-respondent, Christian R. Kitzman and Milwaukee Mut. Ins. Co.

John D. Claypool of Herrling, Clark, Hartzheim & Siddall, Ltd., Appleton, for defendant-respondent, State Farm Ins. Co.

Before EICH, C.J., GARTZKE, P.J., and SUNDBY, J.

GARTZKE, Presiding Judge.

Janet Hacker, as the personal representative of the estate of Emma Kitzman, appeals from a judgment dismissing the complaint against the defendants. The complaint is brought in the name of the estate. We hold that the appellant was entitled to amend the complaint under sec. 802.09, Stats. We therefore reverse.

The summons and complaint were filed on February 9, 1990. The complaint seeks damages from the defendants for injuries Kitzman suffered in an automobile accident. The parties agree that the statute of

EXHIBIT
tabbies'
C

limitations barred the claim after February 27, 1990. In May 1990, the defendants moved to dismiss on grounds that the estate has no capacity to sue. The trial court granted the motion in June 1990, citing sec. 777.01, Stats. That statute provides in relevant part that if a cause of action survives, the executors or administrators may maintain an action if the decedent could if living. The court stated that it would "be willing to give all the liberal considerations to amendment of the pleadings," but was unable to do so because the complaint was a nullity, and therefore no action had been commenced before the running of the statute of limitations.

[1] The appellant concedes that the estate lacks the capacity to sue. She argues that she should have been allowed to amend the complaint under sec. 802.09, Stats. Whether the defect in the complaint bars such amendment is a question of law we decide without deference to the trial court. Section 802.09, Stats., provides in relevant part:

(1) A party may amend the party's pleading once as a matter of course at any time within 6 months after the summons and complaint are filed....

.        .        .        .        .

(3) If the claim asserted in the amended pleading arose out of the transaction, occurrence, or event set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the filing of the original pleading.

[2] In *Korkow v. General Cas. Co. of Wis.*, 117 Wis.2d 187, 344 N.W.2d 108 (1984), the court concluded that an amendment adding a new plaintiff asserting a new claim based on the same events relates back to the original complaint:

The evident purpose behind sec. 802.-09(3), Stats., ... is to ameliorate the effect of the statute of limitations in situations where the original pleadings provided fair notice to the opposing party of the claim or defense raised. There is nothing in either the language or the purpose of the rule evidencing its inapplicability to amendments changing plaintiffs. Provided a defendant is fully ap-

prised of a claim arising from specified conduct by the original pleading, his ability to protect himself will not be prejudicially affected if a new plaintiff is added and he should not be permitted to make a statute of limitations defense. *Id.* at 196, 344 N.W.2d at 113 (citation omitted).

Here, as in *Korkow*, the defendants were fully apprised of the claim by the original complaint. Nothing in that complaint need change other than its references to the identity of the plaintiff. Amendment will not prejudice defendants.

The defendants argue that because sec. 802.09(3), Stats., allows a "party" to amend a pleading, the statute presupposes that an action has been filed by a party with legal capacity to sue. They continue their argument to the effect that if no such action has been filed by a "party," it is as if no summons and complaint had ever been filed. Defendants conclude that the complaint is a nullity, and no pleadings exist which can be amended. We reject the argument.

The complaint is not a nullity. It is a poorly drawn pleading which nevertheless amply provides the "fair notice" described by the *Korkow* court as a predicate for allowing amendment under sec. 802.09(3), Stats. It is undeniably defective, but the defect must be disregarded, since it does not affect the substantial rights of the defendants. Section 805.18(1), Stats., provides: "The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party."

Our view of the matter is hardly new or novel. Seventy-eight years ago the United States Supreme Court held that a trial court properly allowed an amendment to add the personal representative as the plaintiff in an action erroneously brought by decedent's mother who lacked capacity to sue. *Missouri, K. & T. Ry. v. Wulf*, 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355 (1913). Other courts have rejected the "nullity" argument. *See Goss v. Hutchins*, 751

S.W.2d 821, 824–25 (Tenn.1988) (although estate cannot sue or be sued, action brought against estate is not a "complete nullity" when personal representative not prejudiced by failure to name him).

We conclude that the trial court erred when it ruled it was unable to allow an amendment. Appellant was entitled to amend the complaint "as a matter of course" under sec. 802.09(1), Stats., since the amendment would have been within six months of the filing of the complaint. On remand, the trial court should allow the plaintiff a reasonable time to amend her complaint. The amendment will relate back to the date of the original complaint. Section 802.09(3), Stats.[1]

Judgment reversed and cause remanded with directions.



163 Wis.2d 405

Shirley PALFREY, Petitioner–
Respondent,[†]

v.

WISCONSIN DEPARTMENT OF
HEALTH & SOCIAL SER-
VICES, Appellant.

No. 90–1825.

Court of Appeals of Wisconsin.

Submitted on Briefs March 11, 1991.

Opinion Released May 16, 1991.

Opinion Filed May 16, 1991.

In contested case hearing, Department of Health and Social Services reversed county agency's termination of public as-

sistance benefits, found that benefits recipient was prevailing party and that county agency was not substantially justified in its position, but refused to award costs under Wisconsin Equal Access to Justice Act (WEAJA). Recipient petitioned for review. The Circuit Court, Iowa County, James P. Fiedler, J., reversed and awarded costs, also granting recipient's motion under separate provision of WEAJA for attorney fees in prosecuting her petition for review. Department appealed from judgment and order. The Court of Appeals, Sundby, J., held that: (1) it would exercise its discretion to review issue of whether "fair hearing" under administrative rule was not subject to WEAJA because it did not result in "adversary adjudication," even though Department did not argue this issue in proceedings before hearing examiner, and Department also had not waived "special circumstances" issue; (2) Department's concession that "fair hearing" was "contested case" obviated further inquiry as to applicability of WEAJA provision; (3) county agency's "irrational" decision to terminate public assistance benefits because recipient had "lost contact" with agency was not "special circumstance" making unjust award of costs to recipient under WEAJA; and (4) Department could be assessed costs on judicial review for defending order denying costs at administrative level.

Affirmed and remanded with directions.

1. States ⊙=215

Court of Appeals would exercise its discretion to review issue of whether "fair hearing" under administrative rule was not subject to Wisconsin Equal Access to Justice Act because it did not result in "adversary adjudication" even though that issue was not raised in proceedings before hearing examiner; question was one of great

1. One defendant argues that since the plaintiff never filed an amended complaint, the doctrine of relation back of amendments was not presented to the trial court, and therefore we should reject that argument as being presented for the first time on appeal. While it is true that plaintiff did not file amended pleadings, at the hearing on defendants' motion to dismiss,

plaintiff's counsel stated three times that amendment of the complaint was the proper response to the defendants' motion. Such a filing would have been futile after the trial court's ruling. The argument was sufficiently presented to the trial court.

† Petition for Review Denied.

DOC NO
REC'D/FILED

**Oswald Suoja Service List**
**Case No. 99-C-0475**

2004 MAY 20   AM 9:46

CLERK US DIST COURT
WD OF WI

Owens-Illinois, Inc.

Robert H. Riley
Schiff, Hardin & Waite
7200 Sears Tower
Chicago, IL 60606
(312) 876-1000

cc: MDL