# EXHIBIT I

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICIA ANN FRANZ              )
                                )
        Plaintiff                )
                                )
v.                              )
                                )
CELOTEX CORP., et. al.,         )
                                ) C.A. No. 84-1316
        Defendants,              )
v.                              )
                                )
ARMSTRONG WORLD INDUS., et. al. )
                                )
        Third-party Defendants.  )

MEMORANDUM ORDER

Cohill, Chief Judge.

AND NOW, to wit, this 24th day of January, 1989, it is hereby ORDERED, ADJUDGED and DECREED that:

1. Celotex's Motion to exclude the testimony of Barry Castleman be and hereby is GRANTED in part and DENIED in part. Castleman may testify as to how he located the printed articles in question. He may describe his research methods and identify only the publications which he brings into court for examination. Since Castleman's book merely summarizes articles, he must provide the original articles for identification in court. These articles may be marked as exhibits but will not be admitted into evidence unless a qualified medical expert can explain and clarify for the jury 1) the content of each article; 2) whether the source is well-known or obscure; and 3) how each article was received by the medical community. Castleman may testify as a bibliographer only; therefore he will not be permitted to express any opinion on the content of the articles or be allowed to testify as an expert with respect to whether defendants had a duty to read any or all of the publications.

2. Defendants' Motion to preclude the Industrial Hygiene Digest from evidence be and hereby is GRANTED. Jane Brislin stated that before 1973 she had no personal

knowledge of how the abstracts were prepared, or of the manner in which the classification system was devised, or of the number of publications that were abstracted. Brislin Depos. at 26. The court also questions the trustworthiness of the summaries. Librarians choose the journals they will scan to select articles for summarization. Brislin stated in her deposition that a lack of funds in recent years has forced the librarians to reduce the number of journals to which IHF subscribes. The librarians, who are without particular medical or other technical expertise, choose which subscriptions to renew based on which journals are "more advantageous and usually contain the most pertinent information." Brislin Depos. at 8. Furthermore, some of the abstracts or summaries at issue here have been derived from other abstracting services; therefore, in those cases, IHF employees have never even seen the original articles. Additionally, although IHF has reprinted foreign language summaries since 1973 only if the original author provides an abstract, Brislin testified that before 1973 some of the foreign language summaries were derived from other abstracting services. We find therefore that these IHF summaries are not sufficiently trustworthy to aid the jury in its fact finding.

   3. Pittsburgh Corning Corporation's Motion to exclude portions of plaintiff's decedent's deposition be and hereby is GRANTED. We observe that plaintiff may not offer this evidence against a third-party defendant. Defendant has the burden of proof against the third-party defendant. Therefore, we find these portions of decedent's deposition irrelevant to plaintiff's case. Fed. R. Evid. 401.

   We will GRANT the motion with respect to defendant Celotex as well. Under Fed. R. Civ. P. 32(a), a deposition may not be used against a party that was not present or represented at the taking of the deposition. Because Pittsburgh Corning was not yet party to this action at the time the deposition was taken on June 21 and June 25, 1984, it did not have an opportunity to cross examine the decedent. Celotex and Owens-Corning have interests adverse to Pittsburgh Corning's interests and James R. Hartline, Esquire, attorney for defendant Raymark Industries, Inc., asked leading questions possibly

2.

prejudicial to third-party defendant Pittsburgh Corning. To permit the admission of such testimony against Pittsburgh Corning, when Pittsburgh Corning had no opportunity to cross examine Mr. Franz, would be grossly unfair.

*Maurice B. Cohill, Jr.*

Maurice B. Cohill, Jr.
Chief Judge

3.