Case: 3:99-cv-00475-bbc   Document #: 46   Filed: 01/12/15   Page 1 of 9

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| GARY SOUJA, Individually and as Special Administrator for the Estate of OSWALD F. SUOJA, Deceased,<br><br>        Plaintiff,<br>  v.<br><br>OWENS-ILLINOIS, INC.,<br><br>        Defendant. | Case No. 99-cv-0475 |

## OWENS-ILLINOIS, INC.'S
## MOTION TO ENFORCE THE SETTLEMENT AGREEMENT

Owens-Illinois, Inc. ("Owens-Illinois") requests an order dismissing this action with prejudice and enforcing a December 18, 2014 settlement agreement between Plaintiff and Owens-Illinois. Concurrently, Owens-Illinois has filed a Motion to Seal the Unredacted Settlement Exhibits (ECF No. 47) and, if necessary, requests a hearing with the deceased's lineal heirs and attorneys to resolve any issues related to the settlement.

### INTRODUCTION

On December 18, 2014, Plaintiff and Owens-Illinois settled this wrongful death action through their attorneys as agents and officers of the legal system. After extensive back-and-forth negotiations, they exchanged written emails confirming the settlement between Plaintiff and Owens-Illinois. Indeed, Plaintiff's attorney confirmed the settlement agreement twice in writing and included the unequivocal — "We accept" — on behalf of his clients. Owens-Illinois requests that the Court enforce the settlement agreement.

## BACKGROUND

More than 15 years ago, Delores Suoja filed this wrongful death action against Owens-Illinois on behalf of her deceased husband, Oswald Suoja. Pls.' Compl., ECF No 2. After a rule to show cause, Gary Souja was "appointed Special Administrator solely for the purposes of pursing the above lawsuit" in 2009 because Mrs. Suoja had passed away six years earlier in 2003. Order 1-2, Feb. 13, 2009, attached as Ex. A; Order 1, Mar. 3, 2009, attached as Ex. B.[1] In MDL 875, the parties conducted coordinated mediation and pretrial proceedings, among the more than 5,000 other asbestos personal injury cases filed by Plaintiff's attorneys.

Since 1999, moreover, the attorneys for Plaintiff and Owens-Illinois engaged in repeated settlement negotiations regarding this case and others filed by Plaintiff's attorneys. Most recently, Michael Cascino, an attorney for Plaintiff, and Edward Casmere, an attorney for Owens-Illinois, undertook detailed and protracted settlement negotiations. After numerous separate negotiations, over a period of months in late 2014, Mr. Cascino and Mr. Casmere made an agreement on behalf of their clients to resolve this case on December 18, 2014.

On December 18, 2014, after a call during which Mr. Cascino and Mr. Casmere agreed to settle the case, Mr. Casmere wrote the following email to Mr. Cascino:

---

[1] The Public Records of the Wisconsin Circuit Courts (WCCA), however, show an order discharging the special administrator of the Estate of Oswald Suoja on January 2, 2007, and disposing of the probate case on January 2, 2007. *In the Estate of Oswald Suoja*, No. 2002PR000054 (Cir. Ct. Douglas Cty., Wis. filed April 29, 2002), *available at* wcca.wicourts.gov (last accessed Jan. 12, 2014). If a hearing is necessary, the attorney of record in the probate case may be required.

> Please allow this email to confirm the settlement of the Viola and Suoja cases for a total of $███.
>
> With respect to the other cases we discussed, I could resolve Crider and Connell for a total of $███ if you'd like.
>
> Please confirm ASAP so I can get the paper work started. Best regards,

Ex. C (redacted version); *see also* Mot. Seal at Ex. A (unredacted version).[2]

Later that day, Mr. Cascino wrote back to Mr. Casmere and confirmed their settlement agreement:

> We accept the $███ on Viola and Suoja[.] Have a great holiday[.] Thanks.

*Id.* When Mr. Casmere followed up and asked about the two other cases, Mr. Cascino wrote back and again confirmed the settlement of this case: "Just the 2 mesos [the Viola and Suoja cases] thanks." *Id.*

Following this written settlement agreement between Plaintiff and Owens-Illinois, Owens-Illinois issued a check for the settlement amount payable to Mr. Cascino's firm in trust for its clients, and forwarded a release based on the custom and practice of settlements with Plaintiff's attorneys. Ex. D (redacted version); *see also* Mot. Seal at Ex. B (unredacted version).

Yet, despite making the oral settlement offer and confirming the settlement agreement in writing twice on behalf of Plaintiff, Mr. Cascino wrote to Mr. Casmere on December 19, 2014 that, "The family voted no. The rep is a lawyer as I told you

---

[2] The unredacted emails have been filed with the Motion to Seal the Unredacted Settlement Exhibits (ECF No. 47). Should the Court require additional information, however, Owens-Illinois will present any documents, testimony, or other evidence which the Court may require during the hearing.

previously. They said no. I presume we can go thru the Viola settlement. Thanks." Ex. E (redacted version); *see also* Mot. Seal at Ex. C (unredacted version). After receiving the settlement releases and several emails from Mr. Casmere, Mr. Cascino has become nonresponsive and Owens-Illinois has not yet received an executed release. *Id.*; *see also* Ex. D (redacted version); Mot. Seal at Ex. B (unredacted version).

At no time has Mr. Cascino claimed that he did not enter into an agreement to settle this case. Nor has he claimed that the settlement amount is inadequate. In fact, quite the opposite is true — these attorneys made a written settlement agreement on behalf their respective clients, Plaintiff and Owens-Illinois, on December 18, 2014.

## ARGUMENT

"Some litigants in pursuing settlement of their claims hold the belief that they can change their mind at any time before they actually sign the settlement agreement. As this case illustrates, that perception is often unfounded in the law." *Pohl v. United Airlines, Inc.*, 213 F.3d 336, 337 (7th Cir. 2000) (affirming district court's enforcement of settlement); *Centrifugal Acquisition Corp. v. Moon*, No. 09-C-327, 2013 WL 352595, at *1 (E.D. Wis. Jan. 29, 2013) (same; granting motion to enforce settlement). The district court has inherent authority to summarily enforce a settlement agreement. *Carr v. Runyan*, 89 F.3d 327, 331 (7th Cir. 1996). When the existence or terms of a settlement agreement are disputed, the district court also may hold an evidentiary hearing to resolve any disputes or ambiguities. *Wilson v. Wilson*, 46 F.3d 660, 664 (7th Cir. 1995). "The exercise of that power is particularly appropriate for a deferential review." *Carr*, 89 F.3d at 331.

Whether an enforceable settlement agreement exists is a question of state law. *Dillard v. Starcon Int'l Inc.*, 483 F.3d 502, 506 (7th Cir. 2007). Under Wisconsin law, a settlement agreement, like any other contract, requires an offer, an acceptance, and consideration. *Centrifugal*, 2013 WL 352595, at *1 (citing *Am. Nat'l Prop. & Cas. Co. v. Nersesian*, 689 N.W.2d 922, 927 (Wis. Ct. App. 2004)). Additionally, Wisconsin has a statute requiring that:

> No agreement, stipulation, or consent between the parties or their attorneys, in respect to the proceedings in an action or special proceeding shall be binding unless made in court or during a proceeding conducted under s. 807.13 or 967.08 and entered in the minutes or recorded by the reporter, or **made in writing and subscribed by the party to be bound thereby or the party's attorney.**

Wis. Stat. § 807.05 (emphasis added).

Here, under Wisconsin law, the email exchange between the attorneys for Plaintiff and Owens-Illinois on December 18, 2014, establishes an enforceable settlement agreement:

- Mr. Casmere's email is clear, "Please allow this email to confirm the settlement of the Viola and Suoja cases for a total of $█████ . . . . Please confirm ASAP so I can get the paper work started."

- Mr. Cascino's email confirmed and agreed that, "We accept the $█████ on Viola and Suoja."

- Mr. Cascino's second email confirmed again their agreement is, "Just the 2 mesos [the Viola and Suoja cases]."

Ex. C (redacted version); *see also* Mot. Seal at Ex. A (unredacted version).

This email exchange was made in writing and subscribed by Plaintiff's attorney, and thus satisfied the § 807.05 requirements. Wis. Stat. § 807.05; *see also* Wis. Stat. §

137.15(3)-(4) (under the Uniform Electronic Transactions Act, electronic records satisfy the § 807.05 requirements); *Centrifugal*, 2013 WL 352595, at *1 (email exchange satisfies the § 807.05 requirements). The email exchange fulfilled "the primary purpose of Wis. Stat. § 807.05, which is to insure that parties have a written record of exactly what they have agreed to in order to avoid the necessity for court trials to determine the parties' intent." *DIRECTV, Inc. v. Borst*, No. 03-C-0274-C, 2006 WL 1308118, at *2 (W.D. Wis. May 9, 2006) (granting motion to enforce settlement); *Centrifugal*, 2013 WL 352595, at *1 (finding § 807.05 is to "'prevent disputes and uncertainties as to what was agreed upon'" (citations omitted)).

Furthermore, Plaintiff's attorney had authority to settle this wrongful death action, as he did, on Plaintiff's behalf. *Balzer v. Weisensel*, 258 Wis. 566, 568, 46 N.W.2d 763 (1951) (enforcing settlement where record showed client had "clothed his attorney with apparent authority to settle a case"); *Krueger v. Herman Mut. Ins. Co.*, 30 Wis. 2d 31, 38, 139 N.W.2d 592, 595 (1966) (enforcing settlement because attorneys' "agreement was complete and final at the time it was made").[3] It was Plaintiff and his attorney that first raised the issue of settlement in fall 2014 and made the offer to Owens-Illinois's attorney on December 18, 2014. Owens-Illinois's attorney accepted the offer and wrote "to

---

[3] *See also Centrifugal*, 2013 WL 352595, at *1 (enforcing settlement where evidence showed attorneys had authority to settle the case); *DIRECTV*, 2006 WL 1308118, at *2 (same). To the extent Plaintiff or his attorneys raise any issue of authority (contrary to the written settlement agreement), Owens-Illinois requests a hearing with the Plaintiff, deceased's lineal heirs, and attorneys to resolve the issue. *See Wilson*, 46 F.3d at 664; *Gliniecki v. Borden*, 444 F. Supp. 619, 622 (E.D. Wisc. 1978) (ordering evidentiary hearing on the issue of authority); *D & D Carpentry, Inc. v. U.S. Bancorp*, 329 Wis. 2d 435, 442, 792 N.W.2d 193, 197 (App. Ct. 2010) ("If a client believes that an attorney has acted without authority to settle a case, it is the client's burden to prove it.").

**confirm** the settlement." Ex. C (redacted version; emphasis added); *see also* Mot. Seal at Ex. A (unredacted version; emphasis added). Later that day, Plaintiff's attorney confirmed their settlement agreement in writing twice and included the explicitly plural words — "**We accept**" — on behalf of himself and his clients. *Id.* (emphasis added).

Accordingly, Plaintiff and Owens-Illinois settled this dispute through their attorneys as their agents. This is not a case where the parties or attorneys disagree about what was agreed on December 18, 2014, or what was written on December 18, 2014. If Plaintiff or the deceased's lineal heirs now feel the "settlement appears by hindsight to have been a bad bargain," that is not enough under Wisconsin law. *Burmeister v. Vondrachek*, 86 Wis. 2d 650, 665, 273 N.W.2d 242 (1979).

To hold otherwise would allow Plaintiff to extract a favorable agreement only to disavow it at will. It would also undermine pretrial settlement, including the avoidance of costly litigation and the conservation of judicial resources. Considered in a broader context, such a ruling could embolden future litigants to negotiate in bad faith, knowing they could simply "walk away" from a settlement agreement that no longer suits them. "But this is civil litigation, and parties are bound to the actions of their chosen agent, even for such an important matter as a settlement." *Elustra v. Mineo*, 595 F.3d 699, 709 (7th Cir. 2010). Because the record is clear that Plaintiff and Owens-Illinois settled this lawsuit in writing, through their attorneys as their agents, the settlement agreement should be enforced.

## **CONCLUSION**

For these reasons, Owens-Illinois, Inc. requests an order dismissing this action with prejudice and enforcing a December 18, 2014 settlement agreement between the attorneys for Plaintiff and Owens-Illinois. If necessary, Owens-Illinois, Inc. further requests a hearing with the deceased's lineal heirs and attorneys to resolve any issues related to the settlement.

Dated: January 12, 2015                Respectfully submitted,

                                                                  By:   /s/ Brian O. Watson
                                                                          Edward Casmere
                                                                          Brian O. Watson
                                                                          Rachel A. Remke
                                                                          Schiff Hardin LLP
                                                                          233 S. Wacker Dr. Suite 6600
                                                                          Chicago, Illinois  60606
                                                                          (312) 258-5500
                                                                          (312) 258-5600 (facsimile)

                                                                          *Attorneys for Defendant*
                                                                          *Owens-Illinois, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on January 12, 2015, these papers were filed with the Clerk of the Court for the United States District Court for the Western District of Wisconsin using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson
Brian O. Watson

15640-0889
CH2\15974274.3