### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF WISCONSIN

GARY SOUJA, Individually and as )
Special Administrator for the Estate )
of OSWALD F. SUOJA, Deceased, )
 )
Plaintiff, )
v. ) Case No. 99-cv-0475
 )
OWENS-ILLINOIS, INC., )
 )
Defendant. )

### OWENS-ILLINOIS, INC.'S
### REPLY IN SUPPORT OF ITS MOTION TO
### ENFORCE THE SETTLEMENT AGREEMENT

Owens-Illinois, Inc. ("Owens-Illinois") submits this Reply in Support of Its

Motion to Enforce the Settlement Agreement (ECF No. 46).

### INTRODUCTION

"Something is rotten in the state of Denmark."[1]  Shakespeare used that phrase

over 400 years ago to articulate Marcellus's prophetic and uneasy feeling in the early

scenes of *Hamlet*.  It is, unfortunately, appropriate here.  Plaintiff and his attorneys do

not dispute that a written settlement agreement was reached.  Plaintiff's attorneys do

not claim that the settlement reached was unfair or unreasonable.  Their position, now,

is that the Cascino Vaughan Law Offices ("CVLO") did not have authority to settle this

matter.  That position is astounding not just because of the months of active back-and-

forth negotiations during the last few months of 2014, or because CVLO has been

negotiating this claim with Owens-Illinois for over a decade, but because of CVLO's

---

[1] William Shakespeare, *Hamlet*, Act. I, scene 4 (1603).

long history and pattern and practice of negotiating with defendants in federal and state court asbestos litigation.

Plaintiff's response presents an incomplete, untested, self-serving, and disputed "timeline of relevant evidence."  Pl.'s Resp. 1, 2, 6 & Exs. 1–2.  Plaintiff offers neither engagement letter(s) with CVLO nor a sworn statement by Mr. Cascino, the CVLO attorney who purportedly acted without authority.  Indeed, given the Plaintiff's and his attorney's new factual and legal positions, this Court and Owens-Illinois will require a new scheduling order that includes limited discovery and an evidentiary hearing.  As Plaintiff's own authority holds, an evidentiary hearing is necessary to decide whether the Plaintiff has satisfied his burden of proof to vacate the settlement agreement.  Based on this limited record, Plaintiff has not offered undisputed evidence — nor has Owens-Illinois had even an opportunity to test this new evidence — on whether CVLO acted without authority when its named partner confirmed the settlement agreement twice in writing and included the unequivocal statement on behalf of its clients, "We accept."

## ARGUMENT

The issue that Plaintiff now chooses to put before this Court is whether CVLO acted without authority in settling this case.  In raising that issue, however, Plaintiff's response misstates the legal standard to vacate a written settlement agreement made by an attorney.[2]  That standard, assuming Wisconsin law applies, requires the client to prove by a preponderance of the evidence to a factfinder, not just present *prima facie*

---

[2] In fact, given the argument Plaintiff now makes, it is not clear which state's law is applicable to this situation.  Discovery is necessary to make that determination.

evidence, that the attorney acted without authority. *Krueger v. Herman Mut. Ins. Co.*, 30 Wis. 2d 31, 36 (Wis. 1966); *D & D Carpentry Inc., v. U.S. Bancorp*, 329 Wis. 2d 435, 445–46 (2010).

Plaintiff has not satisfied his burden.  In fact, Plaintiff does not contest that CVLO and Owens-Illinois's attorneys have repeatedly engaged in authorized settlement negotiations since 1999.  Nor does Plaintiff dispute that, after many separate negotiations, over a period of months in late 2014, Mr. Cascino and counsel for Owens-Illinois made an agreement on behalf of their clients to settle this case on December 18, 2014.  Moreover, Plaintiff does not dispute that Mr. Cascino then confirmed their settlement agreement in writing.  Twice.

Instead, Plaintiff argues that the written settlement agreement should not be enforced because this "case is indistinguishable" from five decisions.  (Pl.'s Resp. 3-6 (citing *D & D Carpentry Inc., v. U.S. Bancorp*, 329 Wis. 2d 435 (2010); *Krueger v. Herman Mut. Ins. Co.*, 30 Wis. 2d 31 (1966); *Fosha v. O'Donnell*, 120 Wis. 336 (1904); *Bradford Exchange v. Trein's Exchange*, 600 F.2d. 99 (7th Cir. 1979); *Smith v. Widman Trucking & Excavating, Inc.*, 627 F.2d 792 (7th Cir. 1980)).  This record is quite distinguishable from those cases, but more importantly, those cases do not hold that "attorney authority and client consent are lacking" here as a matter of law.  Pl.'s Resp. 6.

Plaintiff's case law only holds that a factual finding is required when, as here, a client claims that his attorney acted without authority.[3]  None of those cases ever

---

[3] *D & D Carpentry*, 329 Wis. 2d at 444 (reversing with directions that a factfinder must decide whether attorney had authority); *Bradford Exchange*, 600 F.2d. at 99

suggests that a client and his attorney may obtain a factual finding and avoid a written settlement agreement based on incomplete, untested, self-serving, and disputed evidence.  Indeed, the Supreme Court of Wisconsin in *Krueger* affirmed the trial's court decision to enforce a settlement agreement and dismiss a personal injury case — despite the client's testimony that her attorney lacked authority.  30 Wis. 2d at 594.  In reviewing the testimony from the client and her attorney, the Court held that "the attorney had authority to settle is based upon disputed evidence which the trial court had a right to believe.  The holding is not against the great weight and clear preponderance of the evidence and must be sustained."  *Id.* at 594–95; *accord Balzer v. Weisensel*, 258 Wis. 566, 568 (1951) (enforcing settlement where the evidence showed client had "clothed his attorney with apparent authority to settle a case").

To be sure, Plaintiff's proffered evidence raises more questions than it answers. Pl.'s Resp. 1, 2, 6 & Exs. 1–2.  For example, the probate estate for Oswald Suoja closed on January 2, 2007, and Plaintiff testified under oath that he had completed the assigned duties under Wisconsin law.  *See* Special Admin.-Order Discharge at 1, Jan. 2, 2007, attached as Ex. A; Special Admin.-Pet. Discharge at 1, Dec. 18, 2006, attached as Ex. B; Special Admin.-Order App't Special Admin. at 1, Apr. 29, 2002, attached as Ex. C. Because subject-matter jurisdiction was vested exclusively in Douglas County to authorize a special administrator for the estate, *see* Wis. Stat. § 856.01, Plaintiff's

---

(reversing with directions that a factfinder must decide whether attorney had authority); *Krueger*, 30 Wis. 2d at 594-95 (affirming trial court's findings of fact that attorney had authority); *Fosha*, 120 Wis. at 336 (affirming jury verdict that attorney lacked authority); *Smith*, 627 F.2d at 792 (affirming trial court's findings of fact that local attorney lacked authority where no objections were made in trial court).

authority must have ceased on January 2, 2007, *see* Wis. Stat. § 867.21; s*ee also Estate of*

*Ertl v. Waukesha Mem'l Hosp.*, 348 Wis. 2d 762, 2013 WI App 84 (Wis. Ct. App. 2013)

(affirming summary judgment where plaintiff had no capacity to sue on behalf of the

estate).  Yet, Plaintiff testifies here in his affidavit that, "After the death of my mother, in

2009, I was appointed special administrator of the estate."  Suoja Aff. ¶ 4.[4]

In his affidavit, Plaintiff also testifies that CVLO is the counsel for the "estate

beneficiaries."  *Id.*  But he does not submit the engagement agreements with every

beneficiary, let alone his own engagement agreement with CVLO.  *See id.*  Concerning

the specific issue of CVLO's settlement authority (which assumes that Plaintiff is a

proper special administrator and a properly engaged client of CVLO), Plaintiff testifies

in his affidavit that, "At no time did I give attorney Michael Cascino authority to settle

the case."  *Id.* at ¶ 9.  But there are reported settlements of $137,987.74.  *See* Special

Admin.-Pet. Discharge at 2, Dec. 18, 2006.

Moreover, Plaintiff has provided no testimony at all from Mr. Cascino about his

purportedly unauthorized actions.  Instead, Plaintiff's and Robert McCoy's affidavits

are riddled with hearsay statements by Mr. Cascino.  *Cf. Smith*, 627 F.2d at 797 (finding

the failure to object to hearsay was "fatal to the evidentiary arguments of [appellants] in

this court"); *Bradford*, 600 F.2d at 101–02 (finding appellant had failed to contest

affidavit in trial court).  The settlement of this case was not negotiated in a single day.  It

was, in fact, negotiated over several months (most recently), and over the course of a

_____

[4] Delores Suoja died on April 7, 2003, and not during 2009.  *See* Obituary -
Delores Suoja, *Duluth News Tribune*, *available at* www.duluthnewstribune.com/
content/delores-suoja (last visited Feb. 9, 2015).

decade (historically).  It is therefore unclear what settlement amounts were ever communicated to Plaintiff and when those amounts were communicated.

It also is unclear whether Plaintiff and the other estate beneficiaries have previously indicated to CVLO that a settlement proposal would be acceptable (which again assumes that a proper special administrator and a proper engagement exist).[5] CVLO has always had a "custom and practice" in asbestos settlements to negotiate from a number and then obtain a release.  *See* Hr'g Tr. 11:5-11, *In re Asbestos Prods. Liab. Litig.*, No. 01-MDL-875 (E.D. Pa. Jan. 17, 2013).  CVLO cannot take different position, in different courts, hoping that they can simply walk away from written settlement agreements that no longer suit them.  *See id.*; *In re Asbestos Products Liab. Litig.*, No. 09-CV-61495, 2013 WL 10053002, at *3 (E.D. Pa. Feb. 19, 2013) ("Plaintiff's counsel contends that 'the custom and practice in these cases has always been that once an agreement or a number had been established that the defendant would provide a release within 30 days, and generally paid within 30 to 60 days of a signed release.'" (brackets omitted) (quoting CVLO partner)).

## CONCLUSION

This Court and Owens-Illinois have an unreliable and incomplete evidentiary record.  Although the written settlement agreement involved Mr. Cascino, who is one of

---

[5] *See* SCR 20:1.4(a)(2) cmt. ("lawyer who receives from opposing counsel an offer of settlement in a civil controversy ... must promptly inform the client of its substance unless the client has previously indicated that the proposal will be acceptable or unacceptable or has authorized the lawyer to accept or to reject the offer"); SCR 20:1.2(a) cmt. ("lawyer shall consult with the client as required by Rule 1.4 (a)(2) and may take such action as is impliedly authorized to carry out the representation").

two partners at CVLO, he not provided any testimony at all.  Nor has any engagement letter been provided.  Plaintiff cannot vacate a written settlement agreement by having the individuals with relevant evidence remain silent.  *See D & D Carpentry*, 329 Wis. 2d at 444 (requiring evidentiary hearing and fact finding); *Krueger*, 30 Wis. 2d at 594-95. Owens-Illinois is entitled to test the Plaintiff's new evidence, and any other potentially relevant evidence, on whether CVLO acted without authority.  *See id.*; *see also Pillsbury Co. v. Conboy*, 459 U.S. 248, 259 (1983) ("[T]he right of cross-examination . . . [is] a right traditionally relied upon expansively to test credibility as well as to seek the truth.").

For these reasons, Owens-Illinois, Inc. requests either (1) an order dismissing this action with prejudice and enforcing the December 18, 2014 written settlement agreement between the attorneys for Plaintiff and Owens-Illinois, Inc., or (2) trial continuance and a new scheduling order that includes limited discovery and an evidentiary hearing to decide the motion.

Dated: February 8, 2015

Respectfully submitted,

By:  /s/ Brian O. Watson

Edward Casmere
Brian O. Watson
Rachel A. Remke
Schiff Hardin LLP
233 S. Wacker Dr. Suite 6600
Chicago, Illinois  60606
(312) 258-5500
(312) 258-5600 (facsimile)

*Attorneys for Defendant*
*Owens-Illinois, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that on February 8, 2015, these papers were

filed with the Clerk of the Court for the United States District Court for the Western

District of Wisconsin using the CM/ECF system, which will send notification of such

filing upon all parties who have appeared.

/s/ Brian O. Watson
Brian O. Watson

15640-0889
CH2\16134951.2