IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | Civil Action No.  MDL 875 |
| MORRIS  v. ANCHOR PACKING CO, et al. | E.D. WI No.  94-CV-0216 |
| | Hon. Rudolph T. Randa |

Plaintiff's Response to CBS Corporation's Memorandum In Support of Its Request for Discovery

      Plaintiff responds to CBS Corporation's ("Westinghouse") memorandum in support of its request for discovery prior to trial of the case.  In the Joint Pretrial Status Report the parties agreed certain discovery was proper on remand.  CBS requests in the memorandum this remand court reopen additional discovery prior to trial and allow filing of dispositive motions.

Procedural History of this Case

      In the memorandum to reopen discovery Westinghouse seeks to relitigate issues already been ruled upon by Eastern District of Pennsylvania District Court Judge Eduardo C. Robreno and Magistrate Judge David Strawbridge while this matter was part of the federal Multidistrict Litigation-875 ("the MDL") for asbestos cases.

      While this matter was part of the MDL, Magistrate Judge Strawbridge on September 28, 2011 entered a scheduling order setting deadlines of May 7, 2012 for the close of fact discovery, June 18, 2012 for filing defense expert reports, and July 16, 2012 for the close of expert discovery.  (Ex 10.)  Westinghouse did not file expert reports or participate in fact or expert discovery.

Exhibit 13

Westinghouse did file on November 20, 2012 a dispositive "motion to enforce" an alleged ten year old settlement agreement between the parties and requested as relief the dismissal of the action with prejudice. After the motion to enforce was briefed and orally argued, Judge Robreno entered an order dated March 13, 2013, denying Westinghouse's motion. The district court adopted the Report and Recommendation of U.S. Magistrate Judge David R. Strawbridge, which stated, in relevant part: "We conclude the Wisconsin Statute of limitations precludes CBS's right to enforce the settlement agreement. We further conclude that CBS is not entitled to rely on equitable estoppel to toll the running of the statute of limitations." ([1]Ex. 1; Ex 2 at 7.)

Eight days later on March 12, 2013, Westinghouse filed in the MDL a "Motion to Reopen Discovery," claiming that "its failure to participate in discovery, submit expert reports, and file dispositive motions in this case is the result of excusable neglect." (Ex 3 at 4.) The MDL motion sought essentially the same relief as the disputed discovery matters which Westinghouse seeks on remand. Plaintiff filed an opposition to reopening discovery in the MDL. Magistrate Judge Strawbridge denied Westinghouse's motion in the MDL and entered an order dated April 4, 2013, finding, *inter alia*, no "good cause" existed to reopen the scheduling order for multiple reasons including "we have already rejected [in ruling on the motion to enforce] CBS' contention that it reasonably relied on an unconfirmed ten year old settlement agreement when failing to conduct discovery or in any way move the case forward during the allotted time period." (Ex 4.) Magistrate Judge Strawbridge also found that it would be prejudicial to plaintiff to allow

---

[1] Magistrate Judge Strawbridge was assigned by MDL 875 supervising District Court Judge Robeno to the consolidated Cascino Vaughan Law Offices MDL 875 cases for discovery and pretrial issues.

2

Westinghouse to reopen discovery. Westinghouse did not file any objections to Magistrate Judge Strawbridge's recommended order within the 14-day statutory period. 13 U.S.C. § 636. Thereafter, Judge Robreno adapted Magistrate Strawbridge's recommended order.

On April 11, 2013, Judge Robreno entered a suggestion of remand order which triggered the remand process. The order stated that "All discovery has been completed" and "The Court has adjudicated all outstanding motions, including dispositive motions." (Ex 11 at 1.) Further, Judge Robreno specifically noted that Westinghouse's motion to reopen discovery had been denied, and that "this case is prepared for trial without delay once on the transferor court's docket." (Id. at 1, 2.) Judge Robreno also stated this case is "ready for trial" (Id. at 4.)

Argument

I.  *Discovery on Remand Should Be Limited to Agreed Issues in the Parties' Joint Pretrial Status Report.* .

As discussed above, Westinghouse's motion to reopen discovery for the purpose of identifying its expert witnesses and submitting its expert reports was already fully briefed and denied in the MDL. (Ex. 4.) In seeking a second bite at the apple in front of a new district court, Westinghouse asks this court to disregard the MDL finding that no good cause exists to extend the scheduling order deadlines. To reconsider the MDL rulings defeats the purpose of the consolidated discovery forum provided by the MDL 875 to achieve consistency of rulings. Not only would granting Westinghouse's motion contravene the MDL scheduling and discovery orders in the *Morris* case, it would also set a dangerous precedent for the thousands of MDL cases that will be remanded in the coming years.

3

If this court grants Westinghouse's motion to reopen discovery, other parties would argue that they too are entitled to re-argue motions that were already denied by the MDL court. Remand courts would be flooded by an avalanche of motions seeking to extend MDL scheduling order deadlines and relitigate MDL discovery rulings, hampering the efficiency of the remand courts in providing a trial date and undermining the authority and efficiency of the MDL. In denying a motion to reopen expert discovery after remand of another MDL 875 case of the same plaintiff firm, another remand court commented:

> The entire point of transferring this case to the MDL court was for "consolidated and coordinated pretrial proceedings." As the MDL court's website explains, "[t]he purposes of this transfer or 'centralization' process are to avoid duplication of discovery, to prevent inconsistent pretrial rulings, and to conserve the resources of the parties, their counsel and the judiciary. . . .

 Ex 9 at 4-5.)

The only discovery that should be allowed on remand in this case are those limited issues that the parties agreed upon in their Joint Pretrial Status Report. Specifically, the parties agreed that:

1) Plaintiff Jeanette Morris should be deposed (family member depositions were deferred during MDL-875 discovery);

2) Plaintiff should supplement past discovery responses about possible settlement set-offs and bankruptcy claims;

3) the parties should exchange exhibits to be used at trial; and

4) the parties should exchange final trial witness lists. (Ex. 5 at 3.)

Westinghouse devotes a large section of its brief to reopen discovery to characterize the MDL as a place where motions to extend or reopen discovery were routinely granted. Nothing in

4

that section changes the fact that Judge Robreno already entered an order in this specific case denying Westinghouse's previous request to reopen discovery. Westinghouse also neglects to explain that the discovery extensions which were granted in the MDL were usually unopposed. Here, plaintiff opposed Westinghouse's request to reopen discovery. The history of discovery is reflected by other motions to extend time for expert or fact discovery by plaintiffs which Westinghouse usually opposed. For instance plaintiff was denied leave to supplement a timely field expert report based on recent opposition by Westinghouse and other defendants. (Ex. 12)

II.  *Case-Dispositive Motions In Limine Should Not Be Heard By This Court.*

Westinghouse also argues that this court should entertain dispositive motions in limine, on the grounds that the MDL deferred to the remand courts on such matters. See Westinghouse's motion at 8. Westinghouse's argument misstates the record. The MDL court has repeatedly ruled that all case-dispositive motions must be filed before the MDL court, not on remand.

On October 13, 2011, Magistrate Judge Strawbridge, entered an order in this matter setting a deadline to file dispositive motions of January 6, 2012. (Ex 6.) On February 1, 2012, Judge Strawbridge entered another order in this case in reference to motions in *limine* and to clarify the procedures for filing dispositive and non-dispositive motions. In the February 1, 2012, order Judge Strawbridge stated:

> [a]ll parties are advised that the MDL Court will not consider motions in limine that concern any evidentiary or other trial-related matters. It is the judgment of this Court that those motions will be more appropriately handled in the district courts to which any cases not otherwise disposed of in the MDL will be remanded... Defendants are directed, however, to re-file any motions in limine pertaining to expert witnesses...where the exclusion of evidence from that witness would have a case-dispositive effect, by March 2, 2012... (Ex 7.)

5

The MDL Court required all parties, including Westinghouse, to file any case dispositive motions (including but not limited to motions in limine that have a case-dispositive effect) before the MDL, not before the district court on remand.

In an effort to further clarify the procedures for filing case dispositive motions, on July 17, 2012 Judge Strawbridge entered an order which stated:

> nothing in this Order should be construed to limit or in any way affect the right of parties to file case dispositive motions, ... where the exclusion of the evidence would have a case dispositive effect, as a motion for summary judgment. (Ex 8.)

Judge Strawbridge further ordered "any party who believes that any particular case presents a *limine* issue that would have a **case dispositive effect**, must present such issue to the Court as a motion for summary judgment." (Ex 8.) [emphasis added]

Accordingly, motions that have a case dispositive effect were required to be filed in the MDL court prior to remand (plaintiff agrees that non-dispositive motions in limine which are not case dispositive were reserved for filing and consideration by the remand court). To the extent that Westinghouse seeks to file a case dispositive motion captioned as a motion in *limine,* that motion should be stricken as untimely.

A similar position was taken by the remand defendants in the *Bushmaker v. A.W. Chesterton, et. al.*, (Case No. 09-CV-726 slc) case for the purpose of filing case-dispositive motions (in the context of Daubert challenges). The Magistrate Judge assigned by agreement to that case on remand ruled that only non-dispositive motions were proper on remand. (Ex. 9 at 4, 5.)

6

Finally, Westinghouse acknowledged and already agreed that only non-dispositive motions are proper on remand in the Joint Pretrial Status Report. The Joint Report stated that the parties will "[f]ile and resolve non-dispositive motions in limine that were not part of the scheduling order of the MDL court." (Ex. 5 at 4.) To the extent Westinghouse now contends in the brief that dispositive motions may properly be filed in the remand court, such a contention has been waived by the position of Westinghouse in the pretrial report.

Conclusion

For each of the reasons stated above, plaintiff requests that this court enter an order: (1) denying defendant CBS Corporation's motion to reopen discovery except as agreed upon by the parties in the Joint Pretrial Status Report; and (2) stating no case-dispositive motions will be permitted; and (3) setting a trial date for this matter at the court's earliest convenience.

Dated: July 9, 2013

/s/ Robert G. McCoy
Attorney for plaintiff

Robert G. McCoy, WI SBN 1054014
Jin-Ho Chung
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, Illinois 60607
(312) 944-0600