IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GARY SUOJA, individually and as
special administrator for the estate
of Oswald F. Suoja,

                                                             ORDER

                 Plaintiff,

                                                         99-cv-475-bbc

     v.

OWENS-ILLINOIS, INC.,

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Gary Suoja is suing defendant Owens-Illinois, Inc. for injuries caused by asbestos exposure. Trial is scheduled for August 3, 2015. Now before the court is defendant's motion to "enforce the settlement agreement" that defendant says it entered into with plaintiff on December 18, 2014 to resolve all of plaintiff's claims against defendant. Dkt. #46. Defendant does not say how it wants the court to "enforce" the agreement, but it asks the court to dismiss the lawsuit, so I am construing the motion as one to dismiss on the ground that there is no longer an actual controversy between the parties. Deposit Guaranty National Bank, Jackson, Mississippi v. Roper, 445 U.S. 326, 332 (1980) ("Should these substantive claims become moot in the Art. III sense, by settlement of all personal claims for example, the court retains no jurisdiction over the controversy of the individual plaintiffs."). Also before the court is plaintiff's motion to file a surreply brief in opposition

to defendant's motion, dkt. #62, but I am denying plaintiff's motion as unnecessary because I did not need to consider the surreply brief.

The parties never filed a stipulation of dismissal or otherwise notified the court that they had settled, but plaintiff does not deny that one of his lawyers, Michael Cascino, agreed to the settlement verbally and in an email. However, plaintiff says that he did not authorize the settlement and does not agree that the settlement is binding. In particular, plaintiff submitted a declaration in which he avers that, on both December 16, 2014 and December 18, 2014, he told one of his other lawyers, Robert McCoy, not to accept the settlement offer at issue. Dkt. #53-1, ¶¶ 6-7. In McCoy's declaration, he avers that, on December 16, 2014 and December 18, 2014, he "communicated to Michael Cascino that Gary Suoja had directed not to settle the case." Dkt. #53-2, ¶¶ 7 and 9.

The parties agree that, if a lawyer accepts a settlement offer without client authorization, the settlement is not valid. D & D Carpentry, Inc. v. U.S. Bancorp, 2010 WI App 122, ¶ 8, 329 Wis. 2d 435, 441, 792 N.W.2d 193, 197 ("[A]n attorney has no authority to enter into a binding settlement agreement without his or her client's consent."); Bradford Exchange v. Trein's Exchange, 600 F.2d 99, 102 (7th Cir. 1979) ("An attorney may not consent to a final disposition of his client's case without express authority."). Although defendant uses the phrase "assuming Wisconsin law applies," Dft.'s Rep. Br., dkt. #59, at 2, suggesting that it is not conceding the issue, defendant gives no reason to believe that another state's law might apply or that the standard varies in other jurisdictions.

Defendant questions the declarations that plaintiff submitted, but it has not

2

submitted any contrary evidence. Further, defendant does not identify any reason why plaintiff would have changed his mind immediately after allegedly accepting the agreement. (It is undisputed that plaintiff's counsel told defendant's counsel on the morning of December 19, 2014, that plaintiff did not accept the settlement offer. Dkt. #50.) Thus, at this point, the undisputed evidence shows that counsel did not have authorization to settle the case.

Defendant asks the court to hold an evidentiary hearing, but it cites no authority for the view that it is entitled to go on a fishing expedition when it has no evidence to support its position. Carroll v. Lynch, 698 F.3d 561, 564-65 (7th Cir. 2012) ("[N]othing requires the district court to disbelieve [a party's] proffered evidence simply because [another party]—without proof—asserts it is false. Indeed, the law requires just the opposite: [a party] cannot rest on 'metaphysical doubt' that [a witness] lied but must produce evidence so showing."). Although I understand defendant's frustration with the loss of what it believed was a resolution of a long and difficult case, without any evidence undermining plaintiff's declaration testimony, the case must proceed. If defendant wishes to pursue this issue, it may conduct its own discovery.

The scheduling order adopted by Magistrate Judge Stephen Crocker does not include a discovery deadline, dkt. ##18 and 20, so it is not clear whether the parties are still conducting discovery. If not, defendant may ask Magistrate Judge Crocker to amend the scheduling order to allow limited, targeted discovery on this one issue. However, because the trial date is still five months away, it would be premature to postpone the trial now.

3

Finally, I note that defendant raises new issues in its reply brief. For example, defendant seems to question whether plaintiff is the proper representative of the estate and whether plaintiff is "a properly engaged client" of the law firm representing him, Dft.'s Rep. Br., dkt. #59, at 5. I am disregarding these issues because they are outside the scope of defendant's motion. Regardless how the issues defendant raises might be resolved, they would not show that defendant had obtained an enforceable settlement agreement. If defendant believes that plaintiff is not a proper party, it must raise that issue in a separate motion.

ORDER

IT IS ORDERED that

1. Defendant Owens-Illinois, Inc.'s "motion to enforce the settlement agreement," dkt. #46, is DENIED.

2. Plaintiff Gary Suoja's motion for leave to file a surreply brief, dkt. #62, is DENIED as unnecessary.

Entered this 3d day of March, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge