IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| GARY SOUJA, Individually and as Special Administrator for the Estate of OSWALD F. SUOJA, Deceased, <br><br>   Plaintiff, <br><br> v. <br><br> OWENS-ILLINOIS, INC., <br><br>   Defendant. | Case No. 99-cv-0475 |
| BARBARA CONNELL, Individually and as Special Administrator for the Estate of DANIEL CONNELL, Deceased, <br><br>   Plaintiff, <br><br> v. <br><br> OWENS-ILLINOIS, INC., <br><br>   Defendant. | Case No. 05-cv-00219 |

**OWENS-ILLINOIS, INC.'S
REPLY IN SUPPORT OF ITS MOTION TO BAR
THE "ANY EXPOSURE" CAUSATION OPINION**

Owens-Illinois, Inc. ("Owens-Illinois") submits this Reply in Support of Its Motion to Bar the "Any Exposure" Causation Opinion.

**Argument**

Plaintiffs' two-page response misses the point, misconstrues Owens-Illinois's motion, and mischaracterizes the orders barring the causation testimony at issue. The issue is not whether the words "each and every exposure" or "any exposure" can be uttered at trial by the Plaintiffs' experts. Owens-Illinois's motion, and the cited orders

excluding the causation opinions by Plaintiffs' experts, focuses on the *basis* for their opinions. That basis — indeed, the only disclosed basis — for their causation opinions fails the standards under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

Whatever the alleged exposure — as long as there is one — is always enough for Plaintiffs' experts to give a causation opinion that the exposure caused Plaintiffs' disease. Def.'s Mot. 2-4. In fact, Plaintiffs' experts have, and always will, reach this conclusion because they embrace a theory that "any" or "each and every" (or any other permeation of "more than zero" they can think of) is a substantial factor in causing the Plaintiffs' disease. *Id.* at 2 n.2. This unreliable, irrelevant causation opinion is what this Court and more than thirty other courts, since 2005, have been required to exclude in their gatekeeping role. *Id.* at 9-17 (collecting cases).

"It is implausible to suggest, post-*Daubert*, that parties will initially present less than their best expert evidence in the expectation of a second chance should their first try fail." *Weisgram v. Marley Co.*, 528 U.S. 440, 455 (2000). Plaintiffs were on notice every step of the way that Owens-Illinois would challenge their causation experts, but they made no attempt to disclose admissible testimony.[1] Because Plaintiffs' experts have

---

[1] Plaintiffs' attorneys and experts were involved in *Krik v. Crane Co.*, --- F. Supp. 3d ----, 2014 WL 7330901 (N.D. Ill. Dec. 22, 2014). Plaintiffs' attorneys also "supplemented" this record with the same expert unreliable, irrelevant causation opinions from Drs. Frank, Anderson, and Brody. *See* Case No. 3:99-cv-00475-bbc, ECF No. 22; No. 3:05-cv-00219-bbc, ECF No. 24. Furthermore, the MDL 875 court has consistently ruled that *Daubert* challenges are more appropriate for the trial court. *E.g.*, *Ellis v. Pneumo Abex Corp.*, 2013 WL 1099027 (E.D. Pa. Jan. 3, 2013); *Bouchard v. CBS Corp.*, No. 11–66270, 2012 WL 5462612 (E.D. Pa. Oct. 2, 2012).

disclosed no proper basis for their causation opinion, they should be barred from giving any causation opinions at all.  Fed. R. Civ. P. 37; *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir.1998) (citation omitted).

The notion that the Plaintiffs' counsel may cloak the wolf (the "any exposure" opinion) in sheep's clothing (some undisclosed "hypothetical" asking their experts to assume an exposure of more than a single fiber) does not change the unreliable basis for their answer or opinion.  Their answer or opinion will *always* be one of causation as long as there is *any* exposure.  That is, in fact, the entire point of their opinion — it can be used to implicate whatever defendant, from whatever product, in whatever amount, hypothetically remains at trial.

To be sure, Plaintiffs cannot simply present a new, undisclosed "hypothetical" opinion against Owens-Illinois for the first time at trial.  Pls.' Resp. 2 n.1.  Expert reports "must include the substance of the testimony which an expert is expected to give on direct examination together with the reasons therefor," including the "'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinions." *Salgado*, 150 F.3d at 742 n.6 (citation omitted). In their reports, however, Plaintiffs' experts do not mention Owens-Illinois or its products, let alone any facts or data about the exposure Plaintiffs actually sustained from any defendants' products at all.  Indeed, as their expert reports and testimony show, the causation opinion from Plaintiffs' experts is based entirely on the unreliable, irrelevant theory that "any" or "each and every" exposure is enough.  Def.'s Mot. 2-4.

This issue is not mere word mincing. More than thirty courts since 2005, including the *Krik* decision last year with plaintiffs' counsel and experts, have made clear that a proper causation opinion requires an "individualized analysis" of the plaintiffs' asbestos exposure. *E.g.*, *Krik v. Crane Co.*, --- F. Supp. 3d ----, 2014 WL 7330901, at *5 (N.D. Ill. Dec. 22, 2014) (citing *Schultz v. Akzo Nobel Paints, LLC*, 721 F.3d 426 (7th Cir. 2013)); *Comardelle v. Pennsylvania Gen. Ins.*, --- F. Supp. 3d ----, 2015 WL 64279 (E.D. La. Jan. 5, 2015); *Davidson v. Georgia Pacific LLC*, 2014 WL 3510268 (W.D. La. Jul. 14, 2014); *Smith v. Ford Motor Co.*, 2013 WL 214378 (D. Utah Jan. 18, 2013); *Anderson v. Ford Motor Co.*, 950 F. Supp. 2d 1217 (D. Utah 2013). None of Plaintiffs' experts, however, has the facts or data about "when, how much, or how often" Plaintiffs were actually exposed to asbestos from Owens-Illinois products or any other defendants' product. *Schultz*, 721 F.3d at 435. "This is not an acceptable approach for a causation expert to take." *Krik*, 2014 WL 7330901, at *4 (citing *Schultz*, 721 F.3d at 435).

## Conclusion

The "any exposure" theory of causation and any opinions based on that theory — including all causation opinions offered by Plaintiffs' experts, Drs. Frank, Anderson, and Brody — are not relevant or helpful, are not scientifically reliable, and are substantially outweighed by the danger of unfair prejudice, as well as being confusing, and presenting a danger of misleading the jury. Because Plaintiffs and their experts fail to offer anything in response, or even contest Owens-Illinois's arguments at all, Plaintiffs have not sustained their burden. *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir. 2009). For these reasons, Owens-Illinois's motion should be granted.

- 5 -

Dated: March 6, 2015        Respectfully submitted,

                              By: /s/ Brian O. Watson
                                   Edward Casmere
                                   Brian O. Watson
                                   Rachel A. Remke
                                   Schiff Hardin LLP
                                   233 S. Wacker Dr. Suite 6600
                                   Chicago, Illinois 60606
                                   (312) 258-5500
                                   (312) 258-5600 (facsimile)

                                   *Attorneys for Defendant*
                                   *Owens-Illinois, Inc.*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on March 6, 2015, these papers were filed with the Clerk of the Court for the United States District Court for the Western District of Wisconsin using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson
Brian O. Watson

15640-0889
CH2\16234644.2