**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

GARY SOUJA, Individually and as   )
Special Administrator for the Estate   )
of OSWALD F. SUOJA, Deceased,   )
      )
      Plaintiff,   )
      v.   )   Case No. 99-cv-0475
      )
OWENS-ILLINOIS, INC.,   )
      )
      Defendant.   )

**OWENS-ILLINOIS, INC.'S
MOTION TO AMEND THE SCHEDULING ORDER**

Owens-Illinois, Inc. ("Owens-Illinois"), pursuant to Federal Rules of Civil Procedure 1 and 16(b)(4) and the Court's Order of March 4, 2015 (ECF No. 67), requests an amended scheduling order to allow Owens-Illinois to complete discovery of newly disclosed material facts and file any appropriate dispositive motions at the close of discovery.

## BACKGROUND

Oswald Suoja died in 1996.  Despite that fact, in August 1999, Plaintiff's counsel filed this lawsuit in the name of Oswald Suoja and not the Estate.  Pls.' Compl. 1, ECF No. 2.  Plaintiff's counsel asserted that Oswald Suoja had contracted cancer from exposure to asbestos from an Owens-Illinois insulation product while working at Badger Ordinance in Baraboo, Wisconsin.  *Id.* at Ex. B.

Nine years later, on the basis that Oswald Suoja's son, Gary, was the proper representative of the Estate, Plaintiff's counsel asked the federal court overseeing the asbestos litigation in MDL 875 to amend the complaint pursuant to Federal Rule of Civil

Procedure 25(a) and substitute Gary Suoja as the named plaintiff and special administrator.  Pl.'s Mot. 1, ECF No. 9.

Gary Suoja is a corporate lawyer in Washington State.  Pl.'s First Resp. Standard Interrogs., No. 2(c), attached as **Ex. A**; Pl.'s First Verified Resp. Standard Interrogs., No. 2(c), attached as **Ex. B**; Pl.'s Suppl. Resp. Standard Interrogs., No. 2(c), attached as **Ex. C**.  Over the course of the next five years, after he was substituted as the Plaintiff in this case, Gary Suoja signed statements attesting that he was the special administrator of the Estate.  *Id.*  Pursuant to the MDL 875 administrative orders, Gary Suoja and Plaintiff's counsel also verified on multiple occasions that there was no prior lawsuit arising out of Oswald Suoja's alleged exposure to asbestos.  *Id.* at No. 14; *see also* Admin. Order 12 at ¶ 2, attached as **Ex. D;** Pl.'s Report at ¶¶ 1, 2, attached as **Ex. E**. Believing these representations to be true, Owens-Illinois continued to litigate this case.

Then, in December 2014, on the basis of Plaintiff's counsel's representation that the Estate had approved a settlement and the parties had "accepted," Owens-Illinois settled this case in writing.  Mot. Enforce at Exs. C & E, ECF No. 46-3.  One day after the parties "accepted" the settlement in writing, Plaintiff's counsel reneged.  *Id.*  Despite prior assurances that he would not enter into a settlement without authority, Plaintiff's counsel claimed the family never approved the settlement.  *Id.*

Based on the earlier representation that the Estate had approved the settlement and written settlement, Owens-Illinois filed a motion to enforce the settlement and dismiss the lawsuit.  Mot. Enforce, ECF No. 46.  Gary Suoja opposed the motion and

filed affidavits asserting that he had explicitly told his lawyers not to settle, but they did so anyway.  Pl.'s Br. Opp'n, ECF No. 53.

In a late surreply to Owens-Illinois's motion, Gary Suoja and his lawyers also identified that, in 1997, through the same lawyers who filed this lawsuit, the Estate of Oswald Suoja had pursued a prior Wisconsin state court wrongful death lawsuit for damages arising out of his alleged exposure to asbestos.  Pl.'s Surreply at 1, ECF No. 62-1.  It appears that the wrongful death action was resolved by a final judgment on the merits in December 1999.  *Id.* at Ex. 2, ECF No. 62-3.

Furthermore, as it turns out, the Circuit Court of Wisconsin appointed Gary Suoja as special administrator of the Estate for the purpose of pursuing a lawsuit in 2002.  Order App't Special Admin. at 1, attached as **Ex. F**.  But in 2007 — during the pendency of this lawsuit, and a year before he asked to be substituted as Plaintiff — Gary Suoja and the lawyers who represent him filed papers with the probate court attesting that he had completed his duties under Wisconsin law and requested that he be discharged as special administrator.[1]   Pet. Discharge at 1, attached as **Ex. G**; Order Discharge at 1, attached as **Ex. H**.  These facts also were not disclosed until Owens-Illinois investigated the circumstances surrounding the settlement of this case.

After reviewing the untested affidavits from Gary Suoja and Plaintiff's counsel, this Court concluded that the record was too sparse to allow Owens-Illinois's motion.

---

[1] Since the state court wrongful death case was dismissed pursuant to final judgment in 1999, the action for wrongful death belonged only to Delores Suoja, and Gary Suoja was not appointed special administrator until 2002, is there yet another undisclosed lawsuit or were Gary Suoja and his lawyers certifying that all the issues in this case had been resolved when they closed the estate?

Order 1-4, ECF No. 67.  But this Court also recognized that it would be appropriate to allow Owens-Illinois an opportunity to investigate these late-disclosed material facts and address their potential impact.  *Id.* at 3-4.

Because the facts disclosed during the briefing on Owens-Illinois's motion may have a material effect on both the parties' and the Court's ability to proceed with this litigation at all, Owens-Illinois requests that the Court exercise its authority under Federal Rules of Civil Procedure 1 and 16(b)(4) to amend the scheduling order to allow Owens-Illinois to conduct discovery regarding:

1. The circumstances of the settlement between Plaintiff, his counsel, and Owens-Illinois;

2. Gary Suoja's capacity as special administrator of Oswald Suoja's Estate; and

3. The circumstances of the Estate's prior state court wrongful death action.

Owens-Illinois also requests that the amended scheduling order provide an opportunity for it file any dispositive motions related to these issues that may be appropriate.

## ARGUMENT

This Court has broad authority to administer litigation to ensure the just resolution of issues before it.  Fed. R. Civ. P. 1; *see also Vance v. Rumsfeld*, 653 F.3d 591, 608 (7th Cir. 2011); *Sun v. Bd. of Trustees of Univ. of Ill.*, 473 F.3d 799, 811-12 (7th Cir. 2007); *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 759-60 (7th Cir. 2004); *Rice v. City of Chicago*, 333 F.3d 789, 785 (7th Cir. 2003).   Accordingly, Federal Rule of Civil Procedure 16 authorizes this Court to amend its scheduling orders if there is good cause for doing

so.  Fed. R. Civ. P. 16(b)(4); *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005).

## I.     There Is Good Cause to Amend the Scheduling Order.

Whether there is good cause to amend a scheduling order depends primarily on "the diligence of the party seeking amendment." *Trustmark Ins. Co.*, 424 F.3d at 553 (marks and citation omitted).  Owens-Illinois meets this standard.  These facts and circumstances were disclosed piecemeal over the last two months.

Before last month, these facts were concealed by Gary Suoja and Plaintiff's counsel's representations that a different set of circumstances existed.  Consequently, Owens-Illinois could not have a reasonable opportunity to complete discovery before the current scheduling order deadlines expired.   Text Order at 1, ECF No. 20; Scheduling Order at 3, ECF No. 17.

Additionally, Gary Suoja and Plaintiff's counsel's misrepresentations and delays in disclosing material facts establish "'good cause' for the extension of the deadlines set by the Court's amended scheduling order."  *United States v. Approximately $7,400 in U.S. Currency*, 274 F.R.D. 646, 648 (E.D. Wis. 2011).  Thus, as this Court acknowledged last week, extending the scheduling order to allow Owens-Illinois to address these issues would be appropriate.  Order 3-4, ECF No. 67.

## II.    Further Discovery Will Aid Just Determination of Issues Before this Court.

Moreover, the facts disclosed by Gary Suoja and Plaintiff's counsel are material to the parties' and the Court's ability to pursue this litigation at all.  Thus, even if the late disclosures were not sufficient to establish good cause for amending the scheduling

order, the material effect of the misrepresentations on the Court's ability to reach a just determination of the issues does constitute good cause.

**A.   Whether Plaintiff Is a Properly Appointed Special Administrator Affects His Capacity to Pursue this Action.**

The ability to bring this case to a final resolution — whether by settlement or judgment — may rest on Gary Suoja's capacity as special administrator for the Estate. Fed. R. Civ. P. 17(b); Fed. R. Civ. P. 12(c); Order at 3, ECF No. 67.  A federal court does not have authority to appoint administrators to pursue claims on behalf of an estate. *See, e.g., Estate of Johnson v. Vill. of Libertyville*, 1986 WL 5758, at *1 (N.D. Ill. May 13, 1986), *aff'd*, 819 F.2d 174 (7th Cir. 1987).[2]  Accordingly, Federal Rule of Civil Procedure 25(a) requires that the person seeking to substitute as a plaintiff be the legally authorized successor or representative of the estate.  Fed. R. Civ. P. 25(a); *Atkins v. City of Chicago*, 547 F.3d 869, 872 (7th Cir. 2008).

As this Court's order recognized, Gary Suoja's lack of capacity may be dispositive not only of the whether a binding settlement could have been entered, but also whether there is a valid action at all.  Order at 4, ECF No. 67.  No one had a right to bring this wrongful death action, except the proper representative of the deceased.  Wis.

_____

[2] *Hassanati v. Int'l Lease Fin. Corp.*, --- F. Supp. 2d ----, 2014 WL 5032354, at *6-7 (C.D. Cal. 2014) (citing *In re Yasmin and Yaz (Drospirenone) Mktg., Sales Practices & Relevant Prods. Liab. Litig.*, 2010 WL 4608609, at *1 (S.D. Ill. Nov. 4, 2010); *Sequoia Prop. & Equip. Ltd. P'ship v. United States*, 2002 WL 32388132, at *3 (E.D. Cal. June 3, 2002) *Wilson v. Sundstrand Corp.*, 99 C 6946, 2002 WL 99745, at *4 (N.D. Ill. Jan. 25, 2002); *Jones v. Harper*, 55 F. Supp. 2d 530, 533 (S.D.W. Va.1999); *Coleman v. McLaren*, 590 F. Supp. 38, 39 (N.D. Ill. 1984)); *White v. United States*, 2013 WL 6004159, at *3-4 (D. Ariz. Nov. 13, 2013); *see also Rice v. Rice Foundation*, 610 F.2d 471, 474 (7th Cir. 1979) (recognizing the "judicially created exception [to federal diversity jurisdiction] which places matters of probate and estate administration outside the power of the federal courts").

Stat. § 895.04; *see also Estate of Ertl v. Waukesha Mem'l Hosp.*, 348 Wis. 2d 762, 2013 WL 1810752 (Wis. Ct. App. 2013) (affirming summary judgment because plaintiff lacked capacity); *Schilling v. Chi., N. Shore & Milwaukee R. Co.*, 245 Wis. 173, 13 N.W.2d 594 (1944) (same). Unfortunately, these issues are not isolated with Plaintiff's counsel.[3]

### B.   Whether Plaintiff Authorized Settlement Is a Dispositive Issue.

Additionally, whether Wisconsin law applies to the written settlement agreement in this case, whether Gary Suoja is the proper party to authorize settlement, what authority Plaintiff's counsel had to resolve this case, and whether any such authority was effectively withdrawn before the written settlement agreement was reached are undetermined and undiscovered questions.

By seeking to nullify the settlement agreement on the argument that Plaintiff's counsel acted without authority and contrary to its instructions and ethical obligations at the time of the settlement, Gary Suoja has created significant questions regarding material issues of fact. *D & D Carpentry Inc., v. U.S. Bancorp*, 329 Wis. 2d 435, 445–46 (Wis. 2010) (lack of authority is a fact issue); *Krueger v. Herman Mut. Ins. Co.*, 30 Wis. 2d 31, 36 (Wis. 1966) (same); *Balzer v. Weisensel*, 258 Wis. 566, 568, 46 N.W.2d 763 (Wis. 1951) (same); *Fosha v. O'Donnell*, 120 Wis. 336 (1904) (same). Owens-Illinois is therefore

---

[3] *Delsart v. Albany Felt Co.*, 2012 WI App 132, ¶ 15 (Wis. Ct. App. 2012) (affirming summary judgment, and finding "This case has reached a point where allowing Delsart to continue papering over fatal flaws in his case would deprive the defendants of their right to a fair judicial process. In fact, the circumstances of this case lead the Court to conclude that Delsart's actions cannot even rise to the level of excusable neglect."); *see also* Mot. Sum. J., *Zickert v. Bayer Crop Sci. Inc. et al.*, No. 3:13-cv-00250-wmc, ECF No. 33 (W.D. Wis. filed Dec. 4, 2014); Mot. Sum. J., *Heckel v. 3M Co. et al.*, No. 3:13-cv-00459-wmc, ECF No. 34 (W.D. Wis. filed Dec. 4, 2014).

entitled to discovery on these issues.  Fed. R. Civ. P. 26(b); Fed. R. Civ. P. 38(b); Order at 3, ECF No. 67.

C.   **The Circumstances of the Previously Undisclosed State Court Lawsuit May Disclose Material Facts Affecting the Resolutions of this Case.**

There is no question that Gary Suoja and Plaintiff's counsel withheld from Owens-Illinois material information that they had an obligation to disclose.  The MDL 875 court ordered that "plaintiff shall identify *each and every prior or pending court* or administrative action brought with the intent of satisfying in whole or in part, the damages sustained by the plaintiffs' alleged asbestos-related personal injury.  In each such instance, Plaintiffs must identify each prior or pending claim, the parties involved, and the result."   Admin. Order 12 at ¶ 2, attached as **Ex. D** (emphasis added).   The purpose of this order was "to avoid unnecessary burdens on defendants by requiring plaintiffs to provide certain medical and exposure information at the outset of the case," and resulted in dismissals for "plaintiffs who fail to comply with the requirements set forth."   *In re Asbestos Products Liab. Litig. (No. VI)*, 718 F.3d 236, 240 (3d Cir. 2013) (affirming sanctions and dismissals against CVLO clients).

The MDL 875 court also ordered Plaintiff to answer a set of standard interrogatories without any objections on behalf of the Estate. Order at ¶¶ 5-6, Oct. 5, 2010, *available at* www.paed.uscourts.gov/mdl875r.asp (last visited Mar. 7, 2015); Order at ¶ 1, Nov. 15, 2010, *available at* www.paed.uscourts.gov/mdl875r.asp (last visited Mar. 7, 2015).  In these interrogatories, Plaintiff was ordered to identify "whether you have ever filed a lawsuit for personal injury . . . , and if so, state the title, the court or claim

number, and the reason for each lawsuit or claim, and the disposition of each lawsuit or claim." Pl.'s First Resp. Standard Interrogs., No. 14, attached as **Ex. A**; Pl.'s First Verified Resp. Standard Interrogs., No. 14, attached as **Ex. B**; Pl.'s Suppl. Resp. Standard Interrogs., No. 14, attached as **Ex. C**. Plaintiff was ordered to identify any statements about the alleged exposure or complaint. *Id.* at No. 29. But Gary Suoja and Plaintiff's counsel did not identify the Estate's previous state court lawsuit at all, let alone any statements (e.g., interrogatory answers, requests to admit, depositions) from the discovery they had conducted for two years. *Id.* at Nos. 14, 29.

Contrary to the MDL 875 court orders and Gary Suoja and his attorneys' obligations, they did not identify the prior state court lawsuit the Estate had litigated for two years. Admin. Order 12 at ¶ 2, attached as **Ex. D**; Pl.'s Report at ¶ 2, attached as **Ex. E**. Instead, until last month, Gary Suoja and Plaintiff's counsel also repeatedly affirmed that no prior lawsuit existed. Pl.'s First Resp. Standard Interrogs., No. 14, attached as **Ex. A**; Pl.'s First Verified Resp. Standard Interrogs., No. 14, attached as **Ex. B**; Pl.'s Suppl. Resp. Standard Interrogs., No. 14, attached as **Ex. C**. And even after that disclosure, Gary Suoja and his attorneys still have not complied with the obligations placed on them because they have not disclosed the facts related to their prior wrongful death lawsuit.

The concealed previous lawsuit raises potential preclusion or estoppel. If evidence from that case destroyed during the pendency of this lawsuit, other remedies may be appropriate. Owens-Illinois is therefore entitled to complete disclosure and truthful discovery responses, as well as discovery of information that will flow from

Gary Suoja and his attorneys' fulsome disclosure of the Estate's previous wrongful death lawsuit.  Without discovery the Court will not be able to justly determine the issues before it.

## <u>CONCLUSION</u>

For these reasons, Owens-Illinois, Inc. requests an amended scheduling order to allow complete discovery and leave to file any necessary dispositive motion regarding (1) the circumstances of the settlement between Plaintiff, his counsel, and Owens-Illinois; (2) Gary Suoja's capacity as special administrator of Oswald Suoja's Estate; and (3) the circumstances of the Estate's prior state court wrongful death action.  Owens-Illinois also requests that the Court amend the scheduling order to allow it sufficient time after the close of discovery to pursue any appropriate dispositive motions related to the discovery.

Dated: March 13, 2015                    Respectfully submitted,


                                    By:   /s/ Brian O. Watson
                                          Edward Casmere
                                          Brian O. Watson
                                          Rachel A. Remke
                                          Schiff Hardin LLP
                                          233 S. Wacker Dr. Suite 6600
                                          Chicago, Illinois  60606
                                          (312) 258-5500
                                          (312) 258-5600 (facsimile)
                                          *Attorneys for Defendant*
                                          *Owens-Illinois, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that on March 13, 2015, these papers were

filed with the Clerk of the Court for the United States District Court for the Western

District of Wisconsin using the CM/ECF system, which will send notification of such

filing upon all parties who have appeared.

/s/ Brian O. Watson
Brian O. Watson

15640-0889
CH2\16268659.8

- 11 -