# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | Civil Action No. MDL 875 |
| SOUJA et al v. INC. OWENS-ILLINOIS et al | PA-ED No. 97-CV-2370 |

Plaintiff's Supplemental Signed Response to Standard Interrogatories - 6/28/12

Plaintiff supplements the answers to standard interrogatories dated June 20, 2012 no. 19 in accordance with Rule 26(e)(1)(a) of the Rules of Civil Procedure which requires a supplementation to an interrogatory request "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to other parties during the discovery process or in writing." The answers to these interrogatories are provided by plaintiff Gary Suoja, the son of Oswald Suoja, individually and on behalf of his estate and by plaintiff's attorneys. Plaintiff incorporates and adopts as part of this response testimony taken in this case and documents provided during discovery in this case.

1. State your (a) full name, (b) your present address, (c) date and place of birth, (d) Social Security number and (e) military serial number, if any.

    ANSWER:
    (a)    Oswald Fabian Suoja, Deceased
    (b)    ▮▮▮▮▮▮▮▮▮▮▮, Superior, WI 54880
    (c)    ▮▮▮/23 Automba, MN
    (d)    ▮▮▮▮ 3647
    (e)    None, never in military.


2. State the (a) name and (b) date of marriage of each spouse or former spouse and (c) list names, current addresses, ages and occupations of all children whether adopted or natural, and (d) the names, current addresses and occupations of all persons dependent upon your support, or receiving monetary support from you, within the last five years.

    ANSWER:

    (a)    Delores Agnes Dalbec Suoja
    (b)    ▮▮▮▮/43

(c)     Gary Suoja, ▮▮▮▮▮▮▮▮▮, Mercer Island, WA  98040; Corporate Lawyer
        Suzanne Merwin, ▮▮▮▮▮▮▮▮▮, Loves Park, IL  61111-Clerk; Derald
        Suoja, ▮▮▮▮▮▮▮▮▮, Superior, WI  54880; Retired Police Officer
        Kimberly Suoja, ▮▮▮▮▮▮▮▮▮, Madison, WI  53716; CNA;

(d)     None

3.      State the specific nature of the personal injuries and/or disease which you allege to have
        sustained as a result of the exposure complained of.

ANSWER:     Asbestos related disease as set forth in medical records on deposit at IKON in
            Chicago. The conditions include without limitation malignant mesothelioma
            resulting in the death of Decedent.

4.      State the date on which you first suspected that the injuries and/or disease described in
        interrogatory 3 was in any way related to being exposed to asbestos and state the reasons
        for your suspicions.

ANSWER:     Plaintiff's attorney received a letter from Dr. Michael Slag in January of 1999
            finding a causal connection between Mr. Suoja's asbestos exposure and his intra-
            abdominal epithelial mesothelioma malignancy. Mr. Suoja was originally
            diagnosed with mesothelioma in November of 1996 based on the findings in a
            pathology report from a surgical procedure Mr. Suoja had on November 11,
            1996. Plaintiff's attorney received a corroborating letter on April 17, 1999 from
            Dr. Schonfeld finding a causal connection between Mr. Suoja's asbestos
            exposure and his epithelial mesothelioma.

5.      State the date on which the injuries and/or disease described in Interrogatory 3 were first
        diagnosed and communicated to you and state further the name and address of the
        physician, specialist, clinic, hospital, sanitarium or similar institution which first
        diagnosed said injuries and/or disease.  State the manner in which the diagnosis was
        communicated to you, whether it was written or oral, and if written please attach a copy
        of that communication to your answers to these interrogatories.

ANSWER:     See answers to Interrogatory No. 4.

6.      State the names and current or last known addresses of all physicians, specialists, clinics,
        hospitals and sanitariums which examined you or rendered service or treatment to you for
        the injuries and/or disease you allege to have sustained as the result of the exposure
        complained of, and state further the date or inclusive dates on which each of them
        rendered you service or treatment and the amounts of their respective bills.

2

ANSWER:      I do not know or recall all the names. I have provided what I know to my
             attorneys. My attorneys state: A report pursuant to Administrative Order No. 12
             has already been provided in this case and additional medical records and bills
             may have been deposited at IKON depository in Chicago, pursuant to prior court
             order. On October 26, 2011 Judge Strawbridge issued an order addressing a new
             procedure for disclosing medical records and as of that date all new medical
             records and bills (and any discovery other than any physical materials where an
             electronic copy is not available) are no longer to be deposited at IKON. Any
             previously stored medical information for this plaintiff that was stored at IKON
             may be retrieved by parties who have filed an appearance in this case, and any
             materials that were or are to be disclosed after the October 26, 2011 order have
             been served electronically on the appropriate parties. Additionally, authorizations
             to obtain other medical records have been provided to defendants in this case.

             Plaintiff's attorneys state: Treating physicians include without limitation:

             Dr. Michael F. Slag
             Essentia Health
             400 East 3rd Street
             Duluth, MN 55805

             Dr. Thomas H. Wiig
             Essentia Health
             400 East 3rd Street
             Duluth, MN 55805

7.    After being informed that you were suffering from an injury and/or disease caused by
      asbestos, did you continue to engage in any activity or occupation in which you
      encountered subsequent exposure to asbestos, and if so state the nature and description of
      such activity or occupation, and further state whether your continued participation in such
      activity or occupation  was contrary to medical or professional advice, stating the date on
      which such advice was given and the identity if the person or entity giving such advice.

ANSWER:      No.

8.    State the name and current or last known address of all physicians, clinics, or hospitals
      (not listed in interrogatory #6) which have examined you or provided care and treatment
      within the past ten years and the periods or dates of such.

ANSWER:      See answers to Interrogatory No. 6.

3

9.    State the name and current or last known address of any physician, hospital, clinic, sanitarium, or other medical personnel (not listed in interrogatory #6) who has ever treated you for pulmonary, cardiovascular, or gastro-intestinal complaints.

ANSWER:    See answers to Interrogatory No. 6.

10.    From which of the above medical personnel and/or institutions do you or your attorney have written reports?

ANSWER:    See answers to Interrogatory No. 6.

11.    Has any immediate blood relative (parents, siblings, children) been diagnosed with a malignant (cancer) condition?  If so state who, the nature of the disease, and the age at which it was diagnosed.

ANSWER:    Kimberly Suoja was diagnosed with breast cancer in the early 1980s. She was born in 1957 and diagnosed in her mid-twenties.

12.    State any and all other damages not stated in answers to the above interrogatories which you are claiming as a result of the injuries and/or diseases alleged in the complaint.

ANSWER:    Mental anguish, emotional distress, pain & suffering, shortness of breath, diminished enjoyment of life, loss of society and companionship, medical bills. The extent of out of pocket losses and other damage amounts have not been calculated at this time.  Further Plaintiff seeks, whatever damages allowable by law.

13.    State whether you have filed any worker's compensation action and, if so, state the date of filing, the name and number of the cause, the respondent, the name and address of the company insuring the respondent, the claim and policy number, the reason for filing the claim or petition, and the  disposition of any such claim.

ANSWER:    Plaintiff does not know of any worker's compensation actions filed.

14.    State whether you have ever filed a lawsuit for personal injury or a claim for social security disability benefits, and if so, state the title, the court or claim number, and the reason for each lawsuit or claim, and the disposition of each lawsuit or claim.

ANSWER:    Only this lawsuit.

15.    State the inclusive dates, if any, during which you were a smoker of tobacco and state further the types of tobacco smoked and the amount consumed daily, and whether you

4

customarily inhaled.

ANSWER:     To the best of plaintiff's knowledge, decent did not smoke or consume tobacco.

16.     Identify in chronological order every employer for whom you have ever worked in the last
        40 years.  State separately for each such employer:

       (a)     the employer's name and address;
       (b)     the nature of the employer's business;
       (c)     the nature and ending dates of your employment including all periods of
               employment for that employer;
       (d)     your position and responsibilities;
       (e)     your rate of pay.

ANSWER:
       (a-d)     Plaintiff's work history is attached as Exhibit A.  Based upon
               investigation by plaintiff's attorneys, Exhibit B includes without
               limitation living coworkers of the injured person.   Site Workers by Job
               Site for IL & WI Jobsites and Site Worker Witness Past Testimony by
               Job Site for IL & WI Jobsites have been provided to counsel and these
               lists are incorporated as part of this supplemental answer.
       (e)     Rate of pay is not relevant because lost wages are not being claimed.

17.     For each of the employers identified in Interrogatory No. 16, identify each and every job
        site at which you claim to have worked with or around asbestos-containing products.

ANSWER:     Plaintiff does not know.  Plaintiff's attorney states:  The work history and job sites
        are attached as Exhibit A and Exhibit B includes without limitation known
        coworkers and siteworkers where asbestos exposure is being claimed.

18.     For each of the job sites identified in Interrogatory No. 17, state the following:

       (a)     the location of the job;
       (b)     the length of time you worked at that job;
       (c)     your superior or foreman living on that job and his last known address;
       (d)     your co-workers on that job, including the persons who worked with you
               or at the same job site, and their current or last known addresses.  Identify
               any represented by counsel in asbestos claims.

ANSWER:     See answer to Interrogatory No. 16.  No other information is known.

19.     For each of the job sites identified in Interrogatory No. 17, state the following:

5

(a)    the types of asbestos-containing products for which exposure is claimed;

(b)    the brand name or trade name of the asbestos-containing products for which exposure is claimed;

(c)    the manufacturers, suppliers and distributors of each asbestos-containing product for which exposure is claimed;

(d)    the number of times that plaintiff claims to have been exposed to each product.

ANSWER:    Plaintiff has no personal knowledge responsive to this interrogatory. Plaintiff's attorneys make the following statement of claims being made and subject to proof at trial. Mr. Souja worked at Badger Ordnance in Baraboo, Wisconsin as an asbestos worker, removing Kaylo pipe insulation for parts of the 1950s, 1960s, and 1970s.

SUPPLEMENTAL ANSWER DATED 6/28/12:

Plaintiff has no personal knowledge responsive to this interrogatory. Plaintiff's attorneys make the following statement of claims being made and subject to proof at trial. Mr. Souja worked as an asbestos worker/insulator at jobsites, including and not limited to those identified on Exhibit A. Mr. Souja worked with and in the immediate presence of others who cut, sawed, or otherwise worked with Owens-Illinois Kaylo products, including molded pipe insulation and block insulation for thermal systems. Mr. Souja additionally removed and worked in the immediate presence of others removing Owens-Illinois Kaylo insulation from thermal systems. Mr. Souja's exposure to Owens-Illinois Kaylo insulation occurred many times throughout his working career as an insulator.

20.    For each product identified in Interrogatory No. 19, identify the following:

(a)    your coworkers, including persons who worked with you or at the same job site, with knowledge that the product was on the particular job site;

(b)    your coworkers, including persons who worked with you or at the same job site, with knowledge that you actually worked with the particular product.

ANSWER:    See response to Interrogatory No. 16.

21.    For each of the jobs sites identified in Interrogatory No. 17, identify the following:

(a)    the name and address of any companies, other than your employer, working with asbestos-containing materials at that job site;

(b)    all trades from which workers were present at that job site.

ANSWER:    Plaintiff does not know. Plaintiff's attorneys states: Other trades were typically present and these would include without limitation insulators, steamfitters,

pipefitters, plumbers, operating engineers, maintenance workers, carpenters, electricians, laborers, and millwrights.

22.    List any protective or safety devices used or worn by you in the handling of products allegedly manufactured by the defendants and state further the dates used, the job sites where used, the nature of the device, the manufacturer or supplier of the device, and how you used each device in your trade or profession.

ANSWER:    To the best of plaintiff's knowledge, Mr. Suoja never used any protective devices during his career, except when Mr. Suoja occasionally wore gloves on some outdoor projects at Badger Ordnance to protect hands from cold.

23.    State whether you were ever a member of any union and, if so, for each union please state:

(a)    the name and local number of the union;
(b)    the union hall from which you worked;
(c)    the date you joined the union;
(d)    your sponsor in the union;
(e)    if you ever ran for or held office in the union;
(f)    if you ever filed a grievance with any union.

ANSWER:    (a)    Asbestos Worker's Local 19
(b)    12110 West Adler Lane, Milwaukee, WI 53214;
(c)    1945
(d)    None
(e)    No
(f)    No

(a)    Asbestos Workers Local #127;
(b)    2060 Southland Lane, New London, WI 54961;
(c)    1956
(d)    None
(e)    No
(f)    No

24.    Did your labor union or employer advise you to follow certain safety procedures designed to protect you from contracting asbestos related diseases and, if so, state which unions or employers rendered such advice, the nature of such advice, the dates on which such advice was given, and describe any written information or literature discussing asbestos related diseases which was provided you by any such union or employer.

7

ANSWER:     Never advised.

25.    State the names and current or last known addresses of all persons who ever told you or whom you ever heard state that asbestos fibers or asbestos products could be hazardous to your health.

ANSWER:     Unknown at this time.

26.    State the name, address, telephone number and professional background of each and every person who may be called by the plaintiff to testify to establish a causal relationship between the injuries alleged and the defendants' products.  State the facts and opinions to which each will testify and identify the documents on which each relies.

ANSWER:     Plaintiff does not know.  Plaintiff's attorneys states:  Witnesses will be disclosed pursuant to scheduling order by August 13, 2012.

27.    State the name, address, telephone number and professional background of each and every person who may be called by the plaintiff to testify to establish that the defendants' products were defective or unreasonably dangerous.  State the facts and opinions to which each will testify and identify the documents on which each relies.

ANSWER:     See answer to Interrogatory No. 26.

28.    With regard to individuals, if any, named in the previous three interrogatories, state whether or not said individuals have rendered a written report of any kind to the plaintiffs or their attorneys and, if so, state the subject matter contained in said report, the substance of fact and opinions to which the expert is expected to testify, if called, and state a summary of the grounds for each opinion.

ANSWER:     See answer to Interrogatory No. 26.

29.    State whether you or your attorneys or agents know of the existence of any statements, signed or unsigned, oral, written, or court reported, from or by any person including any person hereto, which has or claims to have knowledge concerning the matter alleged in the complaint, or who was or claims to have been a witness to any part of the exposure alleged by you.  If so, please state:

      (a)    whether the statement was written, oral, recorded, reported, reported by shorthand, or otherwise preserved;
      (b)    the full name of the current or last known address of the person or persons, or entity, which took the statements and the date such statement was made;
      (c)    the full name and current or last known address of each person, firm, or entity which has possession of the statement or copies thereof.

ANSWER:    Plaintiff objects as to any statements made by clients of Cascino Vaughan Law
           Offices because they are work product and attorney-client privilege. Without
           waiving objections, plaintiff does not know. Plaintiff's attorneys state: See
           answers to Interrogatory No. 19 and 20. Plaintiff's attorneys state that all known
           siteworkers at the jobsites at which plaintiff worked are listed in the document
           titled Site Worker Witness Past Testimony by Job Site for IL & WI Jobsites, a
           copy of which has been provided to defense counsel. Said document is
           incorporated by reference into this response. If any additional testimony is
           relevant to this case, it will be attached as Exhibit C.

30.    State the name and current or last known address of each and every person who was
       interviewed by or on behalf of you, your attorneys or agents with respect to the
       allegations contained in the complaint, stating for each person:

       (a)    the name and current or last known address of the person interviewed, the
              full name and address of the person's employer at the time of the
              interview, and the name and current or last known address of the
              interviewer, as well as the dates of all interviews;
       (b)    whether any notes, records, jottings, memoranda, tape recordings, or
              statements were ever made of any interviews with that person, and if so,
              the name and current or last known address of each and every person in
              custody or control of same.

ANSWER:    Plaintiff objects to the interrogatory as calling for the disclosure of protected
           attorney work product and attorney client privileged information. Without
           waiving objections, plaintiff has no personal knowledge. Plaintiff's attorneys
           state: See answers to Interrogatories No. 16, 17, 18, 19, 20 and 21. Also see
           interrogatory responses of co-workers.

31.    List or describe each and every object or document, such as directories, catalogs, shipping
       slips, W-2 forms, tax records, diaries, calendars, invoices, packing slips, materials,
       publications or lists from whatever source which you used, or your attorneys or agents
       used, in compiling the names of the defendants in this cause.

ANSWER:    Plaintiff does not know. Plaintiff's attorneys compiled defendants and states that
           they do not know of any documents of the type listed in this interrogatory which
           were used to determine the defendants in this case.

32.    Do you have any of the following which serve as the basis of this claim in your
       possession, or in the possession of your attorneys or agents?

       (a)    samples of asbestos materials;
       (b)    packaging from asbestos materials;

9

(c)     photographs of your places of employment or products used at your places of employment.
(d)     photographs of asbestos products or asbestos packaging which are the basis of this claim.

ANSWER:     (a)     Plaintiff does not know.  Plaintiff's attorneys states: No.
            (b)     Plaintiff does not know.  Plaintiff's attorneys states: No.
            (c)     Plaintiff does not know.  Plaintiff's attorneys states: None to date.
            (d)     Plaintiff's attorneys have photos of asbestos products which have been received in other asbestos cases. Defendants are in possession of responsive documentation or such documentation is equally available to them.

33.     If, as the result of the alleged illness or illnesses, injury or injuries you claim to have sustained a loss of wages, earnings, income, or profit, state:

        (a)     all dates on which you were unable to work due to the illness of illnesses, injury or injuries;
        (b)     the name and address of your employer at the time you learned of the illness, injury or disease of which you complain;
        (c)     the name and address of each person who recommended that you did not work during such period;
        (d)     the name of any potential employer who refused you work because of any illness or illnesses, injury or injuries allegedly sustained as a result of the exposure;
        (e)     the date or inclusive dates on which you sought work but were unable to work for reasons not related to the illnesses or injuries allegedly sustained as a result of the exposure complained of.

ANSWER:
        Plaintiff does not know.  Plaintiff's attorneys states:  The rate of pay is not relevant because lost wages are not being claimed.

34.     If loss of wages, earnings, income, or profit is claimed, state:

        (a)     the total amount of claimed loss and the manner or method of computing same;
        (b)     provide a complete, itemized computation of such claimed loss;
        (c)     the nature and potential source of the lost wages, earnings, income or profit, and the date of the claimed deprivation thereof.

ANSWER:     See response to Interrogatory 33.

35. State and list all monetary expenses, other than the physician and hospital bills, and any and all other items of damages, which you claim to be a result of the illnesses or injuries you allegedly sustained as a result of the exposure complained of.

ANSWER: Plaintiff does not know. Plaintiff's attorneys states: The extent of out of pocket losses and other damage amounts have not been calculated at this time.

36. Identify any claims submitted to bankruptcy trusts or otherwise for the person claiming asbestos exposure in this matter. State which are submitted for a condition diagnosed before the condition which is the subject of the instant case.

ANSWER: Plaintiff does not know. Plaintiff's attorneys states: A list of claim submissions made and paid by each bankruptcy trust and the total amount for all bankruptcy actions is provided in the AO12, Additional Materials, and Settlement Report folder in the IKON Chicago depository. Bankruptcy claim submissions are being provided pursuant to separate discovery which has been court ordered.

Dated: June 28, 2012

As to statements of counsel and objections only,

Attorney for plaintiff
Robert G. McCoy
Kristen Stambaugh
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, Illinois 60607-5308
tel: 312-944-0600
fax: 312-944-1870
e-mail: kstambaugh @cvlo.com

11