IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GARY SUOJA, individually and as
special administrator for the estate
of Oswald F. Suoja,

                                                                                             ORDER

                     Plaintiff,

                                                                    99-cv-475-bbc

     v.

OWENS-ILLINOIS, INC.,

                     Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Owens-Illinois, Inc. has filed a motion to amend the scheduling order in this asbestos case. Dkt. #71. In particular, defendant says that it wants to extend the deadline for discovery (which ended in December 2014) so that it may obtain more information about three issues: (1) whether plaintiff Gary Suoja authorized his lawyers to settle this case in December 2014; (2) whether a previous lawsuit in state court bars this case; and (3) whether Suoja is a proper party. In response, plaintiff does not object to discovery on the first two issues, but he argues that defendant forfeited the last issue by failing to raise it earlier.

      Because plaintiff does not oppose defendant's request to conduct discovery about the previous lawsuit and the alleged settlement, I will grant that aspect of defendant's motion. Defendant does not propose a new schedule except to say in its reply brief that it will "likely

1

require 90 days" to complete discovery. Dkt. #76 at 2. I will give plaintiff three months in which to complete discovery and to file any dispositive motions related to those two issues. In light of the narrow scope of those issues, three months should be more than enough time for defendant to complete these tasks. Particularly because defendant is seeking to reopen discovery in a case that was filed more than fifteen years ago, it is important that the parties act expeditiously from this point forward to bring this case to a resolution.

I am denying defendant's request to conduct discovery on plaintiff's status as the administrator of the estate because I agree with plaintiff that defendant has forfeited this issue. Defendant says that it believes that plaintiff may have been discharged as the administrator in 2007. However, plaintiff did not file his motion to be named as a party in this case until 2008. If defendant believed that plaintiff was not a proper party, it should have objected at that time or sought discovery on this issue at some point over the next six years while discovery was still open.

The question whether an individual is the real party in interest under Fed. R. Civ. P. 17 in not jurisdictional, PNC Bank, N.A. v. Spencer, 763 F.3d 650, 654 (7th Cir. 2014), which means the issue can be waived. RK Co. v. See, 622 F.3d 846, 850-51 (7th Cir. 2010) (by waiting seven years to object to plaintiff's status as real party in interest, defendant waived this issue). Defendant's argument that it was not aware about potential problems with plaintiff's status until now is the same argument that the court rejected in RK. Like the objecting party in RK, defendant could have sought discovery on this issue earlier or "uncovered this information by a simple search of [state] public records." Id. at 851.

Because defendant does not point to any impediment to its investigating this issue many years ago, I decline to allow defendant to pursue the issue now.

ORDER

IT IS ORDERED that

1. Defendant Owens-Illinois, Inc.'s motion to amend the scheduling order, dkt. #71, is GRANTED IN PART and DENIED IN PART. The parties may have until July 10, 2015 in which to conduct discovery and file dispositive motions on issues related to (1) the effect of previous state court litigation on this case; and (2) the alleged settlement in December 2014. Defendant has forfeited its right to conduct discovery on the issue whether plaintiff is the real party in interest.

2. The remaining deadlines are RESET as follows:

Settlement Letters: October 12, 2015

Rule 26(a)(3) Disclosures and motions in limine: October 19, 2015

Responses: November 2, 2015

Final Pretrial Conference: November 19, 2015 at 3:00 p.m.

Court Trial: November 30, 2015 at 9:00 a.m.

3. For all other deadlines, the parties should refer to the court's standing order on court trials (attached to the April 30, 2014 scheduling order, dkt. #17), with the exception that the parties should submit trial briefs by November 16, 2015.

4. In light of the amount of time this case has been pending, the parties should not

3

anticipate receiving extensions of time with respect to any of these deadlines in the absence of extraordinary circumstances.

Entered this 10th day of April, 2015.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4