IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| GARY SOUJA, Individually and as Special Administrator for the Estate of OSWALD F. SUOJA, Deceased,<br><br>        Plaintiff,<br>   v.<br><br>OWENS-ILLINOIS, INC.,<br><br>        Defendant. | Case No. 99-cv-0475 |
| BARBARA CONNELL, Individually and as Special Administrator for the Estate of DANIEL CONNELL, Deceased,<br><br>        Plaintiff,<br>   v.<br><br>OWENS-ILLINOIS, INC.,<br><br>        Defendant. | Case No. 05-cv-00219 |

**OWENS-ILLINOIS, INC.'S
<u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

Owens-Illinois, Inc. submits this Notice of Supplemental Authority for its Motion to Bar the "Any Exposure" Causation Opinion (ECF Nos. 26, 27), notifying this Court of the ruling in *Krik v. Crane Co.*, No. 10 C 7435 (N.D. Ill. Apr. 21, 2015). Following extensive *voir dire* of the plaintiffs' causation expert, Dr. Arthur Frank, the court excluded his causation opinion and explained that:

> what we have is an evidentiary ruling by, first, Judge Lee [in *Krik v. Crane Co.*, --- F. Supp. 3d ----, 2014 WL 7330901 (N.D. Ill. Dec. 22, 2014),] and then later me [Judge Shah] and then in the midst of trial.
> 
> And with respect to the in-court ruling, let me just clarify, in light of the factual proffer that was made, that it's not a misapprehension on my part

that the - - about the distinction between the cumulative exposure testimony and the each-and-every-exposure testimony.

For testimony about cumulative exposure causing lung cancer to be useful testimony for this trial, for this jury, as to these defendants, it needs to be related to whether the exposure at the hands of these defendants caused plaintiff's lung cancer, which is what this trial is about.

As was clear when Judge Lee said that it is not an acceptable approach for a causation expert to take, namely, to draw a causation opinion as to particular defendants, including hypothetical defendants in response to a hypothetical question, for that causation expert to take an approach based on cumulative exposure that's informed by an each-and-every-exposure opinion, it remains clear to me in light of the factual proffer that Dr. Frank's cumulative exposure testimony is based on the each-and-every-exposure theory above - - exposure meaning above background amounts and that that testimony is based on each and every exposure being a substantial factor.

And just as Dr. Frank, to his credit, cannot disaggregate exposures as a matter of science, cumulative exposure opinion cannot be disaggregated from the each-and-every-exposure opinion as a matter of evidence under Rule 702, and now that I've heard the proffer, under Rule 403.

The risk that that answer to the hypothetical relying on the cumulative exposure opinion would be considered as evidence of a particular causation as to these defendants would, in fact, in my view, be unfair and confusing given the weakness of the probative value of the opinion when it's informed, as it is, by the each-and-every-exposure principle.

And the goal under 702 is to be a gatekeeper. And once the parameters are set by that rule, Rule 403 still has a role to play in precluding testimony that would be confusing or unfairly prejudicial in a way that outweighs the probative value.

Trial Tr. Vol 2, 353:22-356:24, *Krik v. Crane Co.*, No. 10 C 7435 (N.D. Ill. Apr. 21, 2015); *see also id.* at 258:23-280:19 (voir dire).

Dated: May 4, 2015          Respectfully submitted,

                              By:   /s/ Brian O. Watson
                                     Edward Casmere
                                     Brian O. Watson
                                     Schiff Hardin LLP
                                     233 S. Wacker Dr. Suite 6600
                                     Chicago, Illinois  60606
                                     (312) 258-5500
                                     (312) 258-5600 (facsimile)
                                     *Attorneys for Defendant*
                                     *Owens-Illinois, Inc.*

- 4 -

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on May 4, 2015, these papers were filed with the Clerk of the Court for the United States District Court for the Western District of Wisconsin using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson
Brian O. Watson

15640-0889
CH2\16554631.1