IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GARY SUOJA, individually and
as special administrator for the estate
of Oswald F. Suoja,

                                                                  OPINION and ORDER

               Plaintiff,

                                                                    99-cv-475-bbc

     v.

OWENS-ILLINOIS, INC.,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BARBARA CONNELL, individually and
as special administrator for the estate of
Daniel Connell,

                                                                  OPINION and ORDER

               Plaintiff,

                                                                    05-cv-219-bbc

     v.

OWENS-ILLINOIS, INC.,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Three motions filed by defendant Owens-Illinois, Inc. and related to the admissibility of expert testimony are before the court in these two asbestos cases. In the first motion, defendant seeks to exclude an opinion by plaintiffs' experts that "any exposure to asbestos, no matter how slight, remote or insignificant, is a cause or substantial contributing factor in

1

causing Plaintiffs' diseases." Defendant argues that the opinion is not "scientifically reliable" and is therefore inadmissible under Fed. R. Evid. 702. In addition, defendant says that the evidence is irrelevant and unfairly prejudicial. In the second motion, defendant seeks to exclude evidence related to asbestos experiments conducted by William Longo. In addition to arguing that the evidence is not admissible under Rule 702, defendant says that plaintiffs did not disclose the evidence properly and that the evidence is both irrelevant and unfairly prejudicial. In the third motion, defendant seeks to exclude the opinions of Barry Castleman, again on the ground that they are inadmissible under Rule 702.

The first question is which of these motions are still in dispute. In response to the first motion, plaintiffs filed a two-page brief in which they stated that testimony that "'any exposure' is a cause of the asbestos related disease will not be presented at trial." In response to the second motion, plaintiffs stated that they "agree to withdraw Dr. Longo as a witness." However, not willing to take "yes" for an answer, defendant continued to make arguments about these motions in its reply briefs. Then both sides filed additional briefs about the "any exposure" theory of causation and defendant expanded its argument regarding the evidence that should be excluded. Because plaintiffs did not respond substantively to either of defendant's first two motions, I am granting them as undisputed. If defendant wants to obtain additional rulings about the permissible scope of causation evidence, it will have to file a timely motion in limine.

This leaves defendant's motion to exclude testimony from Barry Castleman. Plaintiffs have narrowed the issues by offering to limit Castleman's testimony to the issues allowed in

2

one of the cases that defendant cites in support of its motion, Krik v. Crane Co., No. 10-cv-7435, — F. Supp. 2d —, 2014 WL 5350463, *3 (N.D. Ill. Oct. 21, 2014):

> Dr. Castleman will be permitted to testify as a "state of the art" expert to the extent that he may describe the asbestos literature he has reviewed for the relevant time period(s). Defendants, of course, may cross-examine Dr. Castleman as necessary, including but not limited to questions regarding the methodology he used to select the literature upon which he relies. For his part, Krik may introduce documents produced by Defendants as exhibits during Dr. Castleman's testimony, and Dr. Castleman may cite to and/or read the documents aloud. But, to the extent that the documents upon which he relies relate to subject areas in which Dr. Castleman has little or no demonstrated expertise (such as medical literature), Dr. Castleman may not testify as to the accuracy of the conclusions contained therein.

Plaintiffs say that the purpose of Castleman's testimony is to "explain the historical development of knowledge of the health hazards of asbestos as reported in thousands of pieces of scientific literature, studies and professional or trade organizations documents." Plaintiffs refer to this as "state of the art" testimony, which they say is important in this case because "[p]roof of what a defendant knew or should have known about the dangers of its products is an element in any toxic tort case." Plaintiffs say that Castleman is qualified to give this testimony because of "his many years of training and experience as a practitioner and researcher in the fields of public health, environmental engineering, and chemical engineering, as well as several decades of research in the area of asbestos which began with his doctoral thesis completed in 1985."

In Krik, 2014 WL 5350463, at *3, the court concluded that Castleman "possesses 'specialized knowledge' regarding the literature relating to asbestos available during the relevant time periods" and that Castleman's testimony "could be useful to the jury as a 'sort

3

of anthology' of the copious available literature." In response, defendant cites cases in which courts excluded or limited Castleman's testimony. In Rutkowski v. Occidental Chemical Corp., No. 83 C 2339, 1989 WL 32030 (N.D. Ill. Feb. 16, 1989), the court focused solely on Castleman's expertise to testify about medical articles, concluding that "Castleman lacks the medical background and experience to evaluate and analyze the articles in order to identify which parts of the articles best summarize the authors' conclusions." Id. at *1. In In re Related Asbestos Cases, 543 F. Supp. 1142, 1149 (N.D. Cal. 1982), the court focused on medical articles as well, concluding that it was "not persuaded that Mr. Castleman, as a layperson, possesses the expertise necessary to read complex, technical medical articles and discern which portions of the articles would best summarize the authors' conclusions."

I agree with defendant that plaintiffs have made no showing that Castleman is qualified to explain the meaning and significance of medical literature. Further, there is no suggestion in Krik that Castleman is qualified as an expert in that respect. To the extent that plaintiffs want Castleman simply to read excerpts from medical articles, they do not explain how doing so could be helpful to the jury. Accordingly, I am granting defendant's motion as it relates to Castleman's discussion of the medical literature.

However, Castleman's report also includes discussions of articles in trade journals and government publications, which, presumably, would not require medical expertise to understand or summarize. In Rutkowski and In re Asbsestos Cases, the courts limited their holdings to plaintiff's expertise on medical issues, so those cases are not instructive. Defendant does not discuss specifically whether Castleman is qualified to testify about those

other historical documents. Defendant argues more generally that Castleman is not a "historian," but it is undisputed that plaintiff has studied the historical development of knowledge about asbestos for decades. Because a witness may qualify as an expert if he has specialized "knowledge" *or* "education," Fed. R. Evid. 702, I see no reason to exclude Castleman simply because he does not have a history degree. Defendant also argues that Castleman is biased, but that is an issue that can be tested on cross examination. At this point, defendant has not shown that Castleman's testimony should be excluded entirely.

ORDER

IT IS ORDERED that

1. Defendant Owens-Illinois, Inc.'s motion to exclude evidence that "any exposure to asbestos, no matter how slight, remote or insignificant, is a cause or substantial contributing factor in causing plaintiffs' diseases," dkt. #27 (in case no. 99-cv-475-bbc) and dkt. #26 (in case no. 05-cv-219-bbc), is GRANTED as unopposed.

2. Defendant's motion to exclude evidence related to asbestos experiments conducted by William Longo, dkt. #32 (in case no. 99-cv-475-bbc) and dkt. #31 (in case no. 05-cv-219-bbc), is GRANTED as unopposed.

3. Defendant's motion to exclude the testimony of Barry Castleman, dkt. #40 (in case no. 99-cv-475-bbc) and dkt. #39 (in case no. 05-cv-219-bbc), is GRANTED with respect to testimony related to medical literature. The motion is DENIED with respect to

testimony related to other historical documents discussed in Castleman's expert report.

Entered this 14th day of May, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge