# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

GARY SOUJA, Individually and as
Special Administrator for the Estate
of OSWALD F. SUOJA, Deceased,[1]

        Plaintiff,

v.                                Case No. 3:99-cv-00475-bbc

OWENS-ILLINOIS, INC.,

        Defendant.

## OWENS-ILLINOIS, INC.'S
## COMBINED MOTION TO COMPEL PLAINTIFF AND
## RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Owens-Illinois, Inc. ("Owens-Illinois") submits this combined Motion to Compel and Response to Plaintiff's Motion for Protective Order and Leave to File Documents for *In Camera* Review (ECF No. 84).

## INTRODUCTION

Plaintiff Gary Suoja seeks to avoid a settlement agreement with Owens-Illinois, claiming that Cascino Vaughan Law Offices (CVLO) acted without authority. Because Mr. Suoja created this new fact issue and because he has the burden to prove that CVLO's conduct was unauthorized, this Court allowed discovery related to the settlement and a prior state court action. Order 1-4, ECF No. 77. Following this Court's order, Owens-Illinois issued targeted discovery to Mr. Suoja. *See* Def.'s Interrogs. & Reqs. Prod., attached as Exs. A & B.

---

[1] Owens-Illinois is conforming to Plaintiff's caption, and disputes whether Mr. Suoja has either standing or capacity as Special Administrator for the Estate.

In response to the discovery, Mr. Suoja withheld information on the basis of attorney-client privilege.  *See* Pl.'s Resp. Interrog. Nos. 1, 2, 3, 4, 5, 6, attached as Ex. C; Pl.'s Resp. Req. Prod. Nos. 1, 2, 3, attached as Ex. D.  Although this Court placed no such limits on the discovery, Mr. Suoja also unilaterally limited his responses to "the subject of declarations made by Gary Suoja on January 31, 2015, and Robert McCoy on February 2, 2015."  Pl.'s Resp. Interrog. 1.  Further, Mr. Suoja limited the responses to his individual capacity and failed to provide information on behalf of the Estate and the deceased's other lineal heirs.  Pl.'s Resp. Interrog. Nos. 1, 4, 5, 6, 7; Pl.'s Resp. Req. Prod. Nos. 1, 2, 3, 4, 7, 8, 9, 10.

Owens-Illinois tried in good faith to confer with Mr. Suoja's counsel in an effort to obtain disclosure without court action.  *E.g.*, Email to Bob McCoy, attached as Ex. E.  In light of its good faith efforts to obtain discovery without court intervention, this Court's order to act expeditiously, and the upcoming depositions on June 19, 22, and 26, Owens-Illinois submits this combined Motion to Compel and Response to Plaintiff's Motion for Protective Order and Leave to File Documents for *In Camera* Review (ECF No. 84).  As discussed below, Owens-Illinois requests an order (1) overruling the objections of attorney-client privilege as waived, (2) compelling full and complete responses to the interrogatories and request for production on behalf of the Estate and all of the deceased's lineal heirs, and (3) denying the Plaintiff's motion.

## ARGUMENT

**I.    Attorney-Client Privilege Has Been Waived.**

Under Federal Rule of Evidence 502, a party waives attorney-client privilege

"when disclosure is (1) intentional, (2) the disclosed and undisclosed material concern the same subject matter, and (3) fairness requires considering the material together." *Appleton Papers, Inc. v. E.P.A.*, 702 F.3d 1018, 1026 (7th Cir. 2012) (citing Fed. R. Evid. 502(a)); *accord Johnson Outdoors, Inc. v. Gen. Star Indem. Co.*, No. 05-C-0522, 2011 WL 196825, at *3 (E.D. Wis. Jan. 19, 2011). Where a party claims that his or her attorneys lacked authority to settle, the party voluntarily puts the attorneys' performance at issue and waives privilege. *Roberts v. Legacy Meridian Park Hosp., Inc.*, --- F. Supp. 3d ----, 2015 WL 1608088, at *7-10 (D. Or. Apr. 10, 2015) (granting motion to declare waiver).[2]

Here, Owens-Illinois established that it reached a settlement agreement with Mr. Suoja and the Estate, acting through CVLO as their attorney-agent. Owens-Illinois also established that, during the course of the negotiations, CVLO expressly represented to Owens-Illinois that it had authority from "the family." On this basis, Owens-Illinois

---

[2] *Baratta v. Homeland Housewares, LLC*, 242 F.R.D. 641, 643 (S.D. Fla. 2007) (holding that where plaintiff "expressly denied that he had assented to the settlement negotiated by attorney . . . [he] waived the attorney-client privilege"); *Rubel v. Lowe's Home Centers, Inc.*, 580 F. Supp. 2d 626, 628-29 (N.D. Ohio 2008) (holding that, in response to the defendant's motion to enforce settlement agreement, plaintiff waived attorney-client privilege by voluntarily testifying by affidavit and in deposition that he neither agreed to settle nor authorized his attorney to do so); *Hamilton v. Willms*, 2007 WL 707518, at *8 (E.D. Cal. Mar. 6, 2007) (holding that "a litigant waives the attorney-client privilege by putting the lawyer's performance at issue during the course of litigation"); *Hartman v. Hooks-Superx, Inc.*, 42 F. Supp. 2d 854, 855 (S.D. Ind. 1999) (holding that, in response to the defendant's motion to enforce settlement agreement, plaintiff may not continue to invoke attorney-client privilege while also maintaining that his attorney lacked settlement authority); *Hodges v. Potter*, 2005 WL 6336682, at *2 (D.D.C. Aug. 31, 2005) (holding that, in response to the defendant's motion to enforce settlement agreement, plaintiff waived attorney-client privilege when he "voluntarily disclosed in his opposition the partial content of his previously privileged communications with his attorney in an attempt to defend against enforcement of the settlement agreement").

moved to enforce that agreement.

To oppose the motion, Mr. Suoja submitted declarations from himself and Attorney Robert McCoy arguing that CVLO lacked authority to make the settlement representations that CVLO made. Through those declarations, Mr. Suoja voluntarily placed his attorneys conduct at issue and waived privilege. *Roberts*, 2015 WL 1608088, at *7-10. As this Court also recognized in allowing discovery, the only way for Owens-Illinois to test Mr. Suoja's claim is to inquire into privileged communications with CVLO about its authority.[3] For example, CVLO had authority to, and apparently did, complete other settlements on behalf of the Estate. *E.g.*, Exs. F (23 settlements for $244,920.60), G (11 settlements for $245,260.60), H (19 settlements for $137,987.74). It would be unfair to allow Mr. Suoja to rely on his and Mr. McCoy's statements, while also allowing Mr. Suoja to invoke attorney-client privilege to prevent discovery on the same subject matter. Fed. R. Evid. 502(a); *Roberts*, 2015 WL 1608088, at *9-10. Nor does Wisconsin law limit the broad standard of Federal Rule of Evidence 502. Fed. R. Evid. 502(f); *Johnson Outdoors, Inc.*, 2011 WL 196825, at *3.

Because Mr. Suoja has created this fact issue, voluntarily placed CVLO's authority at issue, and waiver exists under Federal Rule of Evidence 502, Mr. Suoja's objections to attorney-client privilege should be overruled. Accordingly, Mr. Suoja's

---

[3] Indeed, Wisconsin law requires that Mr. Suoja prove to the ultimate factfinder that his current counsel in this case, CVLO, acted without authority. *D & D Carpentry Inc., v. U.S. Bancorp*, 329 Wis. 2d 435, 445-46 (Wis. 2010) (reversing with directions that factfinder must decide whether attorney had authority); *Krueger v. Herman Mut. Ins. Co.*, 30 Wis. 2d 31, 36 (Wis. 1966); *Balzer v. Weisensel*, 258 Wis. 566, 568, 46 N.W.2d 763 (Wis. 1951); *Fosha v. O'Donnell*, 120 Wis. 336 (1904).

motion should be denied and full and complete responses should be compelled to Interrogatory Nos. 1, 2, 3, 4, 5, and 6, and Request for Production Nos. 1, 2, and 3.

## II.     The Estate — Including the Other Lineal Heirs — Must Respond.

Additionally, Mr. Suoja must respond on behalf of the Estate and all of the deceased's lineal heirs to the extent he is acting as the Special Administrator. *In re Greenwood Air Crash*, 161 F.R.D. 387, 395 (S.D. Ind. 1995); *Hartsock v. Goodyear Dunlop Tires N. Am. LTD*, No. 2:13-CV-00419-PMD, 2013 WL 6919715, at *4 (D.S.C. Nov. 22, 2013). In fact, to the extent that he is acting as Special Administrator, Mr. Suoja is required to act as their agent in all discovery matters. *In re Greenwood Air Crash*, 161 F.R.D. at 395; *Hartsock*, 2013 WL 6919715, at *4.

Contrary to his obligations as an agent, Mr. Suoja limited the discovery responses to his individual capacity and failed to provide information on behalf of the Estate and the other lineal heirs. Pl.'s Resp. Interrog. Nos. 1, 4, 5, 6, 7; Pl.'s Resp. Req. Prod. Nos. 1, 2, 3, 4, 7, 8, 9, 10. This would include information from Delores Suoja, Suzanne Merwin, Derald Suoja, Kimberly Suoja, and any other lineal heirs of Oswald Suoja under Wis. Stat. § 895.04(2).  Mr. Suoja provided no responses on their behalf. *E.g.*, Pl.'s Resp. Interrog. No. 1 ("I did not authorize anyone . . ."); *id.* at No. 7 ("none known to Gary Suoja"); Pl.'s Resp. Req. Prod. No. 1 ("Gary Suoja had no agreement for representation or involvement in the state court action"), *id.* at No. 2 ("no documents as to Gary Suoja"), *id.* at No. 4 ("Gary Suoja has no documents"), *id.* at No. 7 ("Gary Suoja has no documents."), *id.* at No. 8 ("Gary Suoja has no documents"), *id.* at No. 9 ("Gary Suoja has no documents").

Therefore, as Mr. Suoja claims to be acting as Special Administrator, he must provide full and complete responses on behalf of the Estate and the other lineal heirs (specifically including Interrogatory Nos. 1, 4, 5, 6, and 7, and Request for Production Nos. 1, 2, 3, 4, 7, 8, 9, and 10).  Further, Mr. Suoja must verify the answers in writing under oath on behalf of the Estate and the other lineal heirs.

### III.    Dissolution of the Estate Is Highly Relevant.

Finally, Mr. Suoja must produce all documents related to the dissolution of the Estate because they are highly relevant and their request is reasonably calculated to lead to the discovery of admissible evidence.  Pl.'s Resp. Req. Prod. No. 10.

Mr. Suoja's "[n]ot relevant to any claim or defense" objection is not proper here because the documents will bear directly on Mr. Suoja's credibility.  The documents may also show these claims against Owens-Illinois are not viable.  Moreover, the documents will bear on the relationship between CVLO, the Estate, and the deceased's other lineal heirs. In any event, Owens-Illinois's request was narrowly tailored to comply with this Court's order, and Mr. Suoja should be compelled to respond.

### CONCLUSION

For these reasons, Owens-Illinois requests an order (1) overruling the objections of attorney-client privilege as waived, (2) compelling full and complete responses to the interrogatories and request for production on behalf of the Estate and all of the deceased's lineal heirs, and (3) denying the Plaintiff's motion.

Dated: June 15, 2015	Respectfully submitted,

By:	/s/ Brian O. Watson
Edward Casmere
Brian O. Watson
Schiff Hardin LLP
233 S. Wacker Dr. Suite 6600
Chicago, Illinois  60606
(312) 258-5500
(312) 258-5600 (facsimile)
*Attorneys for Owens-Illinois, Inc.*

- 7 -

- 8 -

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies on June 15, 2015, these papers were filed with the Clerk of the Court for the United States District Court for the Western District of Wisconsin using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson
Brian O. Watson

15640-0889
CH2\16721439.4