# Exhibit G

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: Asbestos Products Liability Litigation (No. VI) | ) ) ) |
| This document relates to: | ) ) ) MDL No. 875 |
| Plaintiff Oswald Suoja | ) ) ) |

_____

Plaintiff Oswald Suoja's Response to Bankruptcy
Trust Discovery Served by Georgia Pacific - 11/15/11
_____

Plaintiff responds to defendant Georgia-Pacific LLC's Special Bankruptcy Trust Interrogatories, Requests for Production of Documents and Requests for Admission as follows.

General response: Responsive answers and documents provided in Plaintiff's Response to Standard Interrogatories and the documents attached to those responses and other written discovery responses made, are incorporated and adopted as part of this response. Plaintiff objects to all discovery requests that are unreasonably cumulative or duplicative of discovery already provided. The term "CVLO" refers to Cascino Vaughan Law Offices. These records were periodically purged during the history of the firm or copies were never maintained after transmission to the trusts. The documents which remain within the possession, custody, or control of plaintiff or plaintiff's counsel are being produced. Additionally, certain trusts in about 2002 or later began maintaining records in proprietary on line systems which are often managed by outside administrators. Plaintiff's counsel does not have copies of the on line system data and cannot always access such data. If the on line system data can be accessed, downloading and printing the data is a time-consuming process. Plaintiff's counsel is arranging the production of those which can be retrieved by voluntary cooperation of the trusts or the administrators. Certain trusts have expressed the need for a court order to release documents.

As used below, the singular means plural if more than one plaintiff.

INTERROGATORIES

1. Identify every lawyer, including any referring lawyers, or entities that have filed, or retained the right to file, a lawsuit or claim for compensation against any company, Bankrupt Entity, and/or 524(g) Trust based on Plaintiff's or Plaintiff's Decedent's alleged exposure to asbestos.

ANSWER: Cascino Vaughan Law Offices were hired to represent me for my asbestos injuries. CVLO states they have been retained by Mr. Suoja and are representing him in these matters.

2.  Have you filed any claim for compensation with any 524(g) Trust or Bankrupt Entity as a result of your alleged exposure to asbestos?

ANSWER: I only know that I signed documents, sent them to my attorneys, and received checks. Objection. This discovery request is unreasonably cumulative or duplicative of information provided in past discovery referred to in the general response to these interrogatories. Subject to, and without waiving the objection, my attorneys state: yes.

3.  If the answer to Interrogatory Number 2 is anything other than "No," state whether you have made, filed, or submitted a claim with or against any 524(g) Trust or other Bankrupt Entity seeking compensation for any alleged injury related to Plaintiff's asbestos or silica exposure. For each claim state the following:

    (a) the full identity of each entity and/or 524(g) Trust with or against whom such claim was made or filed, and the date where each such claim was made;
    (b) the name and nature of the entity with which the claim was made;
    (c) any identifying number, such as a docket, file, or petition number, for each claim;
    (d) the amount, if any, paid or agreed to be paid, in compensation for the claim of the plaintiff/decedent;
    (e) the nature of and basis for the claim; and
    (f) the current status of the claim (i.e., pending, approved, deferred, rejected, etc.).

ANSWER: Objection. This discovery request is unreasonably cumulative or duplicative. Discovery responsive to this interrogatory has already been provided through the documents referred to in the general response to these interrogatories. The term "exposed to" is vague. Not all bankruptcy trusts require a statement of the "nature and basis of the claim." Subject to, and without waiving the objection, counsel for plaintiff states: The entities which are believed to be 524(g) trusts to which asbestos claims were submitted, the date submitted, date paid (if any compensation was paid) is reflected on the attached exhibit A. The total for payments from all trusts and other settlement sources is stated since the payments amounts by individual trusts are confidential. The meaning of the entries in the "Status" field in exhibit A are: "Full$" means paid; "Submitted" means the claim has not been paid or possibly has been deferred; "Deferred" means the submission for the claim has not been completed; "Inline" means that a release has been submitted but payment has not yet been received; "Rejected" means that the claim was rejected; "Responded" means that CVLO is responding to deficiencies in the claim; and "Open$" means that multiple payments are being made on the claim. Claims not paid or rejected are still pending. Information responsive to the remaining subparts, to the extent the information is required by the trust, can be found by reference to the documents which speak for themselves. All documents from the submissions which are in the possession, custody or control of plaintiff

2

or plaintiff's counsel are being produced by a separate transmittal. No silica claim has been filed.

4. With regard to any claim for compensation for injury allegedly due to Plaintiff or Plaintiff's Decedent's exposure to asbestos or silica which you have made or filed with any Bankrupt Entity or any 524(g) Trust, identify:

    (a) the full identity of each entity and/or 524(g) Trust against whom such claim(s) was made;
    (b) the basis for such claim(s); and
    (c) the date you or anyone on your behalf made such claim(s).

ANSWER: Same answer to number 3.

5. Do you contend that the only asbestos-containing products to which Plaintiff or Plaintiff's Decedent was exposed during his or her life are those products manufactured by the companies or entities that have been sued in this action?

ANSWER: I do not know. My attorneys state: Treating "exposure" to mean inhalation of any asbestos fibers, plaintiff does not contend the only exposures were to products manufactured by the companies or entities that have been sued in this action.

6. Do you contend that you are entitled to compensation from one or more Bankrupt Entity and/or 524(g) Trust as a result of Plaintiff's or Plaintiff's Decedent's alleged exposure to asbestos?

ANSWER: I do not know the answer. My attorneys state: Yes.

7. Have you, or any agent or attorney on your behalf, deferred, or requested to defer, any claim for compensation with any 524(g) Trust or Bankrupt Entity?

ANSWER: I do not know the answer. My attorneys state: No.

8. Were you or your decedent ever screened or evaluated for an asbestos-related disease?

ANSWER: I do not know what the term "screened" means. Any evaluation was arranged by my attorneys. Objection. This discovery request is unreasonably cumulative or duplicative. Discovery responsive to this interrogatory has already been provided through the documents referred to in the general response to these interrogatories. Subject to objection, my attorneys state that the information in any B-Reads, PFTs, and other medical records already produced to Icon contains evaluations for asbestos disease known to plaintiff's counsel.

9. If the answer to Interrogatory No. 8 is yes, identify:
    (a) the date and location of such screening or evaluation;
    (b) the entity that conducted the screening or evaluation;

(c) the physician(s) that interpreted the findings; and
(d) the name of the entity that set-up, coordinated, and/or financed the screening or evaluation.

ANSWER: I do not recall. Objection. This discovery request is unreasonably cumulative or duplicative. Discovery responsive to this interrogatory has already been provided through the documents referred to in the general response to these interrogatories. My attorneys state: See answer to interrogatory 8.

10. Have you received any compensation as a result of a pre-packaged bankruptcy plan executed by any entity?

ANSWER: I do not know what a "pre-packaged bankruptcy plan" means or whether such is the source of any compensation I have received. My attorneys state: See exhibit A.

Dated: November 15, 2011:

As to statements of counsel and objections only,

*[signature: Robert J. McCoy]*

_____
Attorney for plaintiff
Robert G. McCoy
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, Illinois 60607-5308
tel: 312-944-0600
fax: 312-944-1870
e-mail: bmccoy@cvlo.com

- Client Verification to Follow -

REQUEST FOR PRODUCTION OF DOCUMENTS

4

# Exhibit A Georgia Pacific Bankruptcy Discovery

Wednesday, October 19, 2011

SSN:                    Last: Suoja

First: Oswald

| Defendant | Status | Submitted | Settled |
|---|---|---|---|
| Babcock & Wilcox | Full$ | | 8/10/1999 |
| Crown Cork & Seal Company Incorporated | Full$ | | 10/30/1997 |
| Eagle Picher Industries | Full$ | | |
| Fibreboard Corporation | Full$ | | 3/10/2000 |
| Flintkote Company | Full$ | | 10/26/2001 |
| H K Porter Company Incorporated | Full$ | | 12/4/2000 |
| National Gypsum Company | Full$ | | 5/27/2008 |
| Owens Corning Fiberglas Corporation | Full$ | | 8/30/1999 |
| Raytech Industies Incorporated | Submitted | 1/15/2011 | |
| Rockwool Manufactoring Company | Submitted | 11/17/2010 | |
| UNARCO | Full$ | | |

**Settlement Total: $245,260.60**