IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| GARY SUOJA, Individually and as Special Administrator of the Estate of OSWALD SUOJA, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 99-cv-475-bbc |
| v. | ) ) | |
| Owens-Illinois, Inc., | ) ) | |
| Defendant. | ) | |

**Reply in support of Motion for Protective Order and Leave to File
documents in camera and Response to Owens Illinois Motion to Compel**

---

Plaintiff moved this court for a protective order allowing filing of documents for in camera review which are part of responses to discovery requests of Owens-Illinois. OI responded and also moved to compel certain discovery. Plaintiff replies in support of plaintiff's motion and opposes OI's motion.

The historical events relating to the motions are:

1. On March 4, 2015, this court entered an order denying OI's motion to enforce an alleged settlement agreement based on lack of authority of plaintiff counsel. (Doc #67.)

2. On April 10, 2015, this court entered an order on OI's request for discovery of certain matters. (Doc #77.) Discovery was not opposed and allowed as to a "previous lawsuit and the alleged settlement [of the instant case]." Discovery was denied as to "plaintiff's status as the administrator of the estate" because such issue had been "forfeited" by failing to make timely objection in the MDL-875 where the appointment was made.

3. OI served discovery requests and plaintiff responded with interrogatory answers signed by Gary Suoja referring to two emails showing lack of authority to make the alleged settlement. Plaintiff moved to file in camera the referenced documents relating to the alleged settlement because the emails also contained information about other privileged matters.

4. The motions which are the subject of this submission were filed.

Defendant argues plaintiff withheld documents because the attorney client objection was asserted. Plaintiff already agreed the privilege is waived as to the communications about the alleged settlement. Plaintiff did not assert the privilege objection in the interrogatory answers for that purpose. The discovery response referred to emails concerning communications between special administrator Gary Suoja and counsel. The documents contained both information related to the alleged settlement agreement and communications between counsel about other confidential legal communications about the lawsuit. The motion for in camera filing and the objections to OI discovery are made to protect the part of the communications which do not involve the alleged agreement. Plaintiff is not withholding any information relating to the alleged settlement and will answer all questions relating to the alleged agreement at the deposition he is scheduled to give in four days on June 26, 2015, including questions about portions of the documents which relate to the settlement. Plaintiff believes upon in camera review the court can provide a redacted copy of the document to OI. Plaintiff will also provide a redacted copy, eliminating communications about matters not involving the alleged settlement to defense counsel before the Gary Suoja deposition to facilitate the deposition.

Defendant also asserts Plaintiff Gary Suoja in responding to discovery withheld information known to the estate or other heirs about an earlier lawsuit filed in 1997 in state court. No

information about the past lawsuit is withheld. At the deposition of Plaintiff, he will answer questions about the earlier lawsuit and confirm no information known to himself or other heirs is withheld. Nothing in file of the earlier case suggests Plaintiff or another heir had any involvement. The earlier lawsuit was filed on behalf of decedent Oswald Suoja by his now deceased spouse Delores Suoja. The lawsuit was terminated in approximately 2000 while Delores Suoja was still living. Neither Gary Suoja nor any other heirs of Oswald Suoja were parties to or served in a representative capacity for the earlier case.

## Conclusion

This court should deny the motion to compel filed by OI or reserve ruling until completion of the deposition of Gary Suoja. The relief requested in plaintiff's motion for in camera filing should be granted. Only redacted copies of the communications leaving only portions related to the alleged settlement agreement are discoverable.

Dated: June 22, 2015

/S/ Robert G. McCoy
Attorney for Plaintiff
Robert G. McCoy
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, IL 60607
(312) 944-0600
(312) 944-1870 (fax)
bmccoy@cvlo.com