IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

GARY SOUJA, Individually and as
Special Administrator for the Estate
of OSWALD F. SUOJA, Deceased,

    Plaintiff,

v.                                      Case No. 3:99-cv-00475-bbc

OWENS-ILLINOIS, INC.,

    Defendant.

OWENS-ILLINOIS, INC.'S
BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Edward Casmere
Joshua D. Lee
Brian O. Watson
Schiff Hardin LLP
233 S. Wacker Dr. Suite 6600
Chicago, Illinois 60606
(312) 258-5500
(312) 258-5600 (facsimile)
*Attorneys for Defendant
Owens-Illinois, Inc.*

**Introduction**

This is the second action arising from Oswald Suoja's death in 1996. In September 1997, Delores Suoja filed the first action in Wisconsin state court. As the surviving spouse, she claimed that Oswald was exposed to asbestos and died from peritoneal mesothelioma, a type of cancer. In December 1999, after more than two years of litigation, the Wisconsin circuit courts dismissed that action on the merits, together with all claims and causes of action, and then entered an order closing the Estate.

This second action, now pursued by one of Oswald Suoja's sons, Gary, fails for three reasons. *First*, the action is moot because the Estate and Delores Suoja, as the surviving spouse, have already recovered. *Second*, Gary Suoja lacks Article III standing to maintain this action. *Third*, the claims against Owens-Illinois are precluded because the issue of exposure to Owens-Illinois Kaylo insulation products was actually contested in the first action and decided by a valid final judgment. For these reasons, summary judgment is appropriate.

**Argument**

I.   **This Action Is Moot.**

Article III of the Constitution grants federal courts the authority to adjudicate only "actual ongoing controversies." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 626 (7th Cir. 2007) (quoting *Honig v. Doe*, 484 U.S. 305, 317 (1988)). "For a case to be justiciable, a live controversy must continue to exist at all stages of review, not simply on the date the action was initiated." *Brown v. Bartholomew Consol. School Corp.*, 442 F.3d 588, 596 (7th Cir. 2006). The action should be dismissed as moot when,

by virtue of an intervening event, the court cannot grant relief in favor of the plaintiff. *A.B. ex rel. Kehoe v. Hous. Auth. of South Bend*, 683 F.3d 844, 845 (7th Cir. 2012) (quotation omitted); *see also Killian v. Concert Health Plan*, 742 F.3d 651, 659-64 (7th Cir. 2013).

Under this framework, Gary Suoja's claims are moot. Wis. Stat. § 895.04(1) defines the plaintiff in wrongful death as the deceased's "personal representative" or "the person to whom the amount recovered belongs." *Bowen v. Am. Family Ins. Co.*, 340 Wis. 2d 232, 239, 811 N.W.2d 887, 890 (Wis. Ct. App. 2012) (quoting Wis. Stat. § 895.04(1)). And the survival action belongs only to the decedent's estate. *Jaeger v. Raymark Indus., Inc.*, 610 F. Supp. 784, 788 (E.D. Wis. 1985). Wis. Stat. § 895.04(2) then establishes a hierarchy of people who may recover. *Id.* (quoting Wis. Stat. § 895.04(2)). Wisconsin law "give[s] the surviving spouse exclusive ownership of the right to recover for the decedent's wrongful death and preclude[s] the adult children from bringing wrongful death claims." *Id.*[1]

Wisconsin law also prohibits "separate wrongful death actions concerning the same decedent." *Delvaux v. Vanden Langenberg*, 130 Wis. 2d 464, 494, 387 N.W.2d 751, 764 (1986). "If separate actions are brought for the same wrongful death, the actions are to be consolidated so that a single judgment may be entered protecting all of the defendants." *Id.* (citing Wis. Stat. § 895.04(3)). "Unless such consolidation is so effected that a single judgment may be entered protecting all defendants and so that satisfaction

---

[1] The loss of consortium claim is "appropriately construed as part of [a] wrongful death claim and not as a separate cause of action." *Jaeger v. Raymark Indus., Inc.*, 610 F. Supp. 784, 788 (E.D. Wis. 1985); *see also Dziadosz v. Zirneski*, 501 N.W.2d 828, 830 (Wis. Ct. App. 1993) (citing Wis. Stat. § 895.04(2)).

of such judgment shall extinguish all liability for the wrongful death, no action shall be permitted to proceed except that of the personal representative." Wis. Stat. § 895.04(3).

The relevant facts here are not disputed. Gary Suoja is neither the surviving spouse of Oswald nor the personal administrator of the Estate. He cannot obtain relief under Wisconsin law. When Delores Suoja filed this action, as the surviving spouse, she had sole ownership of the claims and the right to recover. SPFF ¶¶ 6-14, 15, 33. Since then, she litigated the claims in state court and recovered for Oswald's death. SPFF ¶¶ 15-31, 53-54. Indeed, as Gary Suoja attested when he closed the Estate in January 2007, any recovery was received and disbursed. SPFF ¶¶ 53-54.[2] Those intervening events moot this action.

The test for mootness "is whether the relief sought would, if granted, make a difference to the legal interests of the parties (as distinct from their psyches, which might remain deeply engaged with the merits of the litigation)." *Air Line Pilots Ass'n, Int'l v. UAL Corp.*, 897 F.2d 1394, 1396 (7th Cir. 1990).  And in this case, the relief sought — namely recovery from Oswald's death — cannot make a difference to the legal interests: Delores Suoja recovered as the surviving spouse, the Estate has been closed, and the lineal heirs have no right to recover at all.

---

[2] The order closing the Estate was a conclusive determination, and it operated as a final adjudication of the transfer of the right, title, and interest of Oswald. Wis. Stat. § 863.31(1); *see In re Poulse's Estate*, 54 Wis. 2d 139, 194 N.W.2d 593 (1972) (requiring fraud to reopen estate); *Estate of Strange*, 3 Wis.2d 104, 108, 87 N.W.2d 859 (1958) (same); *Estate of Baumgarten*, 12 Wis.2d 212, 222, 107 N.W.2d 169 (1961) (same). Judicial estoppel would prevent Gary Suoja from asserting a position that is inconsistent with his position in the probate action. *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001); *Riccitelli v. Broekhuizen*, 227 Wis. 2d 100, 112 (1999). Any argument that additional recovery exists would be inconsistent with his testimony in the probate action.

The Seventh Circuit has held claims are moot in analogous situations. For instance, when another party pays a judgment, the action is moot because the court "cannot relieve [a party] of an obligation that has already been extinguished by another party." *United States v. Balint*, 201 F.3d 928, 936 (7th Cir. 2000). *See also Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate." (citation omitted)); *Wegscheid v. Local Union 2911*, 117 F.3d 986, 990 (7th Cir. 1997) ("[A] suit cannot be maintained in a court created under Article III of the Constitution, however egregious the defendant's conduct, unless the decision would affect the tangible interests of the suit. A decision of this appeal, given that the suitors have obtained all the relief that *they* need to protect themselves . . . could not have such an effect.").

Likewise, here, any liability has been extinguished. Delores Suoja, as the surviving spouse, with exclusive ownership of the claims, recovered and dismissed all claims and causes of action on the merits in 1999. SPFF ¶ 31. In 2007, the Estate was then closed because, as Gary Suoja declared under oath, any recovery had been received and disbursed. SPFF ¶¶ 53-54.[3] That recovery must have satisfied any liability for Oswald's death. *Id.* The Court cannot order Owens-Illinois to refund the settlements those companies already paid to satisfy the liability. *See Balint*, 201 F.3d at 936. Nor can Gary Suoja obtain a judgment against Owens-Illinois in favor of the Estate — it does not exist

---

[3] Gary Suoja and Cascino Vaughan Law Offices have disclosed settlements only before the Estate was closed in January 2007. *See* ECF No. 85-6 (23 settlements for $244,920.60); ECF No. 85-7 (11 settlements for $245,260.60); ECF No. 85-8 (19 settlements for $137,987.74).

as a matter of law, and has already recovered for Oswald's death. *See Stevens v. Hous. Auth. of South Bend, Ind.*, 663 F.3d 300, 306 (7th Cir. 2011) ("A case is moot when a plaintiff no longer has a legally cognizable interest in the outcome."). Accordingly, this action is moot.

## II.     There Is No Jurisdiction Because Gary Suoja Lacks Standing.

Article III of the Constitution also requires that the plaintiff have standing to maintain the action. *Castle v. Village of Libertyville*, 819 F.2d 174, 176-77 (7th Cir. 1987); *Hillyard v. National Dairy Prods. Corp.*, 301 F.2d 277, 279 (7th Cir. 1962); *see also Hutchinson v. Spink*, 126 F.3d 895, 898-99 (7th Cir. 1997). Standing is a jurisdictional requirement, which is not subject to waiver. *United States v. Hays*, 515 U.S. 737, 742 (1995); *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 255 (1994). Thus, the "federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'" *Hays*, 515 U.S. at 742; *accord Hutchinson*, 126 F.3d at 898-99 ("The first issue we consider is whether we actually have a proper plaintiff before us . . . through a proper representative.").

As in *Castle*, *Hillyard*, and *Hutchinson*, this Court should determine whether Gary Suoja has standing to pursue this action. If he is not a properly appointed representative, just as in *Castle* and *Hillyard*, dismissal for lack of standing is required. *Castle*, 819 F.2d at 176-77 (affirming dismissal because appointment was improper); *Hillyard*, 301 F.2d at 279 (same); *see also Hutchinson*, 126 F.3d at 898-99 (reviewing standing on appeal because "only the decedent's estate is entitled to sue on [a wrongful

death] claim in Wisconsin" and "the only possible party entitled to raise the claims in the proposed complaint would be [the] estate, through a proper representative").

There is no question that, as a matter of law, Gary Suoja is not a properly appointed representative and he lacks standing to maintain this action. *See Hutchinson*, 126 F.3d at 898-99. When, as here, separate actions are brought for wrongful death, "no action shall be permitted to proceed except that of the personal representative." Wis. Stat. § 895.04(3). There is no order properly appointing Gary Suoja as the personal representative of the Estate or the special administrator of the Estate. Wisconsin state courts would have exclusive jurisdiction to do so, Wis. Stat. § 856.01, and probate and estate administration are outside the power of federal courts, *Rice v. Rice Foundation*, 610 F.2d 471, 474 (7th Cir. 1979).[4]

Because Gary Suoja is not a proper representative for the Estate, he lacks standing to maintain this action. And because Gary Suoja lacks standing to maintain this action, this Court lacks jurisdiction and the action should be dismissed. *Castle*, 819 F.2d at 176-77; *Hillyard*, 301 F.2d at 279; *see also Hutchinson,* 126 F.3d at 898-99.

### III. Gary Suoja Is Precluded from Re-Litigating Exposure to Owens-Illinois Kaylo.

Moreover, even if Gary Suoja could satisfy Article III of the Constitution, issue preclusion bars his claims against Owens-Illinois because the issue of exposure to Kaylo

---

[4] *Hassanati v. Int'l Lease Fin. Corp.*, 51 F. Supp. 3d 887, 895-97 (C.D. Cal. 2014) (citing *In re Yasmin and Yaz (Drospirenone) Mktg., Sales Practices & Relevant Prods. Liab. Litig.*, 2010 WL 4608609, at *1 (S.D. Ill. Nov. 4, 2010); *Sequoia Prop. & Equip. Ltd. P'ship v. United States*, 2002 WL 32388132, at *3 (E.D. Cal. June 3, 2002) *Wilson v. Sundstrand Corp.*, 99 C 6946, 2002 WL 99745, at *4 (N.D. Ill. Jan. 25, 2002); *Jones v. Harper*, 55 F. Supp. 2d 530, 533 (S.D.W. Va.1999); *Coleman v. McLaren*, 590 F. Supp. 38, 39 (N.D. Ill. 1984)); *White v. United States*, 2013 WL 6004159, at *3-4 (D. Ariz. Nov. 13, 2013).

insulation products was actually contested in the prior action and decided by a valid final judgment. *See Arendt v. Owens-Illinois, Inc.*, No. 13-C-727, 2015 WL 3452549, at *2-3 (E.D. Wis. May 29, 2015) (citing *Michelle T. by Sumpter v. Crozier*, 173 Wis. 2d 681, 687 & n.7, 495 N.W.2d 327 (1993)); *see also Ahnert v. Brand Insulation, Inc.*, No. 13-C-1456, 2014 WL 4257740, at *1-5 (E.D. Wis. Aug. 29, 2014); *Ahnert v. Brand Insulation, Inc.*, No. 13-C-1456, 2015 WL 461568, at *1-5 (E.D. Wis. Feb. 3, 2015).

Under Wisconsin law, issue preclusion prohibits re-litigation of issues that were actually contested in a previous action between the same or different parties and were decided by a valid final judgment. *Arendt*, 2015 WL 3452549, at *2-3. Although Wisconsin courts generally do not give preclusive effect to issues not decided by the court because of settlement or dismissal, the rule is flexible and "'even if an issue was not litigated, the party's reasons for not litigating in the prior action may be such that preclusion would be appropriate.'" *Id.* (citation and brackets omitted). Wisconsin courts can consider a variety of factors relating to "fundamental fairness" in determining whether to apply issue preclusion. *Id.* (citation omitted).

Here, much like *Arendt* and *Ahnert*, the application of preclusion is warranted. There is no dispute that Delores and Gary Suoja allege the same course of conduct: (1) Oswald was diagnosed with and died of mesothelioma; (2) Oswald was exposed to asbestos; (3) all exposures contribute to the development of mesothelioma; and (4) the exposures therefore caused Oswald's mesothelioma. SPFF ¶¶ 16-19, 37. Likewise, Delores and Gary Suoja alleged the same legal claims. SPFF ¶¶ 20, 39. Concerning Owens-Illinois specifically, they both alleged that Oswald was exposed at Badger

Ordnance Works to asbestos from Kaylo insulation products, which were made by Owens-Illinois, distributed by Owens Corning Fiberglas, and installed by Sprinkmann Sons Corporation. SPFF ¶¶ 23-28, 38.

Delores Suoja litigated those issues for two years. SPFF ¶¶ 15-32. Faced with motions seeking summary judgment on the ground that there was no evidence that Oswald was exposed to asbestos — specifically including Kaylo insulation products at Badger Ordnance Works — she dismissed the action. SPFF ¶¶ 31. Indeed, Delores Suoja agreed to dismiss all claims and causes of action on the merits. *Id.*

Under these circumstances, the dismissal should be given preclusive effect on whether Oswald was exposed to Kaylo insulation products at Badger Ordnance Works. "There must be a finality to litigation." *Ahnert*, 2014 WL 4257740, at *5; *see also Arendt*, 2015 WL 3452549, at *2-3. Seriatim filing of lawsuits is what preclusion is meant to prevent. Delores Suoja and the Estate had an adequate opportunity for a full and fair adjudication in a prior action, and they were unable to produce evidence on the issue of exposure to go forward on their allegations. Gary Suoja now tries to avoid the prior judgment by pursing another lawsuit arising out of the same transaction — this is exactly the type of conduct that preclusion is meant to prevent, and it should not be encouraged. Just as in *Arendt* and *Ahnert*, the underlying policies weigh in favor of preclusion. *Ahnert*, 2014 WL 4257740, at *5; *Ahnert*, 2015 WL 461568, at *1-5; *Arendt*, 2015 WL 3452549, at *2-3. Issue preclusion therefore should bar Gary Suoja's claims against Owens-Illinois because the issue of exposure to Owens-Illinois Kaylo was actually contested in the prior action and decided by a valid final judgment.

## **Conclusion**

For these reasons, Owens-Illinois, Inc. requests that the Court grant its Motion for Summary Judgment (ECF No. 89).

                                            Respectfully submitted,

                                            By: /s/Brian O. Watson
                                                  Edward Casmere
                                                  Joshua D. Lee
                                                  Brian O. Watson
                                                  Schiff Hardin LLP
                                                  233 S. Wacker Dr. Suite 6600
                                                  Chicago, Illinois 60606
                                                  (312) 258-5500
                                                  (312) 258-5600 (facsimile)
                                                  *Attorneys for Defendant*
                                                  *Owens-Illinois, Inc.*

## CERTIFICATE OF SERVICE

I certify that on July 10, 2015, these papers were filed with the Clerk of the Court for the United States District Court for the Western District of Wisconsin using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson
Brian O. Watson

15640-0889

CH2\16858542.4

- 11 -