IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GARY SOUJA, Individually and as
Special Administrator for the Estate
of OSWALD F. SUOJA, Deceased,

      Plaintiff,

  v.                                    Case No. 3:99-cv-00475-bbc

OWENS-ILLINOIS, INC.,

      Defendant.

---

OWENS-ILLINOIS, INC.'S
STATEMENT OF PROPOSED FINDINGS OF FACT
FOR ITS MOTION FOR SUMMARY JUDGMENT

Edward Casmere
Joshua D. Lee
Brian O. Watson
Schiff Hardin LLP
233 S. Wacker Dr. Suite 6600
Chicago, Illinois  60606
(312) 258-5500
(312) 258-5600 (facsimile)
*Attorneys for Defendant
Owens-Illinois, Inc.*

Owens-Illinois, Inc. ("Owens-Illinois") submits the following statement of proposed findings of fact pursuant to the Court's procedure on motions for summary judgment (ECF No. 17).

## I. Diversity

1. Gary Suoja is a resident of Mercer Island, Washington. Pl.'s Resp. Interrogs. at No. 2, Brian Watson Decl. at Exs. 34, 35, 36.

2. Delores Suoja was a resident of Superior, Douglas County, Wisconsin. *Id.*

3. Oswald Suoja was a resident of Superior, Douglas County, Wisconsin. *Id.*

4. Owens-Illinois is a Delaware corporation with its headquarters in Ohio.

## II. Venue

5. The Complaint alleges that a substantial part of the events or omissions giving rise to this action occurred in the Western District of Wisconsin. Pl.'s Compl. ¶¶ 1, 5, ECF No. 2.

## III. The Estate of Oswald Suoja

6. Oswald Suoja died on December 29, 1996. Certificate of Death, ECF No. 2-1.

7. Delores Suoja was the surviving spouse of Oswald Suoja. Certificate of Death, ECF No. 2-1.

8. Delores Suoja died on April 7, 2003. Delores Suoja Obituary, *Duluth News Tribune*, Brian Watson Decl. at Ex. 30.

9. Oswald and Delores Suoja had four adult children: Derald Suoja, Gary Suoja, Suzanne Merwin, and Kimberly Suoja. Kimberly Suoja Dep. 7-8, ECF No. 88.

10. Derald Suoja died on January 14, 2011. *Id.* at 8; Derald Suoja Obituary, *Duluth News Tribune*, Brian Watson Decl. at Ex. 31.

11. Derald Suoja has two adult daughters: Lynn and Lisa. Kimberly Suoja Dep., 93-94, ECF No. 88.

12. Kimberly Suoja did not know Gary Suoja had been appointed to administer the estate of Oswald Suoja. *Id.* at 72-73.

13. Before a month ago, Kimberly Suoja did not know a lawsuit existed. *Id.* at 104-05.

14. Until recently, Gary Suoja did not know a lawsuit was still pending. Gary Suoja Dep., June 26, 2015 (pending final deposition transcript from).

### IV.     *Suoja I*:  The State Court Action

15. On September 2, 1997, Delores Suoja brought an action captioned as *Delores Suoja, Individually and as Special Administrator of the Estate of Oscar [sic] Suoja, deceased, v. ACandS, Inc. et al.*, No. 97-cv-2370, in the Circuit Court of Dane County, Wisconsin ("*Suoja I*"). Pl.'s Compl., Brian Watson Decl. at Ex. 1.

16. The *Suoja I* complaint alleged that Oswald Suoja was an insulator who used asbestos-containing products or worked in the vicinity of persons using the products at various job sites in the State of Wisconsin, and as a direct and proximate result developed mesothelioma, which resulted in his death. *Id.* at ¶¶ 1, 12, 21.

17. The *Suoja I* complaint alleged that Oswald Suoja was exposed to asbestos from products that were sold, manufactured, distributed, packaged, installed, or otherwise placed into the stream of commerce by ACandS Inc., Allied Insulation Supply

Co. Inc., A. P. Green Inc., Armstrong World Industries Inc., Armstrong Cork Co., Asbestos Claims Management (f/k/a National Gypsum Corp.), Building Services Industrial Sales Co., Inc., Crown Cork & Seal Company, Mundet Cork Corporation, GAF Corporation, Garlock Inc., L & S Insulation Co. Inc., Owens Corning Fiberglas Corp., Owens-Illinois, Pittsburgh-Corning Corporation, PPG Industries Inc., Pittsburgh Plate Glass Co., Rapid American Corp., Philip Carey Manufacturing Co., Raymark Industries Inc., Raybestos-Manhattan, Inc., Sprinkmann Sons Corporation, and United States Gypsum Corp. *Id.* at ¶¶ 3-12.

18. The *Suoja I* complaint specifically alleged that on or about April 1, 1953, Owens-Illinois entered into a distributorship agreement with Owens Corning Fiberglas for the distribution of Kaylo, an asbestos-containing product manufactured by Owens-Illinois, and Owens Corning Fiberglas began selling Kaylo as a distributor for Owens-Illinois. *Id.* at ¶ 73.

19. The *Suoja I* complaint specifically alleged that on or about April 30, 1958, Owens Corning Fiberglas purchased the Kaylo product line from Owens-Illinois, and began manufacturing and distributing Kaylo insulation products, which it had previously distributed for Owens-Illinois. *Id.* at ¶ 51.

20. The *Suoja I* complaint alleged legal claims of (1) products liability - negligence, (2) products liability - strict liability, (3) civil conspiracy, and (4) declaratory judgment. *Id.* at ¶¶ 11-114.

21. The *Suoja I* complaint specifically alleged that Owens-Illinois was a member of the civil conspiracy. *Id.* at ¶ 35.

22. In June 1998, the Wisconsin Circuit Court held a scheduling conference in *Suoja I*, setting a three-week jury trial for November 1, 1998, amendments to the pleadings by July 27, 1998, plaintiff's expert disclosures by September 1, 1998, and defendants' expert disclosures by December 1, 1998. Pretrial Conference Minutes, Brian Watson Decl. at Ex. 22.

23. Delores Suoja as Special Administrator of the Estate represented in *Suoja I* that Oswald Suoja worked with or around asbestos-containing products as follows:

| Dates | Jobsites | State | Products |
|---|---|---|---|
| 1943-1945 | Shipyard | MN | |
| 1945 | Power Plant | MN | |
| 1945-1946 | Alma Power Coop | WI | |
| 1946-1947 | Sugar Beet Factory | MN | |
| 1947 | Veteran's Hospital | ND | |
| 1947-1950 | White Pines Housing Development | MI | Unknown |
| 1951-1952 | Schlitz Brewery | WI | |
| 1952-1954 | Milwaukee Correctional Center | WI | |
| 1952 | Milwaukee County Stadium | WI | |
| 1954-1956 | Badger Ordinance Works | WI | Unknown |
| 1956-1970's | Sunstrand's | IL | Unknown |
| 1956-1970's | Sunstrand's | IL | Unknown |
| 1956-1970's | Sunstrand's | IL | Unknown |
| 1956-1970's | Ingersol's | IL | |
| 1956-1970's | Belvedere High School | IL | |
| 1970's | Chevrolet Plant | WI | |
| 1979-1980 | University of Wisconsin Hospital | WI | |
| 1982-1985 | Hormel Plant | WI | |

Pl.'s Initial Resp. Interrogs. at No. 19 & Ex. B, Brian Watson Decl. at Ex. 2.

24. Delores Suoja as Special Administrator of the Estate admitted in *Suoja I* that Oswald Suoja inhaled asbestos while working at Badger Ordnance. Pl.'s Resp. Req. Admit. at No. 71, Brian Watson Decl. at Ex. 10.

25. Delores Suoja as Special Administrator of the Estate admitted in *Suoja I* that Oswald Suoja inhaled asbestos from certain products, including Pittsburgh Corning, Rapid American, and Unibestos. Pl.'s Resp. Req. Admit. at No. 43, 47, 62, Brian Watson Decl. at Ex. 10.

26. Delores Suoja as Special Administrator of the Estate represented in *Suoja I* that she could not admit nor deny, after reasonable investigation, whether Oswald Suoja ever inhaled asbestos from asbestos-containing products manufactured, sold, distributed, or installed by Owens-Illinois. Pl.'s Resp. Req. Admit. at No. 42, Brian Watson Decl. at Ex. 10.

27. In 1999, following fact and expert discovery, defendants moved for summary judgment in *Suoja I*. Defs.' Mots. Summ. J., Brian Watson Decl. at Exs. 8 & 14.

28. Defendant Sprinkmann Sons Corporation showed there was no evidence that Oswald Suoja was exposed to or inhaled asbestos containing products supplied or installed by Sprinkmann Sons Corporation, specifically including any products supplied or installed at Badger Ordnance. Def.'s Mot. Summ. J., Brian Watson Decl. at Ex. 9.

29. In August 1999, more than a year after the deadline for amendments to the pleadings, the Wisconsin Circuit Court denied the plaintiff's motion for leave to amend the complaint to add Owens-Illinois as a defendant in *Suoja I*. Order 1 & Minutes 1, Brian Watson Decl. at Exs. 40 & 41.

30. In October 1999, Delores Suoja as Special Administrator of the Estate represented that she had resolved with all parties, would not appear at the pretrial conference, and considered the *Suoja I* action closed. Pl.'s Letter, Brian Watson Decl. at Ex. 39.

31. Later in 1999, the Wisconsin Circuit Court entered an order dismissing the *Suoja I* action, together with all claims and causes of action, on the merits. Order 1,

Brian Watson Decl. at Ex. 21.

32. The Estate of Oswald Suoja, including its agents and attorneys, has not produced and preserved all evidence from *Suoja I*. Pl.'s Resp. Req. Prod. at Nos. 4-9, Brian Watson Decl. at Ex. 37.

**V.** *Suoja II*: **The Federal Action**

33. On August 5, 1999, while the *Suoja I* action was still pending, Delores Suoja brought this action individually and on behalf of the Estate of Oswald Suoja ("*Suoja II*"). Pl.'s Compl., ECF No. 1.

34. None of the defendants from *Suoja I* was named in the *Suoja II* complaint. *See id.*

35. Delores Suoja did not bring this *Suoja II* action as the personal representative of the Estate pursuant to Wis. Stat. 895.04(3). *See id.*

36. Delores Suoja did not move to consolidate the *Suoja I* and *Suoja II* actions pursuant to Wis. Stat. 895.04(3).

37. The *Suoja II* complaint alleged that Oswald Suoja was an asbestos worker who used asbestos-containing products or worked in the vicinity of persons using the products at various job sites, and as a direct and proximate result developed mesothelioma, which resulted in his death. *Id.* at 1-2.

38. The *Suoja II* complaint alleged that Oswald Suoja worked with or around asbestos-containing products as follows:

| FirstYrId | LastYrId | SiteLocation | SiteCity | SiteSt |
|---|---|---|---|---|
| 1951 | 1952 | INDIANA MICHIGAN POWER CO (TANNERS CREEK) | LAWRENCEBUR | IN |
| 1952 | 1954 | MILWAUKEE HOUSE OF CORRECTION | MILWAUKEE | WI |
| 1954 | 1956 | BADGER ORDNANCE WORKS | BARABOO | WI |
| 1970'S | 1970'S | SUNDSTRAND | ROCKFORD | IL |

*Id.* at ¶ 6 & Ex. B.

39. The *Suoja II* complaint alleged legal claims of (1) products liability - negligence, (2) products liability - strict liability, (3) civil conspiracy, (4) declaratory judgment, and (5) loss of consortium. *Id.* at 2-6.

40. As an asbestos-related personal injury action, *Suoja II* was transferred to the Eastern District of Pennsylvania for consolidated pretrial proceedings in MDL 875. Order, ECF No. 3.

41. On May 20, 2004, on the basis that Gary Suoja was the special administrator of the Estate of Oswald Suoja, Cascino Vaughan Law Offices filed a motion in this Court, asking the Eastern District of Pennsylvania to amend the *Suoja II* complaint and to substitute Gary Suoja as the named plaintiff and special administrator of the Estate. Pl.'s Mot. 1, ECF No. 9.

42. On March 3, 2009, the Eastern District of Pennsylvania entered an order in *Suoja II* that "the complaint is hereby amended on its face substituting Gary Suoja, individually and as special administrator for the Estate of Oswald F. Suoja, as plaintiff herein." Order 1, ECF No. 74-2.

43. Gary Suoja has not pursued this *Suoja II* action as the personal representative of the Estate of Oswald Suoja pursuant to Wis. Stat. 895.04(3).

44. There are no orders appointing Gary Suoja as the personal representative of the Estate of Oswald Suoja.

45. There are no orders entered by the Wisconsin Circuit Court appointing Gary Suoja as the special administrator of the Estate of Oswald Suoja for the purposes of pursing this *Suoja II* action.

46. In MDL 875, the Eastern District of Pennsylvania entered an administrative order requiring plaintiffs and their attorneys to submit specific information about (1) each plaintiff, (2) each prior or pending court or administrative action, (3) each defendant, and (4) a medical diagnosing report or opinion. Admin. Order No. 12 at ¶¶ 1-4, Brian Watson Decl. at Ex. 33.

47. Although the administrative order required plaintiffs and their attorneys to identify each "related court actions," Delores Suoja and Cascino Vaughan Law Offices did not identify *Suoja I* in their report. Report Pursuant to Admin. Order No. 12 at ¶ 2, Brian Watson Decl. at Ex. 32.

48. In MDL 875, the Eastern District of Pennsylvania ordered that plaintiffs and their attorneys answer a set of standard interrogatories. Pl.'s Resp. Interrogs., Brian Watson Decl. at Exs. 34-36.

49. In response to the interrogatories, Gary Suoja and Cascino Vaughan Law Offices represented that no other lawsuit existed, and did not disclose any information concerning *Suoja I. Id.* at Nos. 14, 26-30.

50. In February 2015, Gary Suoja and Cascino Vaughan Law Offices identified *Suoja I* in a proposed surreply. Pl.'s Surreply at 1, ECF No. 62-1.

## VI. The Probate Action

51. On April 29, 2002, Gary Suoja filed a petition with the Circuit Court of Douglas County, asking that letters of special administration be issued to him with only these specific powers: the power to prosecute an action regarding injuries to the decedent on behalf of the estate of Oswald Suoja. Spec. Admin. Pet. 1, Brian Watson Decl. at Ex. 23.

52. On April 29, 2002, the Circuit Court of Douglas County heard the petition without notice. The court issued letters of special administration to Gary Suoja, and granted only these specific powers: the power to prosecute an action regarding injuries to the decedent on behalf of the estate of Oswald Suoja. Order App't Spec. Admin 1, Brian Watson Decl. at Ex. 24.

53. On December 18, 2006, Gary Suoja filed a petition for discharge as special administrator with the Circuit Court of Douglas County, stating under oath that he had completed the assigned duties and the items were received and disbursed. Pet. Discharge, Brian Watson Decl. at Ex. 28.

54. On January 2, 2007, the Circuit Court of Douglas County entered an order discharging Gary Suoja as special administrator of the Estate of Oswald Suoja and finding Gary Suoja had properly performed authorized duties and filed any required accounts or reports. Order Discharge, Brian Watson Decl. at Ex. 29.

Respectfully submitted,

By: /s/Brian O. Watson
    Edward Casmere
    Joshua D. Lee
    Brian O. Watson
    Schiff Hardin LLP
    233 S. Wacker Dr. Suite 6600
    Chicago, Illinois 60606
    (312) 258-5500
    (312) 258-5600 (facsimile)
    *Attorneys for Defendant*
    *Owens-Illinois, Inc.*

## CERTIFICATE OF SERVICE

I certify that on July 10, 2015, these papers were filed with the Clerk of the Court for the United States District Court for the Western District of Wisconsin using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson
Brian O. Watson

15640-0889

CH2\16881887.2