# EXHIBIT 2

| STATE OF WISCONSIN | CIRCUIT COURT | DANE COUNTY |
|---|---|---|

APR 27 1998

DELORES SUOJA, et al.,

    Plaintiffs,

vs.                                    Case Number 97-CV-2370

ACANDS, INC., et al.,

    Defendants.

## PLAINTIFFS' INITIAL RESPONSE TO STANDARD INTERROGATORIES

Plaintiff Delores Suoja, on behalf of herself and her late husband Oswald Suoja, the person claiming exposure to asbestos herein-after referred to as decedent answers the following interrogatories.

    1.    State your (a) full name, (b) your present address, (c) date and place of birth, (d) Social Security number and (e) military serial number, if any.

    ANSWER:
    (a)    Oswald Fabian Suoja;
    (b)    1902 Maryland Avenue, Superior, WI 54880;
    (c)    [redacted] - 1923 Automba, MN
    (d)    [redacted]-3647
    (e)    None

    2.    State the (a) name and (b) date of marriage of each spouse or former spouse and (c) list names, current addresses, ages and occupations of all children whether adopted or natural, and (d) the names, current addresses and occupations of all persons dependent upon your support within the last five years.

    ANSWER:
    (a)    Delores Agnes Dalbec Suoja;
    (b)    10/16/43;
    (c)    Gary Suoja, 4880 90th Place, Mercer Island, WA 98040; Corporate Lawyer
            Suzanne Merwin, 4265 Harvest Trail, Loves Park, IL 61111; Clerk
            Derald Suoja, 2018 East 10th Street, Superior, WI 54880; Retired Police Officer
            Kimberly Suoja, 605 Douglas Trail, Madison, WI 53716; CNA;
    (d)    None.

3. State the specific nature of the personal injuries and/or disease which you allege to have sustained as a result of the exposure complained of.

ANSWER: Malignant mesothelioma resulting in the death of Decedent.

4. State the date on which you first suspected that the injuries and/or disease described in interrogatory 3 were in any way related to being exposed to asbestos and state the reasons for your suspicions.

ANSWER: In the summer of 1996 Decedent had diarrhea, cramps and other gastrointestinal problems leading him to believe that they were symptoms for a serious disease.

5. State the date on which the injuries and/or disease described in Interrogatory 3 were first diagnosed and communicated to you and state further the name and address of the physician, specialist, clinic, hospital, sanitarium or similar institution which first diagnosed said injuries and/or disease. State the manner in which the diagnosis was communicated to you, whether it was written or oral, and if written please attach a copy of that communication to your interrogatories.

ANSWER: Dr. Michael Vannorstrand orally diagnosed the Plaintiff in October of 1996 with malignant mesothelioma.

6. State the names and current or last known addresses of all physicians, specialists, clinics, hospitals and sanitariums which examined you or rendered service or treatment to you for the injuries and/or disease you allege to have sustained as the result of the exposure complained of, and state further the date or inclusive dates on which each of them rendered you service or treatment and the amounts their respective bills.

ANSWER: Dr. Michael Slag, Dr. Kenneth Bromen, Dr. Michael Vannorstrand, Dr. David Carter, all from the Duluth Medical Clinic, 400 East 3rd Street, Duluth, MN 55880, in September and October of 1996;
Dr. Brian Swanson, Dr. Thomas Wiig and Dr. Dan Roe, all from the St. Mary's Medical Center, 407 East 3rd Street, Duluth, MN 55880, in October and November of 1996. See also attached medical records. Complete medicals will be tendered upon receipt.

7. After being informed that you were suffering from and injury and/or disease caused by asbestos, did you continue to engage in any activity or occupation in which you encountered subsequent exposure to asbestos, and if so state the nature and description of such activity or occupation, and further state whether your continues participation in such activity or occupation in which you encountered subsequent exposure to asbestos, was contrary to medical or professional advice, stating the date on which such advice was given and the identity if the person giving such advice.

ANSWER: No.

8. State the name and current of last known address of all physicians, specialists, clinics, hospitals and sanitariums which have examined you or have rendered service or treatment to you from the date identified in interrogatory 5 up to and including the present date, and state further the date or inclusive dates on which each of them rendered you service or service and the amounts of their respective bills.

ANSWER: See Answer to Interrogatory No. 6.

9. State the name and current or last known address of all physicians, specialists, clinics hospitals, sanitariums or other medical personnel or institutions which have examined you or rendered services or treatments to you from the time that you began working in your trade up to and including the present date, and further state the date or inclusive dates of such examination, services or treatment and the reasons you sought such medical attention.

ANSWER: Unknown at this time, investigation continues.

10. State the name and current or last known address of any physician, hospital, clinic, sanitarium, or other medical personnel who has ever treated you for pulmonary, cardiovascular, or gastrointestinal complaints.

ANSWER: 1. Dr. Joseph Syty, Sun Prairie, WI 53590 for yearly pulmonary function test.

3

11.  State the names and current or last known addresses of any and all consulting physicians, technicians, radiologists, clinics, pathologists, laboratories, hospitals, sanitariums, or other medical personnel or institutions which have rendered services to you, treated you, reviewed your medical records, or have otherwise consulted regarding your complaints relating to the injuries and/or disease which you allege in connection with this action.

ANSWER:   See answer to Interrogatory No. 6

12.  From which of the above medical personnel do you or your attorney have reports?

ANSWER:   See attached medical records.

13.  State the following information separately and for each and every set of X-rays you have ever had taken of your chest of gastrointestinal tract.

(a)   the name and address of the office, hospital, clinic, sanitarium, laboratory, or other institution where the X-rays were taken;
(b)   the reason such X-rays were taken;
(c)   the date(s) on which said X-rays were taken;
(d)   the information reported to you as being the X-ray interpretations, findings or diagnosis;
(e)   the date said interpretation, findings, or interpretation was reported;
(f)   the identity of the person(s) who took the X-ray and the identity of the persons who made the interpretation or diagnosis.

ANSWER:
1.   (a) Duluth Medical Clinic, 400 East 3rd Street, Duluth, MN 55880;
     (b) Gastrointestinal complaints
     (c) 9/10/96
     (d) unknown
     (e) unknown
     (f) Dr. Douglas Lane

2.   (a) Duluth Medical Clinic, 400 East 3rd Street, Duluth, MN 55880;
     (b) Gastrointestinal complaints
     (c) 9/19/96
     (d) unknown
     (e) unknown
     (f) Dr. James Monge

4

3.    (a) Duluth Medical Clinic, 400 East 3rd Street, Duluth, MN 55880;
      (b) Gastrointestinal complaints
      (c) 9/10/96
      (d) unknown
      (e) unknown
      (f) Dr. William Schwartau

14. State any and all other damages not stated in answers to the above interrogatories which you are claiming as a result of the injuries and/or disease alleged in the complaint.

ANSWER: Decedent will seek all elements compensable at law, including, but not limited to, pain and suffering, loss of consortium, medical expenses, economic and non-economic damages.

15. State whether you have filed any action under the Workers' Compensation Act of the State of Wisconsin and, if so, state the date of filing, the name and number of the cause, the respondent, the name and address of the company insuring the respondent, the claim petition, and the disposition of any such claim.

ANSWER: No.

16. State whether you have ever filed a lawsuit for personal injury, and if so, state the title, the court number, and the reason for each lawsuit, and the disposition of each lawsuit.

ANSWER: No.

17. State the inclusive dates, if any, during which you were a smoker of tobacco and state further the types of tobacco smoked and the amount consumed daily, and whether you customarily inhaled.

ANSWER: Decedent did not consume tobacco.

5

18. Identify in chronological order every employer for whom you have ever worked in the last 40 years. State separately for each employer:

   (a) the employer's name and address;
   (b) the nature of the employer's business;
   (c) the nature and ending dates of your employment including all periods of employment for that employer;
   (d) your position and responsibilities;
   (e) your rate of pay.

   ANSWER: See Exhibit A, attached.

19. For each of the employers identified in interrogatory 18, identify each and every job site at which you claim to have worked with or around asbestos-containing products.

   ANSWER: See Exhibit B, attached.

20. For each of the job sites identified in interrogatory 19, state the following:
   (a) the location of the job;
   (b) the length of time you worked at that job;
   (c) your superior or foreman on that job and his last known address;
   (d) your co-workers on that job and their current or last known addresses.

   ANSWER: See Exhibit B, attached.

21. For each of the job sites identified in interrogatory 19, state the following:
   (a) the types of asbestos-containing products to which you were exposed;
   (b) the brand name or trade name of the asbestos-containing products to which you were exposed;
   (c) the manufacturers, suppliers and distributors of each asbestos-containing product to which you were exposed;
   (d) the number of times that you were exposed to each product.

   ANSWER: See Exhibit B, attached.

22. For each product identified in interrogatory 21, identify the following:
(a) your co-workers with knowledge that the product was on the particular job site;
(b) your co-workers with knowledge that you actually worked with the particular product.

ANSWER: See Exhibit C, attached.

23: For each of the jobs sites identified in interrogatory 19, identify the following:
(a) the name and address of any companies other than your employer, working with asbestos-containing materials at that job site;
(b) all trades from which workers were present at the site.

ANSWER:
1. Sprinkmann & Son, Inc., 12100 West Silver Spring Road, Milwaukee, WI 53225 at the Badger Ordnance and Schlitz Brewery;
2. L & S Insulation, Co., Inc., 616 South 89th Street, Milwaukee, WI 53214 at the Badger Ordnance, Milwaukee County Stadium and Chevrolet Plant.

24: List any protective or safety devices used or worn by you in the handling of products allegedly manufactured by the defendants and state further the date used, the job sites where used, the nature of the device, the manufacturer or supplier of the device, and how you used each device in your trade or profession.

ANSWER: Paper masks were provided and used on occasion, but not all years or sites of decedent's work history.

25. State whether you were ever a member of any union and, if so, for each union please state:

(a) the name and local of the union;
(b) the union hall from which you worked;
(c) the date you joined the union;
(d) your sponsor in the union;
(e) if you ever ran for or held office in the union;
(f) if you ever filed a grievance with any union.

ANSWER:
1. (a) Asbestos Workers Local #19;
   (b) 12110 West Adler Lane, Milwaukee, WI 53214;
   (c) 1945;
   (d) None;
   (e) No;
   (f) No.

2. (a) Asbestos Workers Local #127;
   (b) 2060 Southland Lane, New London, WI 54961;
   (c) 1956;
   (d) None;
   (e) No;
   (f) No.

26. Did your labor unions or employers advise you to follow certain safety procedures designed to protect you from contracting asbestos-related diseases and, if so, state which unions or employers rendered such advice, the dates on which such advice was given, and describe any written information or literature discussing asbestos related diseases which was provided you by any such union or employer.

ANSWER: Unknown at this time, if or when decedent was advised.

27. State the names and current or last known addresses of all persons who ever told you or whom you ever heard state that asbestos fibers or asbestos products could be hazardous to your health.

ANSWER: Decedent became aware of asbestos-related illness through the news media after his retirement.

28. State whether you or your attorneys or agents know of the existence of any statements, signed or unsigned, oral, written, or court reported, from or by any person including any person hereto, which has or claims to have knowledge concerning the matter alleged in the complaint, or who was claims to have been a witness to any part of the exposure alleged by you. If so, please state:
   (a) whether the statement was written, oral, recorded, reported, reported by shorthand, or otherwise preserved;
   (b) the full name of the current or last known address of the person or persons, or entity, which took the statements and the date such statement was made;

    (c)    the full name or last known address of each person, firm, or entity which has possession of the statement or copies thereof.

ANSWER: Plaintiff's attorneys possess depositions and other documents of various defendants obtained from other litigation which involve some defendants. There is nothing specific to this case.

29. State the name and current or last known address of each and every person who was interviewed by or on behalf of you, your attorneys or agents with respect to the allegations contained in the complaint, stating for each person:

    (a)    the name and current or last known address of the person interviewed, the full name and address of the person's employer at the time of the interview, and the name and current or last known address of the interviewer, as well as the dates of all interviews.

    (b)    whether any notes, records, jottings, memoranda, tape recordings, or statements were ever made of any interviews with that person, and if so, the name and current or last known address of each and every person in custody or control of same.

ANSWER: None.

30. List or describe each and every object or document, such as directories, catalogs, shipping slips, W-2 forms, tax records, diaries, calendars, invoices, packing slips, materials, publications or lists from whichever source you used, or your attorneys or agents used, in compiling the names of the defendants in this cause.

ANSWER: None.

31. Do you have any of the following in your possession, or in the possession of your attorneys or agents?

    (a)    samples of asbestos materials;
    (b)    packaging from asbestos materials;
    (c)    photographs of your places of employment or products used at your places of employment;
    (d)    photographs of asbestos products or asbestos packaging.

ANSWER:
(a) No.
(b) No.
(c) No.
(d) Yes. Plaintiff's counsel has photographs of asbestos products previously produced to defendants.

32. If, as the result of the alleged illness or illnesses, injury or injuries you claim to have sustained a loss of wages, earnings, income, or profit, state:

(a) all dates on which you were unable to work due to the illness of illnesses, injury or injuries;
(b) the name and address of your employer at the time you learned of the illness, injury or disease of which you complain;
(c) the name and address of each person who recommended that you did not work during such period;
(d) the name of any potential employer who refused you work because of any illness or illnesses, injury or injuries allegedly sustained as a result of the exposure;
(e) the date or inclusive dates on which you sought work but were unable to work for reasons not related to the illnesses or injuries allegedly sustained as a result of the exposure complained of.

ANSWER:   (a)-(e): No; Except for loss of household services.

33. If loss of wages, earnings, income, or profit is claimed, state:
(a) the total amount of claimed loss and the manner or method of computing same;
(b) provide a complete, itemized computation of such claimed loss;
(c) the nature and potential source of the lost wages, earnings, income or profit, and the date of the claimed deprivation thereof.

ANSWER:   The loss of household services will be calculated by an expert to be named.

34. List all equipment such as boilers and turbines that you worked on that was believed to contain asbestos products.

ANSWER:   Decedent worked in the vicinity of Weil McLain boilers at the Milwaukee County Stadium site.

Delores Suoja states that she has answered the above interrogatories consisting of THIRTY FOUR interrogatories on _11_ pages in accordance with applicable law and verifies that the answers are true and correct.

*Delores A. Suoja*
Delores Suoja

SUBSCRIBED AND SWORN to before me this _4th_ day of _March_, 1998.

*Ruth A. Dalbec*
NOTARY PUBLIC, STATE OF WISCONSIN
MY COMMISSION ~~IS PERMANENT~~
Expires 2/28/99
Douglas County

11

PLAINITFFS' EXHIBIT A: EMPLOYMENT HISTORY

Friday, March 27, 1998 — Page 1

| Dates | Place of Employment | Jobsites |
|---|---|---|
| 1943-1950 | Walker-Jamar | Shipyard, Power Plant, Alma Power Co-op, Sugar Beet Factory |
| 1950-1956 | Sprinkmann & Sons | Veteran's Hospital, White Pines Housing Develop. Schlitz Brewery, Milwaukee Correctional Center |
| 1956-1970's | McDermaid Roofing & Insulation | Badger Ordanance, Milwaukee County Stadium Sunstrand's, Ingersol's, Belvedere High School |
| 1970's -1985 | Sprinkmann & Sons | Chevrolet Plant, UW Madison Hospital, Hormel Plant |


EXHIBIT A

PLAINTIFFS' EXHIBIT B: JOBSITES

Friday, April 10, 1998                                                                                                Page 1

| Dates | Jobsites | State | Products | Co-Workers |
|---|---|---|---|---|
| 1943-1945 | Shipyard | MN | | |
| 1945 | Power Plant | MN | | |
| 1945-1946 | Alma Power Coop | WI | | |
| 1946-1947 | Sugar Beet Factory | MN | | |
| 1947 | Veteran's Hospital | ND | | |
| 1947-1950 | White Pines Housing Development | MI | Unknown | Gerald Kingston (dec'd) |
| 1951-1952 | Schlitz Brewery | WI | | |
| 1952-1954 | Milwaukee Correctional Center | WI | | |
| 1952 | Milwaukee County Stadium | WI | | |
| 1954-1956 | Badger Ordinance Works | WI | Unknown | Gene Hanson |
| 1956-1970's | Sunstrand's | IL | Unknown | Ted Hyland (dec'd) |
| 1956-1970's | Sunstrand's | IL | Unknown | Jim Morrison (dec'd) |
| 1956-1970's | Sunstrand's | IL | Unknown | Glen Poster (dec'd) |
| 1956-1970's | Ingersol's | IL | | |
| 1956-1970's | Belvedere High School | IL | | |
| 1970's | Chevrolet Plant | WI | | |
| 1979-1980 | University of Wisconsin Hospital | WI | | |
| 1982-1985 | Hormel Plant | WI | | |


EXHIBIT B

PLAINTIFFS' EXHIBIT C: SITE WITNESSES

Friday, April 10, 1998                                                                                                                     Page 1

| Co-worker | Address | City | State | Zip | Deposition Information |
|---|---|---|---|---|---|
| Harold Bettinger (dec'd) | 1301 Rosedale | Madison | WI | 53714 | Bettinger v. Anchor Packing; 90-CV-1494 (12/23/91) |
| Joe Deneen | 10330 Highway KP | Mazomanie | WI | 53560 | Deneen v. Anchor Packing; 90-C-0863S (4/22/91) |
| Gene Hanson | 1019 Rollingwood Lane | Lakeland | FL | 33813 | None |
| Frank Hoffstetter | S22 W 25560 Harris Highland | Waukesha | WI | 53188 | Tate v. OCF; 87-CV-015674 (1/22/91) |
| Otto Kern (dec'd) | 6636 Highway 31 | Racine | WI | 53402 | Kern v. Carey Canada, Inc.; 711-892 (5/6/88) |
| Francis Luther | 6469 Oak Street | Dalton | WI | 53926 | Luther v. ACandS, Inc.; 96-CV-0348 (4/19/96) |
| Bob Roth | 276 Oak Street | Lyndon Station | WI | 53944 | Dederich v. Anchor Packing; 91-CV-0248C (11/29/93) |
| John Sadowsky (dec'd) | 9559 Swenty Road | Pound | WI | 54161 | Sadowski v. Achor Packing; 91-CV-542DS (5/14/92) |
| Ed Schultz (dec'd) | 4300 North Main Street #140 | Racine | WI | 53402 | Schultz v. Raybestos-Manhattan; 986063 (5/14/97) |



PLAINTIFFS' EXHIBIT C: SITE WITNESSES

Monday, April 13, 1998  Page 2

| Witness | Jobsite | Dates at Site | Products Recalled | Cntrctr/Supplier Recalled |
|---|---|---|---|---|
| Harold Bettinger (dec'd) | Badger Ordnance | 1951-1953 | OCF Kaylo, Armstrong Block | |
| Joe Deneen | Badger Ordnance | 1951-1954 | OCF Kaylo; Armaflex | |
| Gene Hanson | Badger Ordnance | | | |
| Frank Hoffstetter | Badger Ordnance | Early 1950s | Carey Blue Mud, Unibestos, 85% Mag | Sprinkmann Sons |
| Otto Kern (dec'd) | Badger Ordnance | 1952-1953 | One-Shot Cement, Insul-Kote | |
| Francis Luther | Badger Ordnance | 1952-1954 | John Crane Packing | |
| Bob Roth | Badger Ordnance | 1952-1970's | Ol Kaylo, Gold Bond, J-M and Armstrong Pipe Cover. | Sprinkmann Sons |
| John Sadowsky (dec'd) | Schlitz Brewery | 1950's | Flexitallic and Garlock Gaskets | |
| Ed Schultz (dec'd) | Schlitz Brewery | 1956-1970 | Woolfelt, OCF Kaylo, 85% Mag, Eagle-Picher Cement | Sprinkmann Sons |