## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| GARY SUOJA, Individually and as Special Administrator of the Estate of OSWALD SUOJA, Deceased, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | Case No. 99-cv-475-bbc |
| | ) | |
| v. | ) ) | |
| Owens-Illinois, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**Declaration of Robert G. McCoy in Support of Plaintiff's Response in Opposition to O-I's, Motion for Summary Judgment**

Plaintiff's attorney Robert G. McCoy makes the following declaration in opposition to Defendant Owens-Illinois's ("OI") motion for summary judgment.

1. My name is Robert G. McCoy, an attorney for the plaintiff in this matter employed by Cascino Vaughan Law Offices, Ltd., since 1993.

2. I make the following statements upon personal knowledge.

3. I became responsible for the *Suoja* case sometime after the remand from MDL-875.

4. The earlier *Suoja* action in Dane County, WI, court was filed in 1997 and handled by attorney Jill Rakauski who was employed by CVLO throughout the time the Dane County action was pending. Ms. Rakauski, who was licensed to practice in Wisconsin, left the employment of CVLO in 2002 or 2003. I do not recall myself working on the Dane County case and was not licensed in Wisconsin until 2003.

1

5. In the mid-1990s, several years before the *Suoja* Dane County case was filed, I became familiar with a settlement agreement the CVLO had for all clients with OI. The agreement was that CVLO would not file any cases in court without first notifying OI of the claim and attempting settlement negotiations. Before the date the Dane County case was filed, I was involved with multiple discussions with OI counsel for several hundred CVLO clients based on this agreement. Other attorneys at CVLO also had discussions with OI in the same period. Pursuant to the terms of the agreement, OI counsel would be notified by CVLO about the existence of the claim and settlement would be attempted before a CVLO client initiated a lawsuit against OI.

6. While I do not have a personal recollection of the *Suoja* case being discussed with OI, the documents from the state court file reflect such discussions occurred consistent with the agreement. Based on the agreement between OI and CVLO clients, OI would have objected to being named a defendant in the Dane County *Suoja* lawsuit until after the negotiations were concluded under the agreement.

7. Part of my work on the *Suoja* case after remand was to respond to the earlier motions by OI to enforce an alleged settlement agreement and to obtain discovery.

8. My knowledge of the history of the *Suoja* litigation is based on the settlement agreement procedures with OI, accounting files of CVLO, the incomplete Dane County Court files obtained by CVLO, the case file from MDL-875, and the case file on remand.

9. The claim against Sprinkmann in Dane County case was resolved by a negotiated dollar settlement without resolution of exposure issues involving Sprinkmann related work occurring or being necessary.

10. The claim against Owens Corning was also resolved after filing by a settlement agreement.

11. No resolution of the exposure issues as to Owens Corning products occurred or was needed for the settlement in the Dane County action.

12. In the MDL Suoja case, CVLO had to respond to discovery requests beginning about 2011. Due to the 12 years which had elapsed after the Dane County action was dismissed and the departure of attorney Rakauski from the Cascino Vaughan Law Offices firm in 2002 or 2003, CVLO did not have information in the hard files, computer database, or personal recollections by the firm's current attorneys – including myself - about the Dane County action. As a result the MDL discovery answers mistakenly omitted reference to the earlier case.

13. Due to the same lack of internal information during my initial work on the case after remand, I mistakenly thought the past *Suoja* litigation was part of the same case remanded from the MDL. I later learned during research of the *Suoja* probate action by the current CVLO staff about the history of a previous lawsuit being filed in Dane County, but was unable to locate a file for Dane County action.

14. I then requested my firm to obtain documents from the Dane County court files to help respond to the summary judgment motion. My firm did obtain the records of the Dane County case from storage and found those to be incomplete.

15. After the Dane County records were obtained from the closed court files, my firm made those available to OI counsel.

16. I found no evidence of exposure to OI products in the Dane County case files. The evidence in the CVLO files relating to the exposures to OI Kaylo products was gathered during or produced to OI in the MDL 875 discovery proceedings.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 31, 2015

Attorney for Plaintiff

Robert G. McCoy
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, IL 60607
(312) 944-0600
(312) 944-1870 (fax)
bmccoy@cvlo.com