IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| GARY SUOJA, Individually and as Special Administrator of the Estate of OSWALD SUOJA, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 99-cv-475-bbc |
| v. | ) ) | |
| Owens-Illinois, Inc., | ) ) | |
| Defendant. | ) | |

**Plaintiff's Numbered Statement of Additional Proposed Facts In Support of Its Response in Opposition to Owens-Illinois, Inc.'s Motion for Summary Judgment**
_____

    Plaintiff Gary Suoja submits the following additional statement of proposed findings of fact pursuant to the Court's procedure on motions for summary judgment. (Doc # 70.)

1. The reason OI was not a named defendant was the existence of a written agreement between OI and clients of Cascino Vaughan Law Offices to attempt settlement before filing lawsuits. (McCoy declaration at ¶6.)

2. Pursuant to the terms of the agreement, OI counsel would be notified by CVLO about the existence of the claim and settlement would be attempted before a CVLO client initiated a lawsuit against OI. (McCoy declaration at ¶¶5-6.)

3. Negotiations about the Suoja claim with OI were attempted in the 1997-99 period, but were unsuccessful as set forth below. (Ex 2, ¶¶5-7.)

4. Attorney Jill Rakauksi, who at the time was employed by Cascino Vaughan Law Offices (CVLO), signed the complaint and handled most of the work on the Dane County case. (Ex. 20, and McCoy declaration at ¶ 4.)

1

5. The claim against Sprinkmann in the Dane county case was resolved by a negotiated dollar settlement, and resolution of product exposure issues involving the Sprinkmann claims became unnecessary and did not occur. (McCoy declaration at ¶9.)

6. The claim against Owens Corning was also resolved after filing the lawsuit by a settlement agreement. (McCoy declaration at ¶ 10.)

7. OI cites no dismissal or other order in the Dane County action which had findings involving OI or exposure to OI products, and OI was not a party at any time to the Dane County case.

8. During pendency of the case in MDL-875, discovery proceeded including the depositions of two coworkers of Oswald Suoja, George Schlub and Lawrence Zimmer taken in early 2012. (Ex.8; Ex.9.)

9. The depositions contained testimony about Oswald's exposure to Kaylo brand pipe and block insulation from before 1959 at Badger Ordnance jobsite, which is the period when OI was a manufacturer of Kaylo. (Ex.8 at 11-25; Ex.9 at 25-27; Ex.10 at 54; Ex.11 at Answer to No. 22.)

10. Additionally, Plaintiff disclosed during discovery in the MDL a group of invoices confirming (O-I) Kaylo was delivered to Badger Ordinance. (Ex. 15.)

11. Due to the 13 years which had elapsed after the Dane County action was dismissed and the departure of attorney Rakauski from the Cascino Vaughan Law Offices firm sometime before the end of 2003, CVLO did not have information in the computer database or personal recollections by the firm's current attorneys about the Dane County action. (McCoy declaration at ¶ 12.)

12. As a result the Dane County action mistakenly was not listed in answers to standard interrogatories in the federal case (McCoy declaration at ¶ 12.)

13. *Suoja* discovery responses in the MDL advised OI of the existence of the settlements which arose from the earlier action.  (Ex. 22 at Interrogatory 36; ex. 21 at 2.)

14.  OI knew of the Suoja claim in 1997 or 1998 by the settlement terms and negotiations under the CVLO-OI agreement.

15. During the briefing on OI's unsuccessful motion to enforce the alleged settlement agreement, and the resulting discovery motion practice, the past filing of the Dane County action was learned about by attorney Robert McCoy who assumed handling the *Suoja* case sometime after remand.  (Doc #62-1, McCoy declaration at ¶¶ 12-13.)


Dated: July 31, 2015

 /s/ Robert G. McCoy_____
Attorney for Plaintiff

Robert G. McCoy
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, IL 60607
(312) 944-0600
(312) 944-1870 (fax)
bmccoy@cvlo.com