IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| GARY SUOJA, Individually and as Special Administrator of the Estate of OSWALD SUOJA, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 99-cv-475-bbc |
| v. | ) ) | |
| Owens-Illinois, Inc., | ) ) | |
| Defendant. | ) | |

**Plaintiff's Corrected Response in Opposition to Owens-Illinois, Inc.'s
Motion for Summary Judgment**

Plaintiff opposes Defendant Owens-Illinois's ("OI") motion for summary judgment.

<u>Evidence and Procedural History</u>

On September 2, 1997, Plaintiff Delores Suoja, the wife of Oswald Suoja, filed an action in Dane County Circuit Court for injuries to Oswald Suoja from mesothelioma. (Ex.1 at ¶¶4-5, 11.) Delores Suoja pursued the Dane County action "Individually and as Special Administrator of the Estate of Oscar Suoja, Deceased." (Ex 1 at 6.) OI was not a named in pleadings as a defendant in the Dane County. (Ex.1 at 5-6.) The reason OI was not a named defendant was the existence of a written agreement between OI and clients of Cascino Vaughan Law Offices to attempt settlement before filing lawsuits. (McCoy declaration at ¶6; Plaintiff's Additional Proposed Findings of Fact [hereafter cited as Pl PFF] 1.) Pursuant to the terms of the agreement, OI counsel would be notified by CVLO about the existence of the claim and settlement would be attempted before a CVLO client initiated a lawsuit against OI. (McCoy declaration at ¶¶5-6; Pl

1

PFF 2.)   Negotiations about the Suoja claim with OI were attempted in the 1997-99 period, but were unsuccessful as set forth below.  (Ex 2, ¶¶5-7; Pl PFF 3.)

As pointed out in OI's proposed findings of facts, OI was referred to in the Dane County complaint in two ways.   First, as an unnamed coconspirator as part of the conspiracy allegations and, second, in allegations against defendant Owens Corning Fiberglas as the manufacturer of Kaylo insulation products distributed by Owens Corning.  (Ex 1 at  ¶¶35, 51, 73 of the complaint, OI PFF 18-19.)  Attorney Jill Rakauksi, who at the time was employed by Cascino Vaughan Law Offices (CVLO), handled most of the work on the Dane County case. (Ex. 20, and McCoy declaration at ¶ 4; Pl PFF 4.)

During discovery in the Dane County action, OI's products also were mentioned when Delores Suoja was served requests to admit Oswald Suoja's exposures to certain products by defendant Sprinkmann Sons Corporation, an insulation contractor. (Ex.14 at ¶¶41-42, OI PFF 26.)  On January 25, 1999, Plaintiff responded she "cannot admit or deny inhalation" of asbestos fibers attributable to OI.  (Ex.14 at ¶¶41-42, OI PFF 26.)  The claim against Sprinkmann in the Dane county case was resolved by a negotiated dollar settlement, and resolution of product exposure issues involving the Sprinkmann claims became unnecessary and did not occur. (McCoy declaration at ¶9; Pl PFF 5.)   Based on the settlement agreement, the claim against Sprinkmann was dismissed "on the merits."  (See Doc # 92, OI ex 21.)

The claim against Owens Corning was also resolved after filing the lawsuit by a settlement agreement.  (McCoy declaration at ¶ 10; Pl PFF 6.)  No resolution of the exposure issues as to Owens Corning products occurred or was needed for the settlement.  (McCoy declaration at ¶11; Pl PFF 5- 6.)

On July 12, 1999, Plaintiff filed a motion to add OI as a named defendant to the Dane County action based on the inability to negotiate settlement with OI. (Ex 2, ¶¶5-7.) The motion was untimely filed after the scheduling order deadline of July 22, 1998, for amending pleadings in Dane County. (Doc # 92, OI ex 22.) On October 19, 1999, attorney Rakauski wrote a letter to the Dane County court advising the case had been fully resolved as to the named defendants. (Ex 4.) The motion to add OI as a defendant was heard four days later on July 23, 1999. (Ex 3.) The untimely motion to add OI, although not opposed, was denied by the court. (Ex. 3; Doc # 92, OI ex 41.)

Following the denial of the motion to add OI as a defendant, the Dane County court continued to enter additional dismissals of defendants. (Ex 20.) The last entry on the Wisconsin computer docketing system for the Dane County case was a dismissal entered on December 6, 1999. (Ex 20.) OI cites no dismissal or other order in the Dane County action which had findings involving OI or exposure to OI products, and OI was not a party at any time to the Dane County case (Pl PFF 7.)

On October 9, 1999, Delores Suoja filed the instant action (the federal action) within less than 3 months after the motion to add OI as a defendant in the Dane County action was denied. Delores Suoja filed the federal action "individually and as special administrator for the estate of Oswald F. Suoja" in the Western District of Wisconsin against OI as the only defendant. (Doc # 2 at 1.) The federal action was filed before the last dismissal of the Dane County action.

The federal case was transferred to asbestos litigation MDL-875 supervised by District Judge Eduardo Robreno in the Eastern District of Pennsylvania. On March 25, 2009, an order was entered by Judge Robreno appointing Gary Suoja "Special Administrator solely for the purposes of pursuing the above lawsuit" and amending the complaint "on its face substituting

3

Gary Suoja, individually and as special administrator for the estate of Oswald F Suoja, as plaintiff herein." (Ex.6.) OI did not object to the motion, Gary being the special administrator, or amending the case to name him as Plaintiff. (Ex.7 at 3.) Other than the appointment of Gary Suoja as special administrator, no proceedings specific to the federal action occurred until Judge Robreno entered a scheduling order on April 12, 2012, which included deadlines through and including the dispositive motion stage. (Doc # 3; Ex.5 at 1-3.)

During pendency of the case in MDL-875, discovery proceeded including the depositions of two coworkers of Oswald Suoja, George Schlub and Lawrence Zimmer taken in early 2012. (Ex.8; Ex.9; Pl PFF 8.) The depositions contained testimony about Oswald's exposure to Kaylo brand pipe and block insulation from before 1959 at Badger Ordnance jobsite, which is the period when OI was a manufacturer of Kaylo. (Ex.8 at 11-25; Ex.9 at 25-27; Ex.10 at 54; Ex.11 at Answer to No. 22; Pl PFF 9.) Additionally, Plaintiff disclosed during discovery in the MDL a group of invoices confirming Kaylo was delivered to Badger Ordnance. (Ex. 15; Pl PFF 10.)

After the coworker testimony and the invoice disclosure OI did not file a dispositive motion based on exposure although the deadline for such motions was October 8, 2012, in the MDL-875 scheduling order. (Ex.5 at 1; Ex.7.) OI did however file a motion for partial summary judgment limited to the MDL conspiracy and punitive damages claims. (*Suoja* MDL Case 2:09-cv-60256-ER Document 101.) The conspiracy claim dismissal was not opposed and Judge Robreno entered an order granting that part of the motion[1]. (*Suoja* MDL Case 2:09-cv-60256-ER Document 108.) The federal case was remanded to the Western District of Wisconsin on January 9, 2014. (Doc # 11.)

---

[1] Pursuant to general practice in MDL-875, no rulings are made on punitive damages claims, which are retained in the MDL even after remand.

4

As has been discussed, standard interrogatory answers, which mistakenly failed to mention the earlier Dane County lawsuit, were served by Plaintiff during the MDL-875 phase of the case on about June 18, 2012.  (Ex.12, ¶14.)  Due to the 13 years which had elapsed after the Dane County action was dismissed and the departure of attorney Rakauski from the Cascino Vaughan Law Offices firm sometime before the end of 2003, CVLO did not have information in the computer database or personal recollections by the firm's current attorneys about the Dane County action.  (McCoy declaration at ¶ 12; Pl PFF 11.)  As a result the Dane County action mistakenly was not listed in answers to standard interrogatories in the federal case (McCoy declaration at ¶ 12; Pl PFF 12.)  However, Suoja's discovery responses in the MDL advised OI of the existence of the settlements which arose from the earlier action.  (Ex. 22 at Interrogatory 36; ex. 21 at 2; Pl PFF 13.)  Further, OI knew of the Suoja claim in 1997 or 1998 by the settlement negotiations under the CVLO-OI agreement previously discussed (Pl PFF 14.)

During the briefing on OI's unsuccessful motion to enforce the alleged settlement agreement, and the resulting discovery motion practice, the past filing of the Dane County action was learned about by attorney Robert McCoy who had assumed handling the Suoja case sometime after remand.  (Doc #62-1, McCoy declaration at ¶¶ 12-13; Pl PFF 15.)  On March 4, 2015, District Judge Barbara Crabb entered an order denying a motion by OI to enforce the alleged settlement agreement.  (Doc # 67.)

OI then brought a motion to reopen discovery on issues of authority to make the alleged agreement, the status of Gary Suoja as special administrator to bring the claim, and the Dane County action.  (Doc # 71.)  In an order entered on April 10, 2015, by District Judge Crabb, the motion to reopen discovery was denied as to the status of Gary Suoja as special administrator

5

and allowed by agreement of Plaintiff as to the authority to alleged agreement and the Dane County action.  (Doc # 77.)

In denying the discovery motion as to the status of Gary Suoja to serve as special administrator, Judge Crabb found the opportunity to challenge the 2009 special administrator appointment had been forfeited and the argument could no longer be asserted.  (Doc #77 at 2-3.)  The basis of the ruling was OI failed to timely challenge in MDL-875 2009 order of Judge Robreno which amended the case to make Gary Suoja the Plaintiff in the capacity of special administrator.  (Doc #77 at 2-3.)  Judge Crabb held:  "I am denying defendant's request to conduct discovery on plaintiff's status as the administrator of the estate because I agree with plaintiff that defendant has forfeited this issue."  (Doc #77 at 2.)  Judge Crabb pointed to availability to OI of the public record evidence of the Douglas County probate court proceedings which could have been used to contest the appointment by Judge Robreno based on the earlier discharge of Gary Suoja in the Douglas County probate court.  (Doc #77 at 2.)

OI then conducted the agreed discovery in the 90 day window allowed by this Court on the alleged settlement agreement and the Dane County action.  (Ex.13.)  Plaintiff provided portions of the Dane County court file as the only historical information about the case available to Plaintiff or Plaintiff's counsel.  (Doc # 96; Ex. 16; Ex. 17, Ex.19.)  Plaintiff also provided a copy of the file from the Douglas County probate case.  (Ex. 16; Ex. 17; Ex.19.)  OI took lengthy discovery depositions of two of Oswald Suoja's children - Gary and Kimberly Suoja. (Ex. 18.)

After discovery on the issues relating to the alleged settlement agreement and the Dane County action were completed, OI on July 10, 2015, filed the instant motion for summary judgment.  (Doc # 89.)

Argument

OI's motion does not list any grounds in the motion for summary judgment but refers only to the brief in support. Three grounds appear in the brief: issue preclusion based on the Dane County action, Gary Suoja lacks "standing" to pursue the claim for the estate of his father, and neither Delores nor Gary Suoja could bring a separate second action against OI. Each argument is discussed below.

1. Issue Preclusion

"There are four specific elements to issue preclusion: (1) the issue is the same as one involved in the prior action; (2) the issue was actually litigated; (3) the determination of the issue was necessary to the prior judgment; and (4) the party against whom preclusion is invoked was fully represented in the prior action." *Easley v. Reuss*, 247 Fed. Appx. 823, 826-827, 2007 U.S. App. LEXIS 22352, *7 (7th Cir. Wis. 2007).

OI has not established any of the above elements which are all necessary for issue preclusion. While OI's argument in the instant summary judgment motion does not make clear about which issue OI believes should be precluded, it appears as if the issue is exposure to OI products.

As to the first element above, OI was not a defendant to frame the issue of exposure to OI products as one needing resolution in the Dane County action. OI was mentioned in connection with the allegations against two other defendants – Owens Corning (the OI Kaylo distributor) and Sprinkmann (a contractor which used OI Kaylo). However, claims against both defendants were resolved by settlement agreements and payments without rulings or other determination as

7

to any exposure to OI products. The issue of OI product exposure was being dealt with in settlement negotiations with OI and not in the Dane County lawsuit.

The second element required for claim preclusion is also not satisfied. The issue of OI exposure was not a subject of "actual litigation" due to the settlements with Owens Corning and Sprinkmann. No evidence is shown to be elicited during discovery on the OI exposures beyond the allegations of the pleadings. Also, OI was only involved in settlement discussions with CVLO and never as a party to the Dane County action to participate in litigation.

The third element of issue preclusion is also not satisfied. The settlements with Owens Corning and Sprinkmann resulted in judgments without any determination of the merits of the allegations that might relate to exposure to OI products. Although OI asserts in the proposed findings of fact the claims against the defendants in the Dane County action were dismissed "on the merits," OI does not point to findings made by the Dane County court specific to OI or exposure to OI products. As discussed above, the claims of the defendants in the Dane County action that involved mention of OI products were resolved by settlement payments and judicial determination as to the exposures was not necessary.

OI had the opportunity to assert the insufficiency of the coworker exposure evidence in MDL-875, but OI did not make such a motion. OI makes no mention in the instant summary judgment motion of the coworker testimony or invoices produced during the discovery period in the MDL-875. The evidence of exposure to OI Kaylo has not changed since the MDL-875 scheduling order deadline for dispositive motions and the filing of OI's motion for summary judgment in this Court. By not filing a dispositive motion within the deadline set in MDL-875, this court has already ruled the ability to file has been forfeited. The Dane County court case was dismissed more than 12 years before the coworker OI Kaylo testimony occurred in the

MDL-875 depositions. The Dane County proceedings and materials in the Dane County case have no preclusive effect to limit evidence against OI elicited in later MDL-875 discovery.

OI may argue in reply that it was pled as an unnamed coconspirator in the Dane County action, but that coconspirator claim was not adjudicated and no evidence has been presented that the coconspirator claim is being pursued in the instant case. (Doc # 91 OI's Proposed Findings of Fact at ¶ 21.) As to the negligence and strict products liability claims that are being pursued in the instant case, no findings were made by the Court in the Dane County proceedings as to OI.

OI may argue in reply that Plaintiff's response to Sprinkmann Sons Corporation's Request to Admit ("RTA") in the Dane County case should lead to issue preclusion. (Doc # 91 OI's Proposed Findings of Fact at ¶ 26.) However, OI has not provided evidence of any such RTA response in the instant case. A RTA is not a party admission binding in other actions. *Kohler v. Leslie Hindman, Inc.*, 80 F.3d 1181, 1185, 1996 U.S. App. LEXIS 6583, *7, 34 Fed. R. Serv. 3d (Callaghan) 1342 (7th Cir. Ill. 1996) ("When a party in a lawsuit makes an admission in its pleadings or in its answer to a request for admissions, it makes a judicial admission that can determine the outcome of that lawsuit. Fed. R. Civ. P. 36(b); *Murrey v. United States*, 73 F.3d 1448, 1455 (7th Cir. 1996). But a statement made in one lawsuit cannot be a judicial admission in another. *See id.*").

Even if the Sprinkmann RTA answer is deemed admissible, the answer (cannot "admit or deny") is not conclusive, and a genuine issue of material fact remains as to OI Kaylo product exposure based on coworker evidence which was elicited 12 years later and invoices for Kaylo at Badger Ordinance.

2. Gary Suoja's Standing

9

OI also challenges the "standing" of Gary Suoja to bring this action. (Doc #90 at 6-7.) OI may argue in reply that the discharge in the Probate Court of Douglas County of Gary Suoja as special administrator is determinative of the standing issue. (Doc # 91 OI's Proposed Findings of Fact at ¶ 54.) The issue has already been adjudicated by this Court and found to be forfeited in denying OI's motion for further discovery on the issue.

The discovery conducted by OI after the order did not produce new evidence on the special administrator appointment beyond what is set forth in public orders of the Probate Court in Douglas County. In finding forfeiture this Court pointed out the same public file was available to OI when Judge Robreno's order was issued in 2009. OI is effectively bringing a second motion to reconsider Judge Robreno's 2009 order and a motion to reconsider this Court's finding of forfeiture without any new grounds.

3. Filing of a Second Action

OI contends litigation of the initial Dane County action prohibits the filing or maintenance of a separate action against OI in this Court. OI's argument is misplaced. First, consolidation of the claim against OI was attempted by Plaintiff and denied in the Dane County action. Second, OI confuses the distinction between wrongful death and survival claims.

Consolidation was sought by Plaintiff's motion in the Dane County case to amend and add OI as a defendant that was found untimely. This Court has no reason to reconsider that finding in light of the scheduling orders entered in the Dane County case which required amendments to pleadings be filed by July 22, 1998. (Doc # 91 OI's Proposed Findings of Fact at ¶ 22, OI ex 23..)

OI asks this Court to revisit the 1999 order denying amendment to add a claim against OI by pointing to language in the Wisconsin wrongful death statute that requires "consolidation" if more than one wrongful death action is pending. Wis. Stat. §895.04(3). OI's confuses the distinction between "wrongful death actions" and "survival actions" which has been carefully laid out in decisions of the Wisconsin Supreme Court[2]. Oswald's Suoja's claims existed before his death and "survive" his death in the name of his estate under the Wisconsin survival statute. Wis. Stat. §895.01. Wrongful death is a new cause of action created at death for the beneficiaries of the estate. "Although survival actions and wrongful death actions are commonly intertwined, they are distinct." *Christ v. Exxon Mobil Corp.*, 2015 Wisc. LEXIS 326, *13, 2015 WI 58 (Wis. 2015).

Delores asserted the estate's claims against OI under the survival statute. As to the "distinct" claims asserted under the survival statute, the "consolidation" language in the wrongful death statute has no application. Gary Suoja stepped into her shoes to continue to assert the survival claims when Judge Robreno issued the order recognizing Gary as the special administrator.

OI's arguments about Gary Suoja bringing the wrongful death claim after the Dane County action are also misplaced. Gary is designated under Judge Robreno's order to bring claims "individually," which can only be for wrongful death. Wrongful death claims are

---

[2] "Damages for injuries sustained by a tort victim prior to his death now survive in what is known as a survival action … Survival actions are brought by the decedent's personal representative to benefit the decedent's estate … Statutory survival actions exist under Wis. Stat. § 895.01(1)(am), … Certain relatives of tort victims are now also able to bring actions for wrongful death. Wrongful death actions were created by statute in chapter 7, Laws of 1857. "A wrongful death claim refers to the statutory cause of action belonging to named persons for injuries suffered post death." *Christ v. Exxon Mobil Corp*., 2015 Wisc. LEXIS 326, *10-13, 2015 WI 58 (Wis.2015) (citing *Bartholomew v. Wis. Patients Comp. Fund*, 2006 WI 91, ¶55, 293 Wis. 2d 38, 717 N.W.2d 216).

11

statutory and must be pursued by an individual authorized to bring such claims. See Wis. Stat. §895.04. No other "individual" claims are proper after death based on the restrictions of the statutory rights. Wrongful death claims are additional to and separate from the survival of the estate's common law claims against OI, for which Gary was also appointed by Judge Robreno. Under the wrongful death act, if the spouse survives, only the spouse can assert the wrongful death claim. Wis. Stat. 895.04(2). Delores did so in filing an "individual" claim against OI, which can only be for wrongful death, in addition to the claim on behalf of the estate. After the death of Delores, the wrongful death claims passed to the "lineal heirs." Wis Stat. 895.04(2). Under Judge Robreno's order Gary Suoja has stepped into the shoes of Delores after her death to "individually" bring the single consolidated claim permitted for the lineal heirs. The past history of an earlier wrongful death action in Dane County involving other defendants has no bearing because that action has terminated and "consolidation" as to that terminated action is moot.

## Conclusion

For the above reasons the motion should be denied.

Dated: August 4, 2015

 /s/ Robert G. McCoy
Attorney for Plaintiff

Robert G. McCoy
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, IL 60607
(312) 944-0600
(312) 944-1870 (fax)
bmccoy@cvlo.com