**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

---

GARY SOUJA, Individually and as
Special Administrator for the Estate
of OSWALD F. SUOJA, Deceased,

        Plaintiff,

    v.                              Case No. 3:99-cv-00475-bbc

OWENS-ILLINOIS, INC.,

        Defendant.

---

**OWENS-ILLINOIS, INC.'S**
**REPLY IN SUPPORT OF PROPOSED FINDINGS OF FACT**
**FOR ITS MOTION FOR SUMMARY JUDGMENT**

Edward Casmere
Joshua D. Lee
Brian O. Watson
Schiff Hardin LLP
233 S. Wacker Dr. Suite 6600
Chicago, Illinois 60606
(312) 258-5500
(312) 258-5600 (facsimile)
*Attorneys for Defendant*
*Owens-Illinois, Inc.*

Owens-Illinois, Inc. (Owens-Illinois) submits the following reply in support of its proposed findings of fact pursuant to the Court's procedure on motions for summary judgment (ECF No. 17).

## I.    Diversity

1.     Gary Suoja is a resident of Mercer Island, Washington. Pl.'s Resp. Interrogs. at No. 2, Brian Watson Decl. at Exs. 34, 35, 36.

**Plaintiff's Response:**     Not opposed.

**Owens-Illinois' Reply:**     No dispute.

2.     Delores Suoja was a resident of Superior, Douglas County, Wisconsin.  *Id.*

**Plaintiff's Response:**     Not opposed.

**Owens-Illinois' Reply:**     No dispute.

3.     Oswald Suoja was a resident of Superior, Douglas County, Wisconsin.  *Id.*

**Plaintiff's Response:**     Not opposed.

**Owens-Illinois' Reply:**     No dispute.

4.     Owens-Illinois is a Delaware corporation with its headquarters in Ohio.

**Plaintiff's Response:**     Not opposed.

**Owens-Illinois' Reply:**     No dispute.

## II.    Venue

5.     The Complaint alleges that a substantial part of the events or omissions giving rise to this action occurred in the Western District of Wisconsin. Pl.'s Compl. ¶¶ 1, 5, ECF No. 2.

**Plaintiff's Response:**     Not opposed.

**Owens-Illinois' Reply**:     No dispute.

### III.   The Estate of Oswald Suoja

6.     Oswald Suoja died on December 29, 1996. Certificate of Death, ECF No. 2-1.

**Plaintiff's Response:**     Not opposed.

**Owens-Illinois' Reply**:     No dispute.

7.     Delores Suoja was the surviving spouse of Oswald Suoja. Certificate of Death, ECF No. 2-1.

**Plaintiff's Response:**     Not opposed.

**Owens-Illinois' Reply**:     No dispute.

8.     Delores Suoja died on April 7, 2003. Delores Suoja Obituary, *Duluth News Tribune*, Brian Watson Decl. at Ex. 30.

**Plaintiff's Response:**     Not opposed.

**Owens-Illinois' Reply**:     No dispute.

9.     Oswald and Delores Suoja had four adult children: Derald Suoja, Gary Suoja, Suzanne Merwin, and Kimberly Suoja.  Kimberly Suoja Dep. 7-8, ECF No. 88.

**Plaintiff's Response:**     Not opposed.

**Owens-Illinois' Reply**:     No dispute.

10.     Derald Suoja died on January 14, 2011. *Id.* at 8; Derald Suoja Obituary, *Duluth News Tribune*, Brian Watson Decl. at Ex. 31.

**Plaintiff's Response:**     Not opposed.

**Owens-Illinois' Reply**:     No dispute.

11.     Derald Suoja has two adult daughters: Lynn and Lisa. Kimberly Suoja Dep., 93-94, ECF No. 88.

> **Plaintiff's Response:**     Not opposed.

> **Owens-Illinois' Reply**:     No dispute.

12.     Kimberly Suoja did not know Gary Suoja had been appointed to administer the estate of Oswald Suoja. *Id.* at 72-73.

> **Plaintiff's Response:**     Not opposed.

> **Owens-Illinois' Reply**:     No dispute.

13.     Before a month ago, Kimberly Suoja did not know a lawsuit existed. *Id.* at 104-05.

> **Plaintiff's Response:**     Not opposed.

> **Owens-Illinois' Reply**:     No dispute.

14.     Until recently, Gary Suoja did not know a lawsuit was still pending.  Gary Suoja Dep., June 26, 2015 (pending final deposition transcript from).

> **Plaintiff's Response:**     Not opposed.

> **Owens-Illinois' Reply**:     No dispute.  Gary Suoja Dep. 129-130, June 26, 2015, ECF No. 93.

**IV.     *Suoja I*:  The State Court Action**

15.     On September 2, 1997, Delores Suoja brought an action captioned as *Delores Suoja, Individually and as Special Administrator of the Estate of Oscar [sic] Suoja, deceased, v. ACandS, Inc. et al.*, No. 97-cv-2370, in the Circuit Court of Dane County, Wisconsin ("*Suoja I*"). Pl.'s Compl., Brian Watson Decl. at Ex. 1.

**Plaintiff's Response:**     Not opposed.

**Owens-Illinois' Reply**:     No dispute.

16.     The *Suoja I* complaint alleged that Oswald Suoja was an insulator who used asbestos-containing products or worked in the vicinity of persons using the products at various job sites in the State of Wisconsin, and as a direct and proximate result developed mesothelioma, which resulted in his death. *Id.* at ¶¶ 1, 12, 21.

**Plaintiff's Response:**     Not opposed.

**Owens-Illinois' Reply**:     No dispute.

17.     The *Suoja I* complaint alleged that Oswald Suoja was exposed to asbestos from products that were sold, manufactured, distributed, packaged, installed, or otherwise placed into the stream of commerce by ACandS Inc., Allied Insulation Supply Co. Inc., A. P. Green Inc., Armstrong World Industries Inc., Armstrong Cork Co., Asbestos Claims Management (f/k/a National Gypsum Corp.), Building Services Industrial Sales Co., Inc., Crown Cork & Seal Company, Mundet Cork Corporation, GAF Corporation, Garlock Inc., L & S Insulation Co. Inc., Owens Corning Fiberglas Corp., Owens-Illinois, Pittsburgh-Corning Corporation, PPG Industries Inc., Pittsburgh Plate Glass Co., Rapid American Corp., Philip Carey Manufacturing Co., Raymark Industries Inc., Raybestos-Manhattan, Inc., Sprinkmann Sons Corporation, and United States Gypsum Corp. *Id.* at ¶¶ 3-12.

**Plaintiff's Response:**     Not opposed.

**Owens-Illinois' Reply**:     No dispute.

18.     The *Suoja I* complaint specifically alleged that on or about April 1, 1953,

- 5 -

Owens-Illinois entered into a distributorship agreement with Owens Corning Fiberglas for the distribution of Kaylo, an asbestos-containing product manufactured by Owens-Illinois, and Owens Corning Fiberglas began selling Kaylo as a distributor for Owens-Illinois. *Id.* at ¶ 73.

> **Plaintiff's Response:**     Not opposed.
>
> **Owens-Illinois' Reply**:     No dispute.

19.     The *Suoja I* complaint specifically alleged that on or about April 30, 1958, Owens Corning Fiberglas purchased the Kaylo product line from Owens-Illinois, and began manufacturing and distributing Kaylo insulation products, which it had previously distributed for Owens-Illinois. *Id.* at ¶ 51.

> **Plaintiff's Response:**     Not opposed.
>
> **Owens-Illinois' Reply**:     No dispute.

20.     The *Suoja I* complaint alleged legal claims of (1) products liability - negligence, (2) products liability - strict liability, (3) civil conspiracy, and (4) declaratory judgment. *Id.* at ¶¶ 11-114.

> **Plaintiff's Response:**     Not opposed.
>
> **Owens-Illinois' Reply**:     No dispute.

21.     The *Suoja I* complaint specifically alleged that Owens-Illinois was a member of the civil conspiracy.  *Id.* at ¶ 35.

> **Plaintiff's Response:**     Disputed as incomplete. The complaint alleged OI to be an unnamed coconspirator.
>
> **Owens-Illinois' Reply**:     Plaintiff provides no evidence to dispute this

- 6 -

fact.  The *Suoja I* complaint specifically alleged, "Co-conspirators with whom the civil conspiracy defendants conspired include . . . Owens Illinois." Pl.'s Compl. ¶ 35, Brian Watson Decl. at Ex. 1, ECF No. 92-1.

22.     In June 1998, the Wisconsin Circuit Court held a scheduling conference in *Suoja I*, setting a three-week jury trial for November 1, 1998, amendments to the pleadings by July 27, 1998, plaintiff's expert disclosures by September 1, 1998, and defendants' expert disclosures by December 1, 1998.  Pretrial Conference Minutes, Brian Watson Decl. at Ex. 22.

   **Plaintiff's Response:**     Not opposed.

   **Owens-Illinois' Reply**:     No dispute.

23.     Delores Suoja as Special Administrator of the Estate represented in *Suoja I* that Oswald Suoja worked with or around asbestos-containing products as follows:

| Dates | Jobsites | State | Products |
|-------|----------|-------|----------|
| 1943-1945 | Shipyard | MN | |
| 1945 | Power Plant | MN | |
| 1945-1946 | Alma Power Coop | WI | |
| 1946-1947 | Sugar Beet Factory | MN | |
| 1947 | Veteran's Hospital | ND | |
| 1947-1950 | White Pines Housing Development | MI | Unknown |
| 1951-1952 | Schlitz Brewery | WI | |
| 1952-1954 | Milwaukee Correctional Center | WI | |
| 1952 | Milwaukee County Stadium | WI | |
| 1954-1956 | Badger Ordinance Works | WI | Unknown |
| 1956-1970's | Sunstrand's | IL | Unknown |
| 1956-1970's | Sunstrand's | IL | Unknown |
| 1956-1970's | Sunstrand's | IL | Unknown |
| 1956-1970's | Ingersol's | IL | |
| 1956-1970's | Belvedere High School | IL | |
| 1970's | Chevrolet Plant | WI | |
| 1979-1980 | University of Wisconsin Hospital | WI | |
| 1982-1985 | Hormel Plant | WI | |

Pl.'s Initial Resp. Interrogs. at No. 19 & Ex. B, Brian Watson Decl. at Ex. 2.

   **Plaintiff's Response:**     Not opposed.

   **Owens-Illinois' Reply**:     No dispute.

24.      Delores Suoja as Special Administrator of the Estate admitted in *Suoja I* that Oswald Suoja inhaled asbestos while working at Badger Ordnance.  Pl.'s Resp. Req. Admit. at No. 71, Brian Watson Decl. at Ex. 10.

> **Plaintiff's Response:**      Not opposed.
>
> **Owens-Illinois' Reply**:      No dispute.

25.      Delores Suoja as Special Administrator of the Estate admitted in *Suoja I* that Oswald Suoja inhaled asbestos from certain products, including Pittsburgh Corning, Rapid American, and Unibestos.  Pl.'s Resp. Req. Admit. at No. 43, 47, 62, Brian Watson Decl. at Ex. 10.

> **Plaintiff's Response:**      Not opposed.
>
> **Owens-Illinois' Reply**:      No dispute.

26.      Delores Suoja as Special Administrator of the Estate represented in *Suoja I* that she could not admit nor deny, after reasonable investigation, whether Oswald Suoja ever inhaled asbestos from asbestos-containing products manufactured, sold, distributed, or installed by Owens-Illinois.  Pl.'s Resp. Req. Admit. at No. 42, Brian Watson Decl. at Ex. 10.

> **Plaintiff's Response:**      Not opposed.
>
> **Owens-Illinois' Reply**:      No dispute.

27.      In 1999, following fact and expert discovery, defendants moved for summary judgment in *Suoja I*.  Defs.' Mots. Summ. J., Brian Watson Decl. at Exs. 8 & 14.

> **Plaintiff's Response:**        Disputed as incomplete. Only certain

defendants moved for summary judgment in Suoja I.

**Owens-Illinois' Reply**:      Plaintiff provides no evidence to dispute this fact, and Plaintiff and his attorneys did not preserve relevant evidence from *Suoja I.* Hr'g Tr. 29:14-30:19, July 15, 2015, ECF No. 100. Therefore, this fact should be deemed admitted. *See* Procedure to Be Followed on Motions for Summary Judgment § II.C, ECF No. 17 (hereafter "Procedure"); *Salvadori v. Franklin Sch. Dist.*, 293 F.3d 989, 992 (7th Cir. 2002); *Hedrich v. Bd. of Regents of the Univ. of Wisconsin Sys.*, 274 F.3d 1174,1177-78 (7th Cir. 2001).

28.     Defendant Sprinkmann Sons Corporation showed there was no evidence that Oswald Suoja was exposed to or inhaled asbestos containing products supplied or installed by Sprinkmann Sons Corporation, specifically including any products supplied or installed at Badger Ordnance. Def.'s Mot. Summ. J., Brian Watson Decl. at Ex. 9.

**Plaintiff's Response:**      Disputed. Sprinkmann settled the action in Dane County by paying the claim. No adjudication or other determination of evidence relating to Sprinkmann's claims of exposure or inhalation was made. (McCoy Declaration ¶ 11.)

**Owens-Illinois' Reply**:      Paragraph 11 of Robert McCoy's Declaration does not support the Plaintiff's response. Mr. McCoy claims that he lacks personal knowledge about *Suoja I.*  Robert McCoy Decl. ¶ 4, ECF No. 102.  Therefore, his testimony is inadmissible hearsay that cannot be used to oppose Owens-Illinois's motion for summary judgment. *See* Procedure § II.E, ECF No. 17; *Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009) ("A party may not rely upon inadmissible hearsay to

oppose a motion for summary judgment."); *Pyles v. Fahim*, 771 F.3d 403, 412 (7th Cir. 2014) ("[A]n unsubstantiated, hearsay assertion ... is insufficient to defeat summary judgment").

In *Suoja I*, the Wisconsin Circuit Court entered an order dismissing the action, including all claims against Sprinkmann Sons Corp., on the merits and with prejudice, after Sprinkmann Sons Corp. moved for summary judgment.  Order 1, Brian Watson Decl. at Ex. 21, ECF No. 92-21; Mot. Summ. J., ECF Nos. 92-8, 92-9.

29.    In August 1999, more than a year after the deadline for amendments to the pleadings, the Wisconsin Circuit Court denied the plaintiff's motion for leave to amend the complaint to add Owens-Illinois as a defendant in *Suoja I*.  Order 1 & Minutes 1, Brian Watson Decl. at Exs. 40 & 41.

> **Plaintiff's Response:**      Not opposed.
>
> **Owens-Illinois' Reply**:     No dispute.

30.    In October 1999, Delores Suoja as Special Administrator of the Estate represented that she had resolved with all parties, would not appear at the pretrial conference, and considered the *Suoja I* action closed.  Pl.'s Letter, Brian Watson Decl. at Ex. 39.

> **Plaintiff's Response:**      Not opposed.
>
> **Owens-Illinois' Reply**:     No dispute.

31.    Later in 1999, the Wisconsin Circuit Court entered an order dismissing the *Suoja I* action, together with all claims and causes of action, on the merits.  Order 1, Brian Watson Decl. at Ex. 21.

**Plaintiff's Response:**        Disputed. The claims against the defendants were dismissed individually by a series of orders. (Dane County CCAPs) The cited exhibit (OI ex 21) refers only to a dismissal order involving two defendants which was pursuant to a settlement agreement involving payment to Plaintiff. (McCoy Declaration ¶ 11-12.)

**Owens-Illinois' Reply**:        Paragraphs 11 and 12 of Robert McCoy's Declaration do not support the Plaintiff's response. Mr. McCoy claims that he lacks personal knowledge about *Suoja I*. Robert McCoy Decl. ¶ 4, ECF No. 102. Therefore, his testimony is inadmissible hearsay that cannot be used to oppose Owens-Illinois's motion for summary judgment. *See* Procedure § II.E, ECF No. 17; *Gunville*, 583 F.3d at 985 ("A party may not rely upon inadmissible hearsay to oppose a motion for summary judgment."); *Pyles*, 771 F.3d at 412 ("[A]n unsubstantiated, hearsay assertion ... is insufficient to defeat summary judgment").

32.        The Estate of Oswald Suoja, including its agents and attorneys, has not produced and preserved all evidence from *Suoja I*. Pl.'s Resp. Req. Prod. at Nos. 4-9, Brian Watson Decl. at Ex. 37.

**Plaintiff's Response:**        Disputed. As written, a statement about existence of evidence is not a "fact". Additionally, Plaintiff produced the portions of the files from the Dane County action in the possession of Plaintiff or Counsel. (McCoy declaration at ¶15; OI Ex 37.) Discovery relating to the OI claims was pursued in the MDL-875 and OI was part of the evidence collected. (Plaintiff's exhibits 8-12, 15, 19.) The Dane County action did not involve discovery on claims relating to OI product

exposure and Plaintiff is unaware of evidence of exposures about OI products gathered in the Dane County case. (McCoy declaration at ¶ 16.)

       **Owens-Illinois' Reply**:    *Suoja I* involved discovery and litigation of claims relating to Owens-Illinois, including an alleged civil conspiracy, alleged exposure to Owens-Illinois Kaylo distributed by Owens Corning and sold by Sprinkmann Sons Corp., and alleged exposure to products other than Owens-Illinois Kaylo.  Pl.'s Compl. ¶¶ 3-12, 34- 35, ECF No. 92-1; Pl.'s Initial Resp. Interrogs. Nos. 18-23, ECF No. 92-2; Pl.'s Resp. Req. Admit. Nos. 41-42, Brian Watson Decl. at Ex. 92-10. Given Plaintiff's admissions to this Court, there is no reasonable dispute that Plaintiff and his attorneys failed to preserve evidence from *Suoja I.*  Hr'g Tr. 29:14-30:19, July 15, 2015, ECF No. 100.

**V.**    <u>*Suoja II*:  The Federal Action</u>

    33.    On August 5, 1999, while the *Suoja I* action was still pending, Delores Suoja brought this action individually and on behalf of the Estate of Oswald Suoja ("*Suoja II*"). Pl.'s Compl., ECF No. 1.

       **Plaintiff's Response:**    Not opposed.

       **Owens-Illinois' Reply**:    No dispute.

    34.    None of the defendants from *Suoja I* was named in the *Suoja II* complaint. *See id.*

       **Plaintiff's Response:**    Not opposed.

       **Owens-Illinois' Reply**:    No dispute.

    35.    Delores Suoja did not bring this *Suoja II* action as the personal

representative of the Estate pursuant to Wis. Stat. 895.04(3).  *See id.*

**Plaintiff's Response:** Disputed. As written, the statement is not a "fact" but a legal argument relating to the argument of the legal ability of Gary Suoja to pursue the claim which this Court held OI forfeited by not timely raising the argument in MDL-875. Additionally, the allegations of wrongful death under Wis. Stat. 895.04(3) are in the complaint filed by Delores Suoja. (Ex 1 at ¶ 23.)

**Owens-Illinois' Reply:** Plaintiff provides no evidence to dispute this fact. Exhibit 1 is the *Suoja I* complaint, and the allegations in Paragraph 23 do not show anything about *Suoja II*, or consolidated under Wis. Stat. 895.04(3). Therefore, this fact should be deemed admitted. *See* Procedure § II.C, ECF No. 17; *Salvadori*, 293 F.3d at 992; *Hedrich*, 274 F.3d at 1177-78.

36.  Delores Suoja did not move to consolidate the *Suoja I* and *Suoja II* actions pursuant to Wis. Stat. 895.04(3).

**Plaintiff's Response:** Disputed. As written the statement is not a "fact" but is only a legal contention or argument. Additionally, Plaintiff contends consolidation was attempted by the Motion to amend the Dane County action to include OI. (Ex 2.)

**Owens-Illinois' Reply:** Plaintiff provides no evidence to dispute this fact. Exhibit 2 is a motion for leave to amend complaint from *Suoja I*, and does not show any attempt to consolidate the *Suoja I* and *Suoja II* actions pursuant to Wis. Stat. 895.04(3). Therefore, this fact should be deemed admitted. *See* Procedure § II.C, ECF No. 17; *Salvadori*, 293 F.3d at 992; *Hedrich*, 274 F.3d at 1177-78.

37.     The *Suoja II* complaint alleged that Oswald Suoja was an asbestos worker who used asbestos-containing products or worked in the vicinity of persons using the products at various job sites, and as a direct and proximate result developed mesothelioma, which resulted in his death.  *Id.* at 1-2.

> **Plaintiff's Response:**      Not opposed.
>
> **Owens-Illinois' Reply:**      No dispute.

38.     The *Suoja II* complaint alleged that Oswald Suoja worked with or around asbestos-containing products as follows:

| FirstYrId | LastYrId | SiteLocation | SiteCity | SiteSt |
|-----------|----------|--------------|----------|--------|
| 1951 | 1952 | INDIANA MICHIGAN POWER CO (TANNERS CREEK) | LAWRENCEBUR | IN |
| 1952 | 1954 | MILWAUKEE HOUSE OF CORRECTION | MILWAUKEE | WI |
| 1954 | 1956 | BADGER ORDNANCE WORKS | BARABOO | WI |
| 1970'S | 1970'S | SUNDSTRAND | ROCKFORD | IL |

*Id.* at ¶ 6 & Ex. B.

> **Plaintiff's Response:**      Not opposed.
>
> **Owens-Illinois' Reply:**      No dispute.

39.     The *Suoja II* complaint alleged legal claims of (1) products liability - negligence, (2) products liability - strict liability, (3) civil conspiracy, (4) declaratory judgment, and (5) loss of consortium. *Id.* at 2-6.

> **Plaintiff's Response:**      Not opposed.
>
> **Owens-Illinois' Reply:**      No dispute.

40.     As an asbestos-related personal injury action, *Suoja II* was transferred to the Eastern District of Pennsylvania for consolidated pretrial proceedings in MDL 875.

Order, ECF No. 3.

> **Plaintiff's Response:**   Not opposed.
>
> **Owens-Illinois' Reply:**   No dispute.

41.   On May 20, 2004, on the basis that Gary Suoja was the special administrator of the Estate of Oswald Suoja, Cascino Vaughan Law Offices filed a motion in this Court, asking the Eastern District of Pennsylvania to amend the *Suoja II* complaint and to substitute Gary Suoja as the named plaintiff and special administrator of the Estate.  Pl.'s Mot. 1, ECF No. 9.

> **Plaintiff's Response:**   Not opposed.
>
> **Owens-Illinois' Reply:**   No dispute.

42.   On March 3, 2009, the Eastern District of Pennsylvania entered an order in *Suoja II* that "the complaint is hereby amended on its face substituting Gary Suoja, individually and as special administrator for the Estate of Oswald F. Suoja, as plaintiff herein." Order 1, ECF No. 74-2.

> **Plaintiff's Response:**   Not opposed.
>
> **Owens-Illinois' Reply:**   No dispute.

43.   Gary Suoja has not pursued this *Suoja II* action as the personal representative of the Estate of Oswald Suoja pursuant to Wis. Stat. 895.04(3).

> **Plaintiff's Response:**   Disputed. As written, the statement is not a "fact" but a legal argument relating to the argument of the legal ability of Gary Suoja to pursue the claim which this Court held OI forfeited by not timely raising the argument in MDL-875. Additionally, the allegations of wrongful death under Wis. Stat. 895.04(3)

are in the federal complaint. (Ex 23.)

**Owens-Illinois' Reply**:      Plaintiff provides no evidence to dispute this

fact.  Exhibit 23 is the Plaintiff's Complaint, which does not show that Gary Suoja

pursued this *Suoja II* action as the personal representative of the Estate of Oswald Suoja

or that consolidation was pursued under Wis. Stat. 895.04(3). Therefore, this fact should

be deemed admitted. *See* Procedure § II.C, ECF No. 17; *Salvadori*, 293 F.3d at 992;

*Hedrich*, 274 F.3d at 1177-78.

44.      There are no orders appointing Gary Suoja as the personal representative

of the Estate of Oswald Suoja.

**Plaintiff's Response:**      Disputed. As written, the statement is not a

"fact" but a legal argument relating to the argument of the legal ability of Gary Suoja to

pursue the claim which this Court held OI forfeited by not timely raising the argument

in MDL-875. Additionally, Gary Suoja was appointed special administrator by the

Douglas County Probate Court and later by Judge Robreno in MDL-875. (See Probate

case referred to in OI proposed findings of fact 51 below and *Suoja* Case 2:09-cv- 60256-

ER Document 5.)

**Owens-Illinois' Reply**:      Plaintiff provides no evidence to dispute this

fact. Therefore, this fact should be deemed admitted. *See* Procedure § II.C, ECF No. 17;

*Salvadori*, 293 F.3d at 992; *Hedrich*, 274 F.3d at 1177-78.

Moreover, a "personal representative" is different from a "special

administrator." *See* Wis. Stat. 895.04(3), 867.07(6), 867.21(2), 867.17; *see also Heckel v. 3M*

*Co.*, No. 13-CV-459-WMC, 2015 WL 3485082, at *3 (W.D. Wis. June 2, 2015); Mark T.

Johnson, *A "Simple" Probate Should Not Be This Complicated: Principles and Proposals for Revising Wisconsin's Statutes for Probate Summary Procedures*, 2008 Wis. L. Rev. 575, 609 (2008) ("Special administration is used if a designated person is needed to conduct the affairs of an estate in the absence of a personal representative.").

Judge Robreno in MDL-875 lacks jurisdiction to, and could not, appoint Gary Suoja as special administrator. Wis. Stat. § 856.01; Def.'s Br. 7 (collecting cites).

45.     There are no orders entered by the Wisconsin Circuit Court appointing Gary Suoja as the special administrator of the Estate of Oswald Suoja for the purposes of pursing this *Suoja II* action.

**Plaintiff's Response:**     Not opposed.

**Owens-Illinois' Reply**:     No dispute.

46.      In MDL 875, the Eastern District of Pennsylvania entered an administrative order requiring plaintiffs and their attorneys to submit specific information about (1) each plaintiff, (2) each prior or pending court or administrative action, (3) each defendant, and (4) a medical diagnosing report or opinion.  Admin. Order No. 12 at ¶¶ 1-4, Brian Watson Decl. at Ex. 33.

**Plaintiff's Response:**     Not opposed.

**Owens-Illinois' Reply**:     No dispute.

47.     Although the administrative order required plaintiffs and their attorneys to identify each "related court actions," Delores Suoja and Cascino Vaughan Law Offices did not identify *Suoja I* in their report.  Report Pursuant to Admin. Order No. 12 at ¶ 2, Brian Watson Decl. at Ex. 32.

<u>**Plaintiff's Response:**</u>       Not opposed.

<u>**Owens-Illinois' Reply**</u>:       No dispute.

48.     In MDL 875, the Eastern District of Pennsylvania ordered that plaintiffs and their attorneys answer a set of standard interrogatories.  Pl.'s Resp. Interrogs., Brian Watson Decl. at Exs. 34-36.

<u>**Plaintiff's Response:**</u>       Not opposed.

<u>**Owens-Illinois' Reply**</u>:       No dispute.

49.     In response to the interrogatories, Gary Suoja and Cascino Vaughan Law Offices represented that no other lawsuit existed, and did not disclose any information concerning *Suoja I. Id.* at Nos. 14, 26-30.

<u>**Plaintiff's Response:**</u>       Not opposed.

<u>**Owens-Illinois' Reply**</u>:       No dispute.

50.     In February 2015, Gary Suoja and Cascino Vaughan Law Offices identified *Suoja I* in a proposed surreply. Pl.'s Surreply at 1, ECF No. 62-1.

<u>**Plaintiff's Response:**</u>       Not opposed.

<u>**Owens-Illinois' Reply**</u>:       No dispute.

**VI.**   <u>**The Probate Action**</u>

51.     On April 29, 2002, Gary Suoja filed a petition with the Circuit Court of Douglas County, asking that letters of special administration be issued to him with only these specific powers: the power to prosecute an action regarding injuries to the decedent on behalf of the estate of Oswald Suoja.  Spec. Admin. Pet. 1, Brian Watson Decl. at Ex. 23.

<u>**Plaintiff's Response:**</u>    Not opposed.

<u>**Owens-Illinois' Reply**</u>:    No dispute.

52.    On April 29, 2002, the Circuit Court of Douglas County heard the petition without notice.  The court issued letters of special administration to Gary Suoja, and granted only these specific powers: the power to prosecute an action regarding injuries to the decedent on behalf of the estate of Oswald Suoja.  Order App't Spec. Admin 1, Brian Watson Decl. at Ex. 24.

<u>**Plaintiff's Response:**</u>    Not opposed.

<u>**Owens-Illinois' Reply**</u>:    No dispute.

53.    On December 18, 2006, Gary Suoja filed a petition for discharge as special administrator with the Circuit Court of Douglas County, stating under oath that he had completed the assigned duties and the items were received and disbursed. Pet. Discharge, Brian Watson Decl. at Ex. 28.

<u>**Plaintiff's Response:**</u>    Not opposed.

<u>**Owens-Illinois' Reply**</u>:    No dispute.

54.    On January 2, 2007, the Circuit Court of Douglas County entered an order discharging Gary Suoja as special administrator of the Estate of Oswald Suoja and finding Gary Suoja had properly performed authorized duties and filed any required accounts or reports.  Order Discharge, Brian Watson Decl. at Ex. 29.

<u>**Plaintiff's Response:**</u>    Not opposed.

<u>**Owens-Illinois' Reply**</u>:    No dispute.

Respectfully submitted,

By: /s/Brian O. Watson
    Edward Casmere
    Joshua D. Lee
    Brian O. Watson
    Schiff Hardin LLP
    233 S. Wacker Dr. Suite 6600
    Chicago, Illinois  60606
    (312) 258-5500
    (312) 258-5600 (facsimile)
    *Attorneys for Defendant*
    *Owens-Illinois, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on August 10, 2015, these papers were filed with the Clerk of the Court for the United States District Court for the Western District of Wisconsin using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson
Brian O. Watson

15640-0889

CH2\17020452.3