**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

GARY SOUJA, Individually and as
Special Administrator for the Estate
of OSWALD F. SUOJA, Deceased,

        Plaintiff,

    v.                                 Case No. 3:99-cv-00475-bbc

OWENS-ILLINOIS, INC.,

        Defendant.

**OWENS-ILLINOIS, INC.'S**
**RESPONSE TO PLAINTIFF'S CORRECTED NUMBERED**
**STATEMENT OF ADDITIONAL PROPOSED FACTS**

Edward Casmere
Joshua D. Lee
Brian O. Watson
Schiff Hardin LLP
233 S. Wacker Dr. Suite 6600
Chicago, Illinois  60606
(312) 258-5500
(312) 258-5600 (facsimile)
*Attorneys for Defendant*
*Owens-Illinois, Inc.*

Owens-Illinois, Inc. (Owens-Illinois) submits the following response to Plaintiff's Corrected Numbered Statement of Additional Proposed Facts (ECF No. 107) pursuant to the Court's procedure on motions for summary judgment (ECF No. 17).

1.     The reason OI was not a named defendant was the existence of a written agreement between OI and clients of Cascino Vaughan Law Offices to attempt settlement before filing lawsuits. (McCoy declaration at ¶6.)

**Owens-Illinois' Response**:          Disputed, and not material. Paragraph 6 of Robert McCoy's Declaration does not support the proposed fact.  Mr. McCoy claims that he lacks personal knowledge about *Suoja I*.  Robert McCoy Decl. ¶ 4, ECF No. 102. Therefore, his testimony is inadmissible hearsay that cannot be used to oppose Owens-Illinois's motion for summary judgment.  *See* Procedure to Be Followed on Motions for Summary Judgment § II.E, ECF No. 17 (hereafter "Procedure"); *Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009); *Pyles v. Fahim*, 771 F.3d 403, 412 (7th Cir. 2014).  Moreover, his testimony cannot prove the existence of a written agreement, or its alleged terms, to oppose Owens-Illinois's motion for summary judgment.  Fed. R. Evid. 1002; *Acumed LLC v. Advanced Surgical Servs.*, 561 F.3d 199, 222 (3d Cir. 2009); *United States v. Miller*, 248 Fed. App'x 426, 429 (3d Cir. 2007).

2.     Pursuant to the terms of the agreement, OI counsel would be notified by CVLO about the existence of the claim and settlement would be attempted before a CVLO client initiated a lawsuit against OI. (McCoy declaration at ¶¶5-6.)

**Owens-Illinois' Response**:          Disputed, and not material. Paragraphs 5 and 6 of Robert McCoy's Declaration do not support the proposed fact.  Mr. McCoy

claims that he lacks personal knowledge about *Suoja I*. Robert McCoy Decl. ¶ 4, ECF

No. 102. Therefore, his testimony is inadmissible hearsay that cannot be used to oppose

Owens-Illinois's motion for summary judgment. *See* Procedure § II.E, ECF No. 17;

*Gunville*, 583 F.3d at 985; *Pyles*, 771 F.3d at 412. Moreover, his testimony cannot prove

the existence of a written agreement, or its alleged terms, to oppose Owens-Illinois's

motion for summary judgment. Fed. R. Evid. 1002; *Acumed LLC*, 561 F.3d at 222; *Miller*,

248 Fed. App'x at 429.

3.      Negotiations about the Suoja claim with OI were attempted in the 1997-99

period, but were unsuccessful as set forth below. (Ex 2, ¶¶5-7.)

   **Owens-Illinois' Response**:          Disputed, and not material. Exhibit 2 is

an affidavit by Jill A. Rakauski, and does not support the proposed fact "in the 1997-99

period." Moreover, Jill A. Rakauski has not been disclosed as a witness in this case.

Plaintiff has not offered any admissible evidence to support this statement.

4.      Attorney Jill Rakauksi, who at the time was employed by Cascino

Vaughan Law Offices (CVLO), handled most of the work on the Dane County case. (Ex.

20, and McCoy declaration at ¶ 4.)

   **Owens-Illinois' Response**:          Disputed, and not material.  Exhibit 20

is a printout from Wisconsin Circuit Court Access (WCCA), and does not support the

proposed fact at all. Nor does Paragraph 4 of Mr. McCoy's Declaration support the

proposed fact.  Mr. McCoy claims that he lacks personal knowledge about *Suoja I*.

Robert McCoy Decl. ¶ 4, ECF No. 102.  Therefore, his testimony is inadmissible hearsay

that cannot be used to oppose Owens-Illinois's motion for summary judgment.  *See*

Procedure § II.E, ECF No. 17; *Gunville*, 583 F.3d at 985; *Pyles*, 771 F.3d at 412).  Moreover, his testimony cannot prove the existence of a written agreement, or its alleged terms, to oppose Owens-Illinois's motion for summary judgment.  Fed. R. Evid. 1002; *Acumed LLC*, 561 F.3d at 222; *Miller*, 248 Fed. App'x at 429.

5.    The claim against Sprinkmann in the Dane county case was resolved by a negotiated dollar settlement, and resolution of product exposure issues involving the Sprinkmann claims became unnecessary and did not occur. (McCoy declaration at ¶9.)

**Owens-Illinois' Response**:    Disputed. In *Suoja I*, the Wisconsin Circuit Court entered an order dismissing the action, including all claims and causes of action against Sprinkmann Sons Corp., on the merits and with prejudice.  Order 1, ECF No. 92-21.

Paragraph 9 of Mr. McCoy's Declaration does not support the proposed fact.  Mr. McCoy claims that he lacks personal knowledge about *Suoja I*.  Robert McCoy Decl. ¶ 4, ECF No. 102.  Therefore, his testimony is inadmissible hearsay that cannot be used to oppose Owens-Illinois's motion for summary judgment.  *See* Procedure § II.E, ECF No. 17; *Gunville*, 583 F.3d at 985; *Pyles*, 771 F.3d at 412.

6.    The claim against Owens Corning was also resolved after filing the lawsuit by a settlement agreement. (McCoy declaration at¶ 10.)

**Owens-Illinois' Response**:    Disputed. In *Suoja I*, the Wisconsin Circuit Court entered an order dismissing the action, including all claims and causes of action against Owens Corning, with prejudice and on the merits.  Order 1, ECF No. 92-21; Order 1, ECF No. 92-20.

Paragraph 10 of Mr. McCoy's Declaration does not support the proposed fact.  Mr. McCoy claims that he lacks personal knowledge about *Suoja I*.  Robert McCoy Decl. ¶ 4, ECF No. 102.  Therefore, his testimony is inadmissible hearsay that cannot be used to oppose Owens-Illinois's motion for summary judgment.  *See* Procedure § II.E, ECF No. 17; *Gunville*, 583 F.3d at 985; *Pyles*, 771 F.3d at 412.

7.      OI cites no dismissal or other order in the Dane County action which had findings involving OI or exposure to OI products, and OI was not a party at any time to the Dane County case.

**Owens-Illinois' Response**:      Disputed, in part. It is undisputed that Owens-Illinois was not a party at any time to *Suoja I*. Pl.'s Compl., ECF No. 92-1. In *Suoja I*, the Wisconsin Circuit Court entered an order dismissing the action, including Sprinkmann Sons Corp. and Owens Corning and all claims and causes of action, with prejudice and on the merits.  Order 1, ECF No. 92-21; Order 1, ECF No. 92-20.  The claims and causes of action in *Suoja I* included that Owens-Illinois was a member of an alleged civil conspiracy, and alleged exposure to Owens-Illinois Kaylo at Badger Ordnance distributed by Owens Corning and sold by Sprinkmann Sons Corp.  Pl.'s Compl. ¶¶ 3-12, 34- 35, ECF No. 92-1.

8.      During pendency of the case in MDL-875, discovery proceeded including the depositions of two coworkers of Oswald Suoja, George Schlub and Lawrence Zimmer taken in early 2012. (Ex.8; Ex.9.)

**Owens-Illinois' Response**:      Not disputed.

9.      The depositions contained testimony about Oswald's exposure to Kaylo

brand pipe and block insulation from before 1959 at Badger Ordnance jobsite, which is the period when OI was a manufacturer of Kaylo. (Ex.8 at 11-25; Ex.9 at 25-27; Ex.10 at 54; Ex.11 at Answer to No. 22.)

> **<u>Owens-Illinois' Response</u>**:        Disputed, in part.  It is undisputed that Owens-Illinois was a manufacturer of Kaylo, a calcium silicate pipe and block insulation, from the late 1940s until April 30, 1958. Resp. Interrog. No. 20, ECF No. 105-11.  Effective April 30, 1958, Owens-Illinois sold its entire Kaylo Division to Owens Corning Fiberglas and ceased the manufacture and sale of Kaylo. *Id.*

> Exhibits 8, 9, and 10 are the depositions of George Schlub and Lawrence Zimmer, and do not support the proposed fact. George Schlub testified that he worked with Oswald Suoja at Badger Ordnance around 1967 (not before 1959) and that he worked with an 85% magnesium Kaylo product (Owens-Illinois Kaylo was a calcium silicate product). George Schlub Dep. 11:19-21, 28:9-12, 30:17-34:20, ECF No. 105-8. Lawrence Zimmer testified that he worked with Oswald Suoja at Badger Ordnance in late 1958 (when Owens Corning Fiberglas manufactured Kaylo) and that vaguely "yes" he "would be able to say one way or another if [Oswald Suoja] was exposed to the same things [he] were out there as far as dust."  Lawrence Zimmer Dep. 25:13-18, 54:12-15, ECF No. 105-10.

10.     Additionally, Plaintiff disclosed during discovery in the MDL a group of invoices confirming (OI) Kaylo was delivered to Badger Ordinance. (Ex. 15.)

> **<u>Owens-Illinois' Response</u>**:        Disputed, and not material.  Plaintiff disclosed the invoices after discovery closed.  *Compare* Scheduling Order 1, ECF No.

105-5, *with* Pl.'s Suppl. Resp. 1, 4, ECF No. 105-15.  The first invoice, which is dated July

1959, shows that Owens Corning Fiberglas Kaylo (not Owens-Illinois Kaylo) was

shipped to Badger Ordinance.  Owens Corning Fiberglas Invoices at 5, ECF No. 105-15.

The remaining invoices show that Owens Corning Fiberglas distributed and

Sprinkmann Sons Corp. received Kaylo at Badger Ordnance, which was litigated and

dismissed with prejudice and on the merits in the Dane County action. Owens Corning

Fiberglas Invoice at 6-10, ECF No. 105-15; Order 1, ECF No. 92-21; Order 1, ECF No. 92-

20.

 11. Due to the 13 years which had elapsed after the Dane County action was

dismissed and the departure of attorney Rakauski from the Cascino Vaughan Law

Offices firm sometime before the end of 2003, CVLO did not have information in the

computer database or personal recollections by the firm's current attorneys about the

Dane County action. (McCoy declaration at ¶ 12.)

 **Owens-Illinois' Response**:  Disputed, and not material.  Contrary

to his Declaration, Mr. McCoy personally participated in the Dane County action. *E.g.*,

Elmer Borchardt Dep. 2:4-105:2, ECF No. 108; *see also* below at ¶ 13.

 12. As a result the Dane County action mistakenly was not listed in answers

to standard interrogatories in the federal case (McCoy declaration at¶ 12.)

 **Owens-Illinois' Response**:  Disputed, and not material.  Contrary

to his Declaration, Mr. McCoy personally participated in the Dane County action. *E.g.*,

Elmer Borchardt Dep. 2:4-105:2, ECF No. 108; *see also* below at ¶ 13.

 13. Suoja discovery responses in the MDL advised OI of the existence of the

settlements which arose from the earlier action. (Ex. 22 at Interrogatory 36; ex. 21 at 2.)

**Owens-Illinois' Response**:      Disputed. Exhibits 21 and 22 represented to Owens-Illinois that no other lawsuit existed. Interrog. No. 14, ECF No. 105-22; Report ¶ 2, ECF No. 105-21.  If these discovery responses show the existence of the settlements which arose from the earlier action, Mr. McCoy's Declaration is inaccurate, and Gary Suoja, a lawyer himself, and his lawyers had personal knowledge and accessible information about the Dane County action.

14.      OI knew of the Suoja claim in 1997 or 1998 by the settlement terms and negotiations under the CVLO-OI agreement.

**Owens-Illinois' Response**:      Disputed, and not material. Plaintiff provides no evidence to support this proposed fact.  If there were "settlement terms and negotiations" related to the *Suoja* claim, that evidence should have been produced. Pl.'s Resp. Interrog. No. 7, ECF No. 85-3; Pl.'s Resp. Req. Prod. No. 3; Hr'g Tr. 18:3-19:3, July 15, 2015, ECF No. 100.  Moreover, if there were "settlement terms and negotiations" related to the *Suoja* claim, that evidence would not establish that Owens-Illinois was aware of a separate pending action.

15.      During the briefing on OI's unsuccessful motion to enforce the alleged settlement agreement, and the resulting discovery motion practice, the past filing of the Dane County action was learned about by attorney Robert McCoy who assumed handling the Suoja case sometime after remand. (Doc #62-1, McCoy declaration at¶¶ 12-13.)

**Owens-Illinois' Response**:      Disputed.  Contrary to his Declaration,

- 8 -

Mr. McCoy personally participated in both the Dane County action and this case before remand. *E.g.*, Elmer Borchardt Dep. 2:4-105:2, ECF No. 108; Civil Docket for Case #: 2:09-cv-60256-ER, ECF No. 105-7 (filings at No. 91, 92, 104, 106, 116, 121, 129, 135, 138, 148); *see also* above at ¶ 13.

Respectfully submitted,

By: /s/ Brian O. Watson

Edward Casmere
Joshua D. Lee
Brian O. Watson
Schiff Hardin LLP
233 S. Wacker Dr. Suite 6600
Chicago, Illinois  60606
(312) 258-5500
(312) 258-5600 (facsimile)
*Attorneys for Defendant*
*Owens-Illinois, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 10, 2015, these papers were filed with the Clerk of the Court for the United States District Court for the Western District of Wisconsin using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson
Brian O. Watson

15640-0889

CH2\17035019.3