IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

GARY SOUJA, Individually and as
Special Administrator for the Estate
of OSWALD F. SUOJA, Deceased,

      Plaintiff,

v.                                        Case No. 3:99-cv-00475-bbc

OWENS-ILLINOIS, INC.,

      Defendant.

## OWENS-ILLINOIS, INC.'S
## REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Owens-Illinois, Inc. (Owens-Illinois) submits this reply in support of its Motion for Summary Judgment (ECF No. 89) pursuant to the Court's procedure on motions for summary judgment (ECF No. 17).

### Introduction

In its opening brief, Owens-Illinois shows three bases for summary judgment: 1) this Court does not have jurisdiction because Gary Suoja does not have standing to maintain this action; 2) this action is moot because, as Gary Suoja has admitted, there is no controversy left to be resolved by the Court; and 3) the claims against Owens-Illinois are precluded because the issue of exposure to Owens-Illinois Kaylo insulation products was contested in the state court action and decided by a valid final judgment.

Since Owens-Illinois filed its opening brief, Gary Suoja and his lawyers were compelled to produce additional evidence that confirms Owens-Illinois is entitled to

judgment in its favor. That evidence proves: in 2002, Gary Suoja was appointed special administrator of Oswald Suoja's estate to pursue this case; in 2006, the Wisconsin court administering the estate asked about the status of this case; and in response to the Wisconsin court's inquiry, Gary Suoja declared that any possible recovery had been received and disbursed, he closed the estate, and he was discharged as special administrator. Probate File at 1, 5-7, 11, 15, ECF No. 105-17. In doing so, Gary Suoja represented intentionally and voluntarily that there were no remaining claims for Oswald's death. Gary Suoja Dep. 212:2-9, ECF No. 93.

In his response brief, Gary Suoja does not address his sworn admissions that there are no remaining claims to be resolved. But the threshold issue in this case, as in every federal case, is whether there is an actual case or controversy over which this Court has jurisdiction. As Owens-Illinois shows in its opening brief, because Gary Suoja lacks standing to maintain this lawsuit, this Court does not have subject matter jurisdiction. Moreover, by dissolving the estate, Gary Suoja rendered this lawsuit moot and divested this Court of any jurisdiction it might otherwise have had.

Gary Suoja presents no argument or evidence (admissible or otherwise) to establish jurisdiction.[1] And even if he could show that the Court had jurisdiction, the

---

[1] Instead of following the Court's procedures, Gary Suoja starts his response brief with a section entitled "Evidence and Procedural History." Not only is that portion of his brief inaccurate and largely devoid of foundation, it also violates the Court's clear directions and should be disregarded. *See* Procedure to Be Followed on Motions for Summary Judgment II, ECF No. 17; *see also McGarvey v. Borgan*, 2005 WL 1181950, at *1-2 (W.D. Wis. May 18, 2005); *Stevo v. Frasor*, 662 F.3d 880, 886-87 (7th Cir. 2011) ("[W]e have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings.").

dispositive issue of whether Oswald Suoja was exposed to Owens-Illinois Kaylo was resolved in the state court action. Therefore, because there is no material issue to be decided by this Court, Owens-Illinois is entitled to judgment in its favor.

## Argument

I. **This Court Lacks Subject Matter Jurisdiction.**

    A. **Because Gary Suoja Lacks Standing to Maintain this Action, this Court Lacks Subject Matter Jurisdiction.**

Without citing any authority — and without addressing the Seventh Circuit's directly adverse precedent — Gary Suoja asserts that Owens-Illinois has forfeited its objection to standing. Pl.'s Br. 10. This argument is devoid of merit. In fact, Gary Suoja's waiver argument demonstrates that he fundamentally misunderstands the limits on this Court's federal jurisdiction. Because standing is jurisdictional, a lack of standing cannot be waived. Def.'s Br. 6-7. *See also Rapa v. Novartis Pharms. Corp.*, 53 F. Supp. 3d 1150, 1154 (E.D. Mo. 2014) ("Standing is jurisdictional and a lack of standing cannot be waived, under the doctrine of laches or otherwise."), *aff'd*, 2015 WL 3852722, at *1-2 (8th Cir. June 23, 2015).[2]

---

[2] Contrary to his assertion, this Court has not decided the issue of standing. Order 1-4, ECF No. 77. Moreover, waiver occurs only when a party fails to raise an objection with "reasonable promptness," such as shortly before trial, during trial, or when the opposing party does not have reasonable time to correct his error. *RK Co. v. See*, 622 F.3d 846, 850 (7th Cir. 2010). Not so here. Nor does waiver occur when a party reasonably relies on formal representations made to and accepted by a court. *Wallace v. Novartis Pharms. Corp.*, 984 F. Supp. 2d 377, 381-83 (M.D. Pa. 2013) (no waiver where the defendant "assumed the truth of plaintiff's counsel's filings, as it was entitled to do [under] Fed. R. Civ. P. 11(b)"); *Porter v. Novartis Pharms. Corp.*, No. 06 C 3052, 2014 WL 3639135, at *2-4 (N.D. Ill. July 23, 2014) (no waiver where the "falsehood was of course unknown to Novartis and its counsel, so that it did not oppose the substitution, and the MDL Court then approved it") (collecting other remanded cases).

Article III, Section 2 of the United States Constitution limits federal court subject matter jurisdiction to those actions in which there is an actual "case" or "controversy." *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982) (holding that the Constitution limits the authority of federal courts to deciding the legal rights of "litigants in actual controversies"). In order to maintain an action, the plaintiff must both be the real party in interest and have standing. *Rawoof v. Texor Petrol. Co.*, 521 F.3d 750, 757 (7th Cir. 2008); *Weissman v. Weener*, 12 F.3d 84, 86 (7th Cir. 1993). Standing is the constitutional requirement, flowing from the Article III limitations on federal courts to "cases" or "controversies," and the prudential limitations on the exercise of federal jurisdiction. *Franchise Tax Bd. v. Alcan Aluminum Ltd.*, 493 U.S. 331, 335 (1990); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Travelers Property Cas. v. Good*, 689 F.3d 714, 718 (7th Cir. 2012).

When Gary Suoja petitioned the Wisconsin court to dissolve the estate, he lost any standing he may have had to maintain this action. Def.'s SPFF ¶¶ 51-54; Probate File at 5-11, ECF No. 105-17; Gary Suoja Dep. 212:2-9, ECF No. 93. No federal court has authority, or jurisdiction under the probate exception, to reinstate that standing. Wis. Stat. 856.01; Def.'s Br. 7, n.4. Because Gary Suoja does not have standing to maintain this case, this Court does not have jurisdiction to resolve this case.

In his response brief, Gary Suoja offers nothing to satisfy the constitutional standing requirements — injury-in-fact, causation, and redressability. Pl.'s Resp. 10. He cannot establish his *own* injury that is fairly traceable to Owens-Illinois's alleged conduct and that is likely to be redressed by his *own* requested relief. Under prudential

limitations, moreover, he cannot assert the claims of third parties who are not before this Court. Nor can a jury award damages to punish Owens-Illinois for allegedly harming individuals who are not before this Court. Because Gary Suoja lacks standing—both constitutional and prudential—this action should be dismissed.

**B.     Because Intervening Events Have Mooted this Action, this Court Lacks Subject Matter Jurisdiction.**

Even if Gary Suoja could establish that he had standing to pursue this action, when he closed the estate and admitted there were no remaining claims to be resolved, he rendered this action moot. When a party loses standing "due to intervening events, the inquiry is really one of mootness. Mootness is 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" *Parvati Corp. v. City of Oak Forest*, 630 F.3d 512, 516 (7th Cir. 2010) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000)). So, if intervening circumstances demonstrate that there is no continuing, material controversy, this Court must conclude that it does not have jurisdiction and dismiss the case. *Id.*[3]

Intervening events have mooted this action. In 2006, when he responded to the Wisconsin court's inquiry about this federal case, Gary Suoja made a formal and final concession in his pleading. Probate File at 5-11, ECF No. 105-17. He declared under oath that any possible recovery had been received and disbursed, he closed the estate,

---

[3] Like standing, mootness cannot be waived. *Sosna v. Iowa*, 419 U.S. 393, 398 (1975); *Fox v. Bd. of Trustees*, 42 F.3d 135, 140 (2d Cir. 1994) ("The mootness doctrine is an elemental limitation on federal judicial power, and its effect may not be waived by a party.").

and he was discharged as special administrator. *Id.*; Def.'s SPFF ¶¶ 51-54. Indeed, he confirmed in his deposition that there are no remaining claims to be pursued for Oswald's death. Gary Suoja Dep. 212:2-9, ECF No. 93.

Those admissions are binding on Gary Suoja. *Thomas v. Law Firm of Simpson & Cybak*, 244 F. App'x 741, 742, 744 (7th Cir. 2007) (party admission in deposition renders controversy moot); *Mine Safety Appliances Co. v. Forrestal*, 326 U.S. 371, 373 n.3 (1945) (party statement in affidavit renders controversy moot); *Winsness v. Yocom*, 433 F.3d 727, 736 (10th Cir. 2006) (same); *Troy State Univ. v. Dickey*, 402 F.2d 515, 516 (5th Cir. 1968) (same); *Beta Upsilon Chi Upsilon Chapter at the Univ. of Florida v. Machen*, 586 F.3d 908, 917 (11th Cir. 2009) (same). Because Gary Suoja, a lawyer himself, and his lawyers represented to the Wisconsin court that there was no dispute over which to litigate — and he confirmed that admission here — Owens-Illinois is entitled to judgment in its favor.

## II.     There Is No Cognizable Wrongful Death Claim.

Moreover, Owens-Illinois's opening brief explains that Wisconsin law does not allow separate wrongful death claims. In state court, Delores Suoja sued individually (a wrongful death claim for loss of society and companionship) and as special administrator of the Estate (a survival claim for damages sustained before death). Def.'s SPFF ¶¶ 15. She also litigated, recovered, and dismissed all claims and causes of action with prejudice as the surviving spouse (the wrongful death claim) and for the Estate (the survival claim). *Id.* at ¶¶ 15-32. Because her state wrongful death claim and this wrongful death claim were never consolidated, this claim cannot proceed at all. Wis.

Stat. § 895.04(3); *Delvaux v. Vanden Langenberg*, 130 Wis. 2d 464, 494, 387 N.W.2d 751, 764 (1986) (Wisconsin "statutes do not provide for separate wrongful death actions concerning the same wrongful death.").

Gary Suoja does not dispute that Wis. Stat. § 895.04(3) requires all wrongful death claims to be consolidated. Rather, in an attempt to avoid the legal effect of this failure, he claims that consolidation was attempted in state court. Pl.'s Br. 10. But there is no evidence of a motion to consolidate, or even a mention of Wis. Stat. § 895.04(3), in the state court action. He cites a motion to amend the complaint, which says nothing about consolidation at all. That motion was filed (and denied) more than a year after the deadline for amendments. It offers no reason why the plaintiff could not file the motion before the deadline.

Nor does Gary Suoja offer any legitimate reason here. He argues that, if the plaintiffs had failed to consolidate, it is because an "OI-CVLO agreement to negotiate" [4] prevented consolidation. He offers no evidence that supports this argument. His attorneys had years to name Owens-Illinois in the state court action — just like they sued Owens-Illinois and T&N PLC, a co-defendant, in this federal action. In fact, Gary

---

[4] Plaintiff submits neither a copy of this "agreement" nor admissible evidence about this "agreement." Robert McCoy claims that he lacks personal knowledge about the prior state court action. Robert McCoy Decl. ¶ 4, ECF No. 102. So, his unsubstantiated hearsay offers no proof of this "agreement" at all. Procedure § II.E; *Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009) ("A party may not rely upon inadmissible hearsay to oppose a motion for summary judgment."); *Pyles v. Fahim*, 771 F.3d 403, 412 (7th Cir. 2014) ("[A]n unsubstantiated, hearsay assertion ... is insufficient to defeat summary judgment"). Moreover, his testimony cannot prove the existence of a written agreement, or its alleged terms, to oppose summary judgment. Fed. R. Evid. 1002; *Acumed LLC v. Advanced Surgical Servs.*, 561 F.3d 199, 222 (3d Cir. 2009); *United States v. Miller*, 248 Fed. App'x 426, 429 (3d Cir. 2007).

Suoja's argument is inconsistent with his other position, which he and his attorneys make elsewhere, that they were not even aware the two actions existed.

The record is clear: there was no consolidation. Delores and Gary Suoja never tried to consolidate as plaintiffs, and moreover they told the defendants that no other lawsuit existed. Def.'s SPFF ¶¶ 49-50 (federal court); Pl.'s Initial Resp. Interrogs. No. 16 (state court). Because the two wrongful death claims were not consolidated, Gary Suoja's wrongful death claim here cannot proceed and it should be dismissed. Wis. Stat. § 895.04(3); *see also Delvaux*, 130 Wis. 2d at 494, 387 N.W.2d at 764.[5]

### III.     Gary Suoja Is Precluded from Re-Litigating Exposure to Owens-Illinois Kaylo.

Finally, under Wisconsin law, Gary Suoja is precluded from re-litigating the issue of exposure to asbestos from Owens-Illinois Kaylo. Nothing in his response brief, which misstates facts and asks the Court to apply the wrong legal standard, suggests otherwise. Pl.'s Resp. 7-9.

His reliance on *Easley v. Reuss*, 247 F. App'x 823 (7th Cir. 2007), is entirely misplaced. *Easley* applies the federal doctrine of collateral estoppel, not the Wisconsin rule of issue preclusion. *Compare id.* at 826-27 (citing *Wash. Group Int'l, Inc. v. Bell, Boyd, & Lloyd LLC*, 383 F.3d 633, 636 (7th Cir. 2004)) *with Arendt v. Owens-Illinois, Inc.*, No. 13-C-727, 2015 WL 3452549, at *2-3 (E.D. Wis. May 29, 2015) (citing *Michelle T. by Sumpter v. Crozier*, 173 Wis. 2d 681, 687 & n.7 (1993)). Under the full faith and credit statute, 28

---

[5] Although Gary Suoja notes the difference between wrongful death and survival claims, it makes no difference here. Pl.'s Br. 11-12. Both the wrongful death and survival claims fail here under standing, mootness, and issue preclusion. Moreover, his wrongful death claim fails under Wis. Stat. § 895.04(3).

U.S.C. § 1738, federal courts must give state court judgments the same preclusive effect as the state court would. *Iqbal v. Patel*, 780 F.3d 728, 731 (7th Cir. 2015); *Stericycle, Inc. v. City of Delavan*, 120 F.3d 657, 658-59 (7th Cir. 1997). Therefore, the preclusive effect of the prior state court action is governed here by Wisconsin law. *Arendt*, 2015 WL 3452549, at *3 (citation omitted).

Under the correct legal standard, it is evident that issue preclusion applies here. There is no dispute that both actions allege the same course of conduct: (1) Oswald Suoja was diagnosed with and died of mesothelioma; (2) Oswald was exposed to asbestos; (3) all exposures contribute to the development of mesothelioma; and (4) the exposures therefore caused Oswald's mesothelioma. Def.'s SPFF ¶¶ 16-19, 37. Both actions assert the same legal claims. *Id.* at ¶¶ 20, 39. Both actions allege that Owens-Illinois is liable because Oswald was exposed at Badger Ordnance to asbestos from Kaylo insulation products, which were made by Owens-Illinois, distributed by Owens Corning Fiberglas, and installed by Sprinkmann Sons Corporation. *Id.* at ¶¶ 23-28, 38.

In state court, the plaintiff litigated those same issues for two years, taking the issue through fact and expert discovery. *Id.* at ¶¶ 15-32. Faced with trial and motions seeking summary judgment on the basis that there was no evidence that Oswald was exposed to asbestos — specifically including Owens-Illinois Kaylo distributed by Owens Corning Fiberglas and installed by Sprinkmann Sons Corporation at Badger Ordnance — the plaintiff dismissed the action with prejudice. *Id.* at ¶¶ 31. Indeed, plaintiff agreed to dismiss all claims and causes of action on the merits. *Id.* Under these circumstances, the dismissal should be given preclusive effect on whether Oswald was

ever exposed to Owens-Illinois Kaylo insulation products at Badger Ordnance. *Arendt*, 2015 WL 3452549, at *2-3; *see also Ahnert v. Brand Insulation, Inc.*, No. 13-C-1456, 2014 WL 4257740, at *1-5 (E.D. Wis. Aug. 29, 2014); *Ahnert v. Brand Insulation, Inc.*, No. 13-C-1456, 2015 WL 461568, at *1-5 (E.D. Wis. Feb. 3, 2015).

Yet, in his response brief, Gary Suoja does not discuss, let alone distinguish, the *Arendt*, *Ahnert*, or any other Wisconsin decisions on issue preclusion. Pl.'s Resp. 7-9. Instead, he seeks to avoid the arguments presented in Owens-Illinois's opening brief by mischaracterizing the facts. For example, he incorrectly states that "No evidence is shown to be elicited during discovery on the OI exposures beyond the allegations of the pleadings." Pl.'s Resp. 8. He also claims that "settlements with Owens Corning and Sprinkmann resulted in judgments without any determination of the merits of the allegations that might relate to exposure to OI products." *Id.* He then says, "OI has not provided evidence of any such RTA response in the instant case." *Id.* at 9. But even a quick review of the evidence and proposed finding of facts show these statements are incorrect. Def.'s SPFF ¶¶ 15-31.

Because Gary Suoja fails to create any *genuine* dispute on issue preclusion and because the undisputed record shows the issue of exposure to asbestos from Owens-Illinois Kaylo insulation products was actually contested in the state court action and decided by a valid final judgment, Owens-Illinois is entitled to judgment in its favor.

## Conclusion

Faced with summary judgment, Gary Suoja and his lawyers repeatedly seek to avoid, not meet, their legal obligations with an apparent belief that their asbestos case

should be different. The notion that they are entitled to special, reduced burdens of production, procedural shortcuts, and relaxed evidentiary standards has no foundation in law. The legal result here may seem harsh, but when conduct becomes as serious as it is here, it imposes a tremendous burden on everyone: multiple federal and state courts, many defendants, and every other litigant in the busy court system.

There is no genuine dispute for a trial. Gary Suoja, a lawyer himself, and his lawyers have made representations here and in Wisconsin state court that prove clearly and unambiguously there is not. And to the extent the Suoja family is entitled to any remedy, it lies elsewhere. *Martinez v. City of Chicago*, 499 F.3d 721, 728 (7th Cir. 2007); *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004); *Tango Music, LLC v. DeadQuick Music, Inc.*, 348 F.3d 244, 247 (7th Cir. 2003).

For the reasons set forth above and in Owens-Illinois's opening brief, Owens-Illinois is entitled to summary judgment.

                                              Respectfully submitted,

                                              By: /s/Brian O. Watson
                                                  Edward Casmere
                                                  Joshua D. Lee
                                                  Brian O. Watson
                                                  Schiff Hardin LLP
                                                  233 S. Wacker Dr. Suite 6600
                                                  Chicago, Illinois 60606
                                                  (312) 258-5500
                                                  (312) 258-5600 (facsimile)
                                                  *Attorneys for Defendant*
                                                  *Owens-Illinois, Inc.*

## **CERTIFICATE OF SERVICE**

      I certify that on August 10, 2015, these papers were filed with the Clerk of the Court for the United States District Court for the Western District of Wisconsin using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson
Brian O. Watson

15640-0889

CH2\17043459.5