## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| GARY SUOJA, Individually and as Special Administrator of the Estate of OSWALD SUOJA, Deceased, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | Case No. 99-cv-475-bbc |
| | ) | |
| v. | ) | |
| | ) | |
| Owens-Illinois, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**Plaintiff's Motion for Leave to File Sur-Reply and Sur-Reply in Opposition to Owens-Illinois, Inc.'s Motion for Summary Judgment**

Plaintiff submits this sur-reply in opposition to Defendant Owens-Illinois's ("OI") motion for summary judgment.  (ECF DOC # 89.)  Plaintiff moves for leave to file this sur-reply because of OI's position in reply that the earlier rulings of asbestos MDL District Judge Robreno and this Court are irrelevant to the issue of "standing."  Judge Robreno's March 3, 2009 order appointed Gary Suoja as Special Administrator for the purposes of pursuing this lawsuit.  (Ex.1.) This Court ordered that OI's objection to Gary Suoja as a proper party was forfeited and not jurisdictional.[1]  (ECF DOC # 77.)

In its reply in support of proposed findings of fact, OI asserts that "a 'personal representative' is different from a "'special administrator.'"  (ECF DOC # 109, OI's Reply in Support of Proposed Findings of Fact, Fact # 44, Page 16-17.)   However, the Court of Appeals for the Seventh Circuit held under Wisconsin law that "actions as special administrator will

---

[1] This Court held; "The question whether an individual is the real party in interest under Fed. R. Civ. P.  7 is not jurisdictional, *PNC Bank, N.A. v. Spencer*, 763 F.3d 650, 654 (7th Cir. 2014), which means the issue can be waived."

relate back in the same way as those of a personal representative would.*"* *Hutchinson ex rel.* *Baker v. Spink*, 126 F.3d 895, 899 (7th Cir. Wis. 1997).  The Seventh Circuit in *Hutchinson* relied upon and quoted Wisconsin statutory law which provides:  "The duties and powers of a personal representative appointed under this chapter commence upon the personal representatives appointment. The personal representatives powers relate back in time to acts by the personal representative prior to appointment which are beneficial to the estate."  126 F.3d at 899, quoting Wis. Stat. § 865.09(2).  The special administration in Douglas County, WI, opened in 2002 in Gary Suoja's name, can be reopened.  As a consequence of the Wisconsin statute, actions taken by Gary Suoja to pursue this litigation as special administrator relate back to when the complaint was filed.  Defendant's argument that Gary Suoja must be a personal representative is not correct based on the *Hutchinson* case.

Plaintiff believes as set forth in the response to OI's motion that the orders of Judge Robreno and this Court are valid and answer the argument based on standing.  As an additional matter, Plaintiff will request the Wisconsin Probate Court to reopen the special administration in Gary Suoja's name.

<u>Conclusion</u>

For the reasons above and in the response brief, OI's motion for summary judgment should be denied.

Dated: August 26, 2015

  /s/ Robert G. McCoy_____
Attorney for Plaintiff

Robert G. McCoy
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, IL 60607

(312) 944-0600
(312) 944-1870 (fax)
bmccoy@cvlo.com

## Certificate of Service

I hereby certify that on August 26, 2015, I caused the forgoing to be electronically filed with the United States District Court for the Western District of Wisconsin using the CM/ECF system which will automatically send all necessary notifications of this filing to CM/ECF participants in this case.

Dated: August 26, 2015

 /s/ Robert G. McCoy_____
Attorney for Plaintiff

Robert G. McCoy
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, IL 60607
(312) 944-0600
(312) 944-1870 (fax)
bmccoy@cvlo.com

3