IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GARY SUOJA, individually and as
special administrator for the estate
of Oswald F. Suoja,

               Plaintiff,

     v.

OWENS-ILLINOIS, INC.,

               Defendant.

OPINION and ORDER

99-cv-475-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Gary Suoja is suing defendant Owens-Illinois, Inc. for injuries caused by asbestos exposure. After proceeding in multidistrict litigation for many years, the case was transferred back to this court in 2014. Dkt. #14. Now before the court is defendant's motion for summary judgment, in which it argues that plaintiff's claims should de dismissed for three reasons: (1) "the action is moot"; (2) plaintiff "lacks standing"; and (3) issue preclusion bars plaintiff's claims. Dkt. #89. In addition, plaintiff has filed a motion for leave to file a surreply brief, along with a proposed brief. Dkt. #112.

Defendant has mischaracterized its first two arguments as jurisdictional. Properly construed, these are arguments about proper procedure under state law. Because defendant could have raised any of those arguments more than six years ago, I conclude that defendant has forfeited these issues. In addition, I conclude that defendant has not shown that it is

entitled to issue preclusion because the earlier case ended in a settlement.  I am denying plaintiff's motion for leave to file a surreply brief as moot because it was unnecessary to consider that brief in order to resolve defendant's motion.

OPINION

A.  "Standing"

A little background is necessary to understand defendant's argument on standing. After this case was transferred from the multidistrict litigation court, the parties agreed to an August 2015 trial without any additional motions for summary judgment.  Dkt. ##17- 20.  The parties hit a major bump in the road in December 2014, when counsel for plaintiff agreed to a settlement offer from defendant, but plaintiff later alleged that he had not authorized the settlement.  This prompted defendant to file a motion to "enforce the settlement agreement," dkt. #46, which I denied because the undisputed evidence available at the time showed that plaintiff's counsel did not have authority to settle the case.   In response, defendant sought permission to conduct additional discovery and file a new motion for summary judgment on the question whether plaintiff had authorized his lawyers to settle the case in December 2014.  Dkt. #71.  In addition, defendant wanted to raise two new issues:  (1) whether a previous wrongful death action filed by Oswald Suoja's wife in state court bars this case; and (2) whether plaintiff is properly named as the administrator for Oswald Suojoa's estate under Fed. R. Civ. P. 17(b).

Plaintiff did not object to discovery related to the alleged December 2014 settlement

or the effect of the previous wrongful death action, so, in an order dated April 10, 2015, I granted defendant's motion as to those issues and set new dates for trial and summary judgment motions.  Dkt. #77.  However, I concluded that defendant had forfeited the issue related to plaintiff's status as the administrator of the estate:

> Defendant says that it believes that plaintiff may have been discharged as the administrator in 2007. However, plaintiff did not file his motion to be named as a party in this case until 2008. If defendant believed that plaintiff was not a proper party, it should have objected at that time or sought discovery on this issue at some point over the next six years while discovery was still open.

> The question whether an individual is the real party in interest under Fed. R. Civ. P. 17 is not jurisdictional, <u>PNC Bank, N.A. v. Spencer</u>, 763 F.3d 650, 654 (7th Cir. 2014), which means the issue can be waived. <u>RK Co. v. See</u>, 622 F.3d 846, 850-51 (7th Cir. 2010) (by waiting seven years to object to plaintiff's status as real party in interest, defendant waived this issue). Defendant's argument that it was not aware about potential problems with plaintiff's status until now is the same argument that the court rejected in <u>RK</u>. Like the objecting party in <u>RK</u>, defendant could have sought discovery on this issue earlier or "uncovered this information by a simple search of [state] public records." <u>Id.</u> at 851.

Dkt. #77 at 2-3.  I gave the parties until July 10, 2015 in which to conduct discovery and file dispositive motions on issues related to (1) the effect of previous state court litigation on this case; and (2) the alleged settlement in December 2014.  <u>Id.</u> at 3.

Defendant's summary judgment motion is not consistent with the April 10 order.  As an initial matter, defendant says nothing about the alleged December 2014 settlement agreement, which was the primary reason that discovery was reopened.  I construe defendant's silence as a decision to abandon its argument about a settlement.  More important, defendant includes arguments that are outside the scope of the April 10 order. In particular, defendant revives its argument that plaintiff is not the special administrator

for Oswald Suoja's estate.  Defendant does not mention the court's conclusion in the April 10 order that defendant forfeited that issue, much less address the reasoning in that order.  However, I presume that defendant believes it is not bound by the April 10 order because defendant now frames its argument as one of "Article III standing," which is an issue that cannot be waived or forfeited because it is part of subject matter jurisdiction.  Lewis v. Casey, 518 U.S. 343, 349 n.1 (1996).

Defendant did not handle this issue as it should have.  If defendant disagreed with the court's conclusion that defendant had forfeited the issue of plaintiff's role as the special administrator for the estate, defendant should have filed a motion for reconsideration.  Defendant should not simply ignore a court order and then try to reframe its argument without even acknowledging what it is doing.

In any event, I disagree with defendant's new argument that plaintiff's status as the special administrator is a jurisdictional issue.  Even in its new motion, defendant does not explain why it believes that cases cited in the April 10 order, PNC Bank, 763 F.3d 650, and RK, 622 F.3d 846, do not apply.  See also Betar v. De Havilland Aircraft of Canada, Ltd., 603 F.2d 30, 32 (7th Cir. 1979) (rule requiring real party in interest to be named "is merely procedural and does not extend or limit the subject matter jurisdiction of the district court").  Instead, defendant cites other cases involving the question whether a particular party was the proper representative of an estate.  Hutchinson on Behalf of Baker v. Spink, 126 F.3d 895 (7th Cir. 1997); Estate of Johnson by Castle v. Village of Libertyville, 819 F.2d 174 (7th Cir. 1987); Hillyard v. National Dairy Products, Corp., 301 F.2d 277 (7th Cir. 1962).

4

However, these cases are not helpful because the courts deciding them did not hold that issues regarding a party's status as the special administrator implicate subject matter jurisdiction. Although it is true that some of the cases refer to a party's "standing" to sue as the administrator, the courts do not refer to this as standing under Article III of the Constitution. Rather, the courts were discussing the requirements under state law to qualify as a personal representative or a special administrator. This is an important difference.

Standing under the Constitution is not contingent on the rights granted under state law. Rather, the question under Article III is whether the plaintiff "has suffered some tangible loss for which, if the defendant's liability is established, the court could provide a remedy." In re C.P. Hall Co., 750 F.3d 659, 660-61 (7th Cir. 2014). Although the court of appeals has used the word "standing" in the context of a party's entitlement to relief under a particular law or rule, in more recent cases the court has made an effort to distinguish a party's entitlement to relief from his standing to sue under Article III. Arreola v. Godinez, 546 F.3d 788, 794-95 (7th Cir. 2008) ("Although the two concepts unfortunately are blurred at times, standing and entitlement to relief are not the same thing. . . . [I]t is best to confine the term 'standing' to the Article III inquiry and thus to keep it separate from the plaintiff's entitlement to relief."). In this case, plaintiff's claim is that defendant's conduct harmed both him and his father and plaintiff wants compensation as a remedy. Accordingly, I see no problems with plaintiff's constitutional standing.

To the extent that "standing" is implicated by questions related to the real party in interest, it is *prudential* standing that is implicated, not Article III standing, as noted in one

of the cases defendant cites.  <u>Rawoof v. Texor Petroleum Co.</u>, 521 F.3d 750, 756-57 (7th Cir. 2008) ("Some courts have described Rule 17's real-party-in-interest requirement as essentially a codification of this nonconstitutional, prudential limitation on standing."). Among other things, prudential standing embodies "the principle that a litigant cannot sue in federal court to enforce the rights of third parties."  <u>Id.</u> at 757.   For the purpose of this case, the important difference between prudential standing and Article III standing is that prudential standing may be waived or forfeited.  <u>Id.</u> at 757 ("[T]he court may raise an unpreserved prudential-standing question on its own, but unlike questions of constitutional standing, it is not obliged to do so.").  Accordingly, I adhere to my conclusion that defendant forfeited any objection to plaintiff's status as the estate's special administrator by failing to raise it for six years.   <u>Slagowski v. Central Washington Asphalt, Inc.</u>, No. 2:11-CV-00142-APG, 2014 WL 4887807, at *4 (D. Nev. Sept. 30, 2014) ("Defendants waived their objection that Plaintiffs are not the real party in interest or do not have authority to sue on the estate's behalf by failing to raise these issues earlier."); <u>City of Wellston v. SBC Communications, Inc.</u>, 203 S.W.3d 189, 193 (Mo. 2006) ("Missouri courts on multiple occasions have treated errors in bringing a claim directly rather than in the name of another party, or similar defects, as issues of capacity rather than standing, which may be waived or avoided by amendment of the pleadings.").


B.  <u>"Mootness"</u>

The section of defendant's brief on "mootness" is a hodgepodge of arguments, mostly

6

related to additional alleged failures by plaintiff to meet state law requirements for bringing his claim.  For example, defendant says that Oswald Suoja's wife had the sole right to bring a wrongful death action, that plaintiff failed to consolidate any claims he had with the surviving spouse's claims and that the estate was closed in 2007, which estops plaintiff from seeking additional relief on behalf of the state now.

Defendant did not seek permission to file a motion for summary judgment on any on these issues.  Again, defendant tries to avoid the inevitable conclusion that it forfeited these issues by arguing that they implicate mootness, which is another issue that some courts have described as jurisdictional and not subject to waiver.  E.g., Yacobo v. Achim, No. 06 C 1425, 2008 WL 907444, at *3 (N.D. Ill. Mar. 31, 2008); Rexam Beverage Can Co. v. Bolger, No. 06 C 2234, 2008 WL 217114, at *6 (N.D. Ill. Jan. 22, 2008).

Like standing, the doctrine of mootness comes from Article III of the Constitution, which limits federal jurisdiction to "cases" and "controversies." Honig v. Doe, 484 U.S. 305, 317 (1988).  "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." Knox v. Service Employees International Union, ––– U.S. ––––, 132 S.Ct. 2277, 2287 (2012) (internal quotations omitted).  The Supreme Court has described mootness as "the doctrine of standing set in a time frame:  The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 170 (2000) (internal quotations omitted).  For example, a request to participate in a parade becomes moot once the parade

has occurred.  Worldwide Street Preachers' Fellowship v. Peterson, 388 F.3d 555, 557-58 (7th Cir. 2004).  The standard for mootness is obviously not met in this case because the parties continue to debate whether defendant may be held liable for violating plaintiff's rights under state law and whether defendant should be required to pay damages to plaintiff.

In support of its position, defendant cites cases in which courts have held that a case is moot when the parties have settled or the plaintiff otherwise has obtained everything he asked for in his complaint from another party.  United States v. Balint, 201 F.3d 928, 936 (7th Cir. 2000) (issue of restitution moot when codefendant paid entire amount due); Wegscheid v. Local Union 2911, International Union, United Automobile, Aerospace & Agriculture Implement Workers of America, 117 F.3d 986, 990 (7th Cir. 1997) (settlement mooted case).  However, these cases are not instructive because defendant does not suggest that it has paid plaintiff a penny or that anyone else has offered to satisfy plaintiff's claim against defendant.  Rather, defendant alleges that the estate was closed in 2006, which represents a determination by the administrator of the estate that "any possible recovery had been received and disbursed."  Dft.'s Br., dkt. #111, at 5.  However, as defendant recognizes, that allegation raises an issue of judicial estoppel because it suggests that plaintiff is taking a position that is inconsistent with the position taken by the estate in probate court.  It does not raise an issue of mootness because defendant does not allege that it paid any claims to plaintiff during the probate action.  Because issues of judicial estoppel can be waived, In re Brand Name Prescription Drugs Antitrust Litigation, 186 F.3d 781, 790 (7th Cir. 1999), defendant cannot raise an argument that it could have raised when the estate was allegedly

8

closed nine years ago.

## C.  Issue Preclusion

Finally, defendant argues that issue preclusion bars plaintiff from prevailing on his claims.  Defendant relies on a wrongful death action filed by Oswald Suoja's wife in state court before she died.  In the April 10, 2015 order, I allowed defendant to raise this issue in a motion for summary judgment because plaintiff did not object to it, so waiver is not an issue.

"Wisconsin courts apply the following general rule [to determine whether issue preclusion applies]: 'When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.'"  First Weber Group, Inc. v. Horsfall, 738 F.3d 767, 772-73 (7th Cir. 2013) (quoting Hlavinka v. Blunt, Ellis & Loewi, Inc., 174 Wis. 2d 381, 497 N.W.2d 756, 762 (Ct. App. 1993)).  If the proponent of preclusion makes that showing, then the court must consider various factors to determine whether it is "fundamentally fair" to apply issue preclusion in that case.  Id.

Although defendant was not a party in the previous action, defendant says that the spouse's claim raised the issue whether insulation products manufactured by defendant contributed to Oswald Suoja's mesothelioma.  However, defendant admits the parties settled the claim before the court ruled on the motion for summary judgment.  This is important

because the Wisconsin Supreme Court has held that settlements do not "determine" an issue for the purpose of preclusion. Deminsky v. Arlington Plastics Machine, 2003 WI 15, ¶ 49, 259 Wis. 2d 587, 621, 657 N.W.2d 411, 428. See also City of Sheboygan v. Nytsch, 2006 WI App 191, ¶ 12, 296 Wis. 2d 73, 82, 722 N.W.2d 626, 630-31 (issue is not "actually litigated if it is the subject of a stipulation between the parties").

Defendant cites Arendt v. Owens-Illinois, Inc., No. 13-C-727, 2015 WL 3452549, at *3-4 (E.D. Wis. June 1, 2015), as a similar case, but, in Arendt, the plaintiff had moved for voluntary dismissal with prejudice in the previous action and "expressly conceded" that her claim was barred by the statute of limitations. Because that situation is easily distinguishable from a settlement, it is not instructive. Accordingly, I decline to apply issue preclusion because defendant has not shown that the question whether its products harmed plaintiff was "actually litigated and determined by a valid and final judgment." In addition, defendant does not discuss any of the factors for determining the question of "fundamental fairness," so defendant has forfeited that issue as well.

ORDER

IT IS ORDERED that

1. The motion for summary judgment filed by defendant Owens-Illinois, Inc., dkt. #90, is DENIED.

10

2.   Plaintiff Gary Suoja's motion for leave to file a surreply brief, dkt. #112, is DENIED as moot.

Entered this 9th day of September, 2015.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge