IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| GARY SUOJA, Individually and as Special Administrator of the Estate of OSWALD SUOJA, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> Owens-Illinois, Inc., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 99-cv-475-bbc |

---

**Plaintiff's Response to Owens-Illinois, Inc.'s Motion *In Limine* to Bar Gary Suoja's Testimony About Badger Ordnance**

---

Plaintiff opposes Owens-Illinois, Inc.'s ("OI") motion *in limine* to bar Gary Suoja's testimony about badger ordnance. (ECF Doc #119.)

While it is true Gary Suoja did not observe the work his father did at badger, sufficient evidentiary foundation can be established at trial for admission of the hearsay testimony about what Oswald Suoja told Gary concerning work at Badger. The basis of admission is the exceptions to the hearsay rule. Since Gary Suoja will be testifying at trial, this court should defer ruling on the motion until Gary's testimony is presented.

Gary was aware his father worked at Badger Ordnance when his father made contemporaneous statements to Gary about having to go to work at Badger in the 1950s, 1960s, and 1970s. These statements can qualify for admission as reflecting "state of mind" about the "plan" or "intention" of where Oswald was going to work that day and what he was going to do

1

– under FRE 803(3).  Oswald also stated that he had done miles of piping work on a particular pipe line at Badger when Gary was driving by the jobsite in the car with him.  This statement can qualify for admission as a present sense impression under FRE 803(1)

Additionally under FRE 807, the hearsay statements are admissible if otherwise trustworthy and relate to material facts.  Since there is no dispute that Oswald did work at Badger based on testimony of multiple coworkers, any additional probative evidence in the testimony by Gary of what Oswald said can be admissible.

## Conclusion

This court should either deny the OI motion or defer ruling until the testimony of Gary Suoja is presented at trial to establish a foundation for admission.

Dated: November 2, 2015

/S/   Robert  G. McCoy
Attorney for Plaintiff

Robert G. McCoy
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, IL 60607
(312) 944-0600
(312) 944-1870 (fax)
bmccoy@cvlo.com

**Certificate of Service**

I hereby certify that on November 2, 2015, I caused the forgoing to be electronically filed with the United States District Court for the Western District of Wisconsin using the CM/ECF system which will automatically send all necessary notifications of this filing to CM/ECF participants in this case.

Dated: November 2, 2015

/S/   Robert  G. McCoy
Attorney for Plaintiff

Robert G. McCoy
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, IL 60607
(312) 944-0600
(312) 944-1870 (fax)
bmccoy@cvlo.com