IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| GARY SUOJA, Individually and as Special Administrator of the Estate of OSWALD SUOJA, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 99-cv-475-bbc |
| v. | ) ) | |
| Owens-Illinois, Inc., | ) ) | |
| Defendant. | ) | |

_____

**Plaintiff's Response to Owens-Illinois, Inc.'s Rule 26(a)(3) Pretrial Disclosures**
_____

Plaintiff responds to Owens-Illinois, Inc.'s ("OI") Rule 26(a)(3) pretrial disclosures. (ECF Doc #121.)

Rule 26(a)(3)(A)(i) Witness Disclosure

1. Plaintiff objects to Ralph Van Beck as a witness. Ralph Van Beck was not disclosed during pretrial proceedings before filing of the ECF Doc # 121, Rule 26(a)(3) pretrial disclosures.

2. Plaintiff objects to Verlyn Mueller or another custodian of records from the Badger History Group, Inc., P.O. Box 113, Prairie du Sac, Wisconsin, and the Museum of Badger Army Ammunition, US Highway 12, Sumpter, Wisconsin on any testimony that is stipulated to in the future.

3. Plaintiff objects to Glenn Longacre or another custodian of records from the National Archives and Records Administration, 7358 South Pulaski Road, Chicago Illinois on any testimony that is stipulated to in the future.

1

4. Plaintiff objects to a party calling witnesses other than witnesses listed in the parties 26(a)(3) disclosure.

5. Plaintiff has no objection to OI's statement that "Owens-Illinois reserves the right to call any witness necessary to authenticate records or establish admissibility" provided that it is mutual.

6. Plaintiff has no objection to OI's statement that "Owens-Illinois reserves the right to call any witness whose testimony cannot be reasonably anticipated at this time, for the purpose of impeachment, rebuttal, or any other purpose allowed by law" provided that it is mutual.

### Rule 26(a)(3)(A)(ii) Prior Testimony Disclosure

1. Plaintiff preserves the right to make additional objections because Plaintiff has not been provided page/line designations by OI of prior testimony for any designated witness.

2. Plaintiff objects to the testimony of John Locher on grounds of FRE 802 and FRCP 32(a).

3. Plaintiff objects to the July 14, 1980 testimony of Elmer Borchardt on grounds of FRE 802 and FRCP 32(a).  As to depositions that were attended by Plaintiff's counsel but were not noticed in the instant case, Plaintiff objects on grounds of FRE 802 and FRCP 32(a).

4. Plaintiff objects to the testimony of Ralph Van Beck on grounds of FRE 802 and FRCP 32(a).  Plaintiff also objects because Ralph Van Beck was not disclosed during pretrial proceedings before filing of the ECF Doc # 121, Rule 26(a)(3) pretrial disclosures.

5. Plaintiff objects to the testimony of William L. Lea on grounds of FRE 802 and FRCP 32(a).  Plaintiff also objects because William L. Lea was not disclosed during pretrial proceedings before filing of the ECF Doc # 121, Rule 26(a)(3) pretrial disclosures.

6. Plaintiff objects to the testimony of Dohrman H. Byers on grounds of FRE 802 and FRCP 32(a).  Plaintiff also objects because Dohrman H. Byers was not disclosed during pretrial proceedings before filing of the ECF Doc # 121, Rule 26(a)(3) pretrial disclosures.

7. Plaintiff objects to the testimony of William Z. Fluck on grounds of FRE 802 and FRCP 32(a).  Plaintiff also objects because William Z. Fluck was not disclosed during pretrial proceedings before filing of the ECF Doc # 121, Rule 26(a)(3) pretrial disclosures.

8. Plaintiff objects to the testimony of Otto Kern on grounds of FRE 802 and FRCP 32(a).  Plaintiff also objects because Otto Kern was not disclosed during pretrial proceedings before filing of the ECF Doc # 121, Rule 26(a)(3) pretrial disclosures.

9. Plaintiff objects to the testimony of Frank Hofstetter on grounds of FRE 802 and FRCP 32(a).  Plaintiff also objects because Frank Hofstetter was not disclosed during pretrial proceedings before filing of the ECF Doc # 121, Rule 26(a)(3) pretrial disclosures.

10. If the testimony of John Locher, Elmer Borchardt, Ralph Van Beck, William L. Lea, Dohrman H. Byers, William Z. Fluck, Otto Kern, or Frank Hofstetter is allowed over Plaintiff's objections, Plaintiff preserves the right to designate additional testimony

from the same or other transcripts of testimony given by these witnesses for the purposes of fairness and completeness.

11. Plaintiff has no objection to OI's statement that "Owens-Illinois reserves the right to present any witness by prior testimony to authenticate records or establish admissibility" provided that it is mutual.

12. Plaintiff has no objection to OI's statement that "Owens-Illinois reserves the right to present any witness by prior testimony that cannot be reasonably anticipated at this time, for the purpose of impeachment, rebuttal, or any other purpose of law" provided that it is mutual.

### Rule 26(a)(3)(A)(iii) Exhibit Disclosure

1. Attached as Exhibit 1 are Plaintiff's objections to OI's 26(a)(3) exhibit list based upon the descriptions in the list provided by OI.

2. Although Plaintiff requested OI's exhibit images on October 20, 2015, the images were not provided until late afternoon on October 29, 2015. Plaintiff has not had a sufficient opportunity to review the images to make objections to OI's 34 page "Initial Exhibit List." Upon review of the exhibit images, Plaintiff preserves the right to make additional objections to each exhibit.

3. Plaintiff has no objection to OI's statement that "Owens-Illinois reserves the right to present any documents or other exhibits identified by Plaintiff" provided that it is mutual.

4. Plaintiff has no objection to OI's statement that "Owens-Illinois reserves the right to present any documents or other exhibits that cannot be reasonably anticipated at this

time, for the purpose of impeachment, rebuttal, or any other purpose of law" provided that it is mutual.

Dated: November 2, 2015

/S/   Robert G. McCoy
Attorney for Plaintiff

Robert G. McCoy
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, IL 60607
(312) 944-0600
(312) 944-1870 (fax)
bmccoy@cvlo.com

**Certificate of Service**

I hereby certify that on November 2, 2015, I caused the forgoing to be electronically filed with the United States District Court for the Western District of Wisconsin using the CM/ECF system which will automatically send all necessary notifications of this filing to CM/ECF participants in this case.


Dated: November 2, 2015

/S/   Robert  G. McCoy
Attorney for Plaintiff

Robert G. McCoy
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, IL 60607
(312) 944-0600
(312) 944-1870 (fax)
bmccoy@cvlo.com

**Certificate of Service**

I hereby certify that on November 2, 2015, I caused the forgoing to be electronically filed with the United States District Court for the Western District of Wisconsin using the CM/ECF system which will automatically send all necessary notifications of this filing to CM/ECF participants in this case.


Dated: November 2, 2015

/S/   Robert  G. McCoy
Attorney for Plaintiff

Robert G. McCoy
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, IL 60607
(312) 944-0600
(312) 944-1870 (fax)
bmccoy@cvlo.com