IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

GARY SOUJA, Individually and as
Special Administrator for the Estate
of OSWALD F. SUOJA, Deceased,

      Plaintiff,

v.                                                         Case No. 3:99-cv-00475-bbc

OWENS-ILLINOIS, INC.,

      Defendant.

## OWENS-ILLINOIS, INC.'S OBJECTIONS
## TO PLAINTIFF'S RULE 26(a)(3) PRETRIAL DISCLOSURE

Owens-Illinois, Inc. (Owens-Illinois) submits the following objections to Plaintiff's pretrial disclosures (ECF No. 118) pursuant to Federal Rule of Civil Procedure 26(a)(3)(B).

### Rule 26(A)(3)(B) Prior Testimony Objections

Owens-Illinois submits the following objections to the use under Rule 32(a) of depositions designated by plaintiff under Rule 26(a)(3)(A)(ii):

**1.**     **Arthur Frank, M.D., Ph.D. (not deposed)**

Arthur Frank, M.D., Ph.D. has not been deposed in this case. Owens-Illinois objects to the use of his undisclosed deposition under this Court's order, excluding his any exposure theory of causation and *any opinions based on this theory*. Opinion & Order, ECF No. 82; Def.'s Mot. Bar 1, 19, ECF No. 27. Owens-Illinois also objects to the use of his undisclosed deposition under Federal Rule of Civil Procedure 32(a) and reserves the

right to make any additional objections.

### 2. Michael F. Slag, MD (not deposed)

Michael F. Slag, MD has not been deposed in this case. Therefore, Owens-Illinois objects to the use of his undisclosed deposition under Federal Rule of Civil Procedure 32(a) and reserves the right to make any additional objections.

### 3. Thomas H. Wiig, MD (not deposed)

Thomas H. Wiig, MD has not been deposed in this case. Therefore, Owens-Illinois objects to the use of his undisclosed deposition under Federal Rule of Civil Procedure 32(a) and reserves the right to make any additional objections.

### 4. Lawrence Zimmer, February 2 and 3, 2012

Owens-Illinois objects to the use of Lawrence Zimmer's deposition because plaintiff stipulated that Lawrence Zimmer would only testify against two defendants, Westinghouse and Georgia-Pacific. Lawrence Zimmer Dep. 82:1-82:6, Feb. 3, 2012, ECF No. 105-10 ("These two are the two that are here for real defendants. I don't need to talk to anyone else really. You don't need anything really. He's given no testimony against you, and he's not going to."). Owens-Illinois also objects to the use of Lawrence Zimmer's deposition because plaintiff failed to comply with the Amended Protocol for Plaintiff and Co-Worker Depositions, attached as Ex. A, and the Order of March 22, 2012, attached as Ex. B. As the parties discussed, Owens-Illinois reserves the right to make any objections to the page/line designations or counter-designations.

### 5. Richard Grimmie, September 20, 1991, October 28, 1991

Owens-Illinois objects to the use of Richard Grimmie's deposition under Federal

Rule of Civil Procedure 32(a) and because his deposition on September 20, 1991, and October 28, 1991, was not disclosed in this case.

Mr. Grimmie was an Owens-Illinois employee only between February 14, 1947, and April 30, 1958. Richard Grimmie Dep. at 203-04, Oct. 28, 1991. On April 30, 1958, Owens-Illinois sold its Kaylo division to Owens Corning Fiberglas Corporation ("OCF"), an entirely separate company. Accordingly, Mr. Grimmie became an OCF employee at that time and remained an OCF employee until his retirement on February 29, 1984. Richard Grimmie Dep. at 12-13, Sept. 20, 1991. At this deposition, Mr. Grimmie was presented as a former employee of OCF and not Owens-Illinois. *Id.* at 9-10; Grimmie Dep. at 1998, Oct. 28, 1991. He also was represented at the deposition by an OCF attorney and not an Owens-Illinois attorney. *Id.*

Therefore, Owens-Illinois did not have any opportunity to speak with Mr. Grimmie, prepare him for his testimony, discuss with him any of the issues that are likely to arise in this case, or any similar motive to develop his testimony for this case or guarantee of its trustworthiness. Fed. R. Civ. P. 32(a); Fed. R. Evid. 802; *Ake v. Gen. Motors Corp.*, 942 F. Supp. 869, 879 (W.D.N.Y. 1996) (finding deposition testimony of since-deceased employee was hearsay and was not admissible in products liability action against manufacturer). As the parties discussed, Owens-Illinois reserves the right to make any objections to the page/line designations or counter-designations.

6. **Willis Hazard, February 11, 1981**

As the parties discussed, Owens-Illinois reserves the right to make any objections to the page/line designations or counter-designations.

### 7.     Daniel Braun, May 5, 1982

Owens-Illinois objects to the use of Daniel Braun's deposition under Federal Rule of Civil Procedure 32(a) and to the extent his deposition on May 5, 1982 was not disclosed in this case. As the parties discussed, Owens-Illinois reserves the right to make any objections to the page/line designations or counter-designations.

### 8.     George Schlubb [sic], January 27, 2012

Owens-Illinois objects to the use of George Schlubb's deposition under Federal Rule of Civil Procedure 32(a) and because plaintiff failed to comply with the Amended Protocol for Plaintiff and Co-Worker Depositions, attached as Ex. A, and the Order of March 22, 2012, attached as Ex. B. As the parties discussed, Owens-Illinois reserves the right to make any objections to the page/line designations or counter-designations.

### 9.     Harold Haase, February 11, 1999

As the parties discussed, Owens-Illinois reserves the right to make any objections to the page/line designations or counter-designations.

### **Rule 26(A)(3)(B) Exhibit Objections**

Owens-Illinois submits the following objections to the admissibility of materials plaintiff identified under Rule 26(a)(3)(A)(iii), except for objections under Federal Rule of Evidence 402 or 403:

1.     Objections stated on Plaintiff's Expect to Use Exhibit List

2.     Objections stated on Plaintiff's May Present Exhibit List

- 5 -

Dated:  November 2, 2015                Respectfully submitted,

                                                              By: /s/Brian O. Watson
                                                                   Edward Casmere
                                                                   Brian O. Watson
                                                                   Schiff Hardin LLP
                                                                   233 S. Wacker Dr. Suite 6600
                                                                   Chicago, Illinois  60606
                                                                   (312) 258-5500
                                                                   (312) 258-5600 (facsimile)
                                                                   *Attorneys for Defendant*
                                                                   *Owens-Illinois, Inc.*

## CERTIFICATE OF SERVICE

I certify that on November 2, 2015, these papers were filed with the Clerk of the Court for the United States District Court for the Western District of Wisconsin using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson
Brian O. Watson

15640-0889

CH2\17397453.1