IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GARY SOUJA, Individually and as
Special Administrator for the Estate of
OSWALD F. SUOJA, Deceased,

      Plaintiff,

v.                                                   Case No. 3:99-cv-00475-slc

OWENS-ILLINOIS, INC.,

      Defendant.

---

**OWENS-ILLINOIS, INC.'S**
**BENCH BRIEF REGARDING APPORTIONMENT OF LIABILITY**

In his trial brief, plaintiff appears to argue that, in *Fuchsgruber v. Custom Accessories, Inc.*, 2001 WI 81, ¶ 2, 244 Wis. 2d 758, 763, 628 N.W.2d 833, 836 (Wis. 2001), the Wisconsin Supreme Court altered the rules governing apportionment of liability in strict liability cases. Pl.'s Trial Br. 2, dkt. 136. Based on prior arguments made by the plaintiff's counsel, Owens-Illinois anticipates plaintiff will contend that, under *Fuchsgruber*, the Court need not apportion liability among all responsible entities/products.[1]

As this Court held when the plaintiff's counsel made this argument in previous cases, *Fuchsgruber* does not alter Wisconsin law regarding apportionment of liability.

---

[1] Plaintiff has not submitted a proposed special verdict, and this argument should be deemed waived.

> *Fuchsgruber* presented a different situation because it involved one product—a hydraulic jack—and three defendants involved in the chain of distribution (the manufacturer, distributor and retailer). The state supreme court held that under such circumstances, in strict liability cases, the jury first had to compare the plaintiff's conduct to the product's defectiveness and then, in a separate question, apportion liability among the various defendants involved in the manufacture, distribution and sale of that one product. Here, there are several possible products that could have contributed to plaintiff's injuries but each of those products involved only one company in the chain of distribution. The combined question related to comparative fault in this case appropriately compares plaintiff's conduct to the alleged defectiveness of each of those products, as well as to the alleged negligence of defendant and possibly other companies.

*Bushmaker v. A.W. Chesterton Co.*, No. 09-CV-726-SLC, 2013 WL 11079371, at *13 (W.D. Wis. Mar. 1, 2013) (citations omitted); *see also* Trial Tr. 1192:10-12, *Gosz v. American Standard, Inc.,* Case No. 05-cv-9218 (Wis. Cir. Ct. Milwaukee Cty. Nov. 10, 2008) (holding that asbestos cases are "different from *Fuchsgruber* because there are different products which are not interchangeable").

In this case, there will be uncontested evidence that Oswald Suoja was exposed to asbestos from a multitude of products for which Owens-Illinois has no liability. There will also be evidence that this exposure was caused by many entities for which Owens-Illinois is not liable. At a minimum, the Court will have to consider and apportion liability among: Oswald Suoja; each of Oswald Suoja's employers; each owner of the premises where Oswald Suoja worked; and each asbestos-containing product to which Oswald Suoja was exposed. *Id.*

## **Conclusion**

For the reasons stated above and the Owens-Illinois Trial Brief (dkt. 135 at 19-21), the Court should reject the plaintiff's argument that *Fuchgruber* altered Wisconsin law, and apportion liability among all responsible entities.

Dated: November 29, 2015        Respectfully submitted,

By: /s/ Brian O. Watson
Edward Casmere
Brian O. Watson
Schiff Hardin LLP
233 S. Wacker Dr. Suite 6600
Chicago, Illinois 60606
(312) 258-5500
(312) 258-5600 (facsimile)
*Attorneys for Defendant*
*Owens-Illinois, Inc.*

## CERTIFICATE OF SERVICE

I certify that on November 29, 2015, these papers were filed with the Clerk of the Court for the United States District Court for the Western District of Wisconsin using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson
Brian O. Watson

15640-0889

CH2\17506029.4