IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| GARY SUOJA, Individually and as Special Administrator for the Estate of OSWALD F. SUOJA, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>OWENS-ILLINOIS, INC.,<br><br>Defendant. | OWENS-ILLINOIS, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO CORRECT RESPONSES TO OBJECTIONS TO EXHIBITS<br><br>No. 3:99-cv-00475-slc |

Owens-Illinois, Inc. requests that the Court deny, in part, Plaintiff's Motion to Correct Responses to Objections to Exhibits (dkt. 213) and strike all prior testimony from the evidentiary record that was not timely designated for use at trial.

**<u>Argument</u>**

Plaintiff has requested leave to amend his post-trial reply brief (dkt. 209) with a new table that provides his response to Owens-Illinois's objections to plaintiff's exhibits (dkt. 213-1). Owens-Illinois opposes this motion only to the extent that plaintiff's table and post-trial reply brief include prior testimony that was not timely designated for use at trial. In fact, plaintiff's motion misstates that his "table relies only on the existing record." That assertion is inaccurate.

On the final day of trial, plaintiff and Owens-Illinois submitted their designations of prior, out-of-court testimony to the Court (dkt. 172) and confirmed that the evidentiary record was closed:

>MR. MCCOY: … Just clarification. So on the depositions though, the past testimony, we do need to have the page and lines fixed today, and I think everybody has done that, because that makes differences as to what we do and they do and then counters. And that's it.
>
>THE COURT: Sure.
>
>MR. MCCOY: That should be it.
>
>THE COURT: I want the designations clear today for the attorneys' benefit. That's part of what I just said in terms of closing the record.…
>
>….
>
>THE COURT: Understood. But I just want to confirm with Mr. McCoy on the record that you agree with Mr. Casmere that we now have all of the evidence in, the evidentiary record is closed, and the parties are ready to brief.
>
>MR. MCCOY: That's correct, Judge.

Trial Tr. 3-P-17:2–28:21, dkt. 196.

Despite this clear statement, plaintiff's table and post-trial reply brief include past testimony that was not timely designated for use at trial:

- deposition of Willis Hazard, March 27, 1981 (dkt. 209–10, 210)

- deposition of Peter Neushul, November 2, 2007 (dkt. 209–11, 212)

- testimony of Peter Neushul, January 25, 2008 (dkt. 209–12, 211)

- deposition of Thomas Wiig, MD (dkt. 164)

- deposition of Arthur Frank, MD, PhD (dkt. 165).[1]

---

[1] Plaintiff's motion and table incorrectly cite Dr. Frank's deposition as dkt. 185. In his post-trial reply brief, plaintiff also raises several new arguments that he has waived by failing to make them until his reply brief. Trial Tr. 3-A-8:14–17, 22:21–25, dkt. 196 ("I expect long thorough briefs from both sides on all of these issues: Procedural, evidentiary, substantive, damages.… So plaintiff's first submission, which would be briefs on -- a brief on all issues and any supplements that present the evidence in the fashion the Court has requested by January 29."); *Pac. Cycle, Inc. v. PowerGroup Int'l, LLC*, 969 F. Supp. 2d 1098, 1109 n.5 (W.D. Wis. 2013) ("This argument is waived, however, as the plaintiff failed to raise it until his reply brief, leaving the defendants no chance to respond." (quoting *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992))).

Because plaintiff failed to designate this prior testimony for use at trial, was afforded several opportunities to do so, confirmed the evidentiary record was closed, and has not moved to reopen the evidentiary record, the Court should strike this testimony from the evidentiary record. *See Cont'l Sand & Gravel, Inc. v. K & K Sand & Gravel, Inc.*, 755 F.2d 87, 92 n.6 (7th Cir. 1985) (affirming trial court, for whether "plaintiff's delay in offering the records was the result of a tactical decision or an oversight, we think the district court did not abuse its discretion in refusing to consider them when they were belatedly offered"); *Filipowicz v. Am. Stores Ben. Plans Comm.*, 56 F.3d 807, 814 (7th Cir. 1995) (affirming trial court where "'it would be fundamentally unfair to reopen the proofs to permit this witness to testify when the problem we face right now is of [the party's] own making'"); *Haupt v. Atwood Oceanics, Inc.*, 681 F.2d 1058, 1061 (5th Cir. 1982) (affirming trial court when counsel answered "no" when the court asked if any party wished to offer anything further); *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 331 (1971) (affirming district court because "a motion to reopen to submit additional proof is addressed to his sound discretion").

## **Conclusion**

For these reasons, Owens-Illinois, Inc. respectfully requests that the Court deny, in part, Plaintiff's Motion to Correct Responses to Objections to Exhibits (dkt. 213) and strike all prior testimony from the evidentiary record that was not timely designated for use at trial.

Dated: May 17, 2016

Respectfully submitted,

/s/ Brian O. Watson
Robert H. Riley
Edward Casmere
Joshua D. Lee
Brian O. Watson
Riley Safer Holmes & Cancila LLP
Three First National Plaza
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
*Attorneys for Defendant*
*Owens-Illinois, Inc.*

## CERTIFICATE OF SERVICE

I certify that on May 17, 2016, these papers were filed with the Clerk of the Court for the United States District Court for the Western District of Wisconsin using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson

4814-9068-1137, v. 4