IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

| | | |
|---|---|---|
| GARY SUOJA, Individually and as Special Administrator of the Estate of OSWALD SUOJA, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 99-cv-475-bbc |
| v. | ) ) | |
| Owens-Illinois, Inc., | ) ) | |
| Defendant. | ) | |

_____

**Plaintiff's Response to Motion to Strike and Reply in Support of Plaintiff's Motion to Correct Responses to Objections to Exhibits**
_____

OI filed a document titled "Owens-Illinois, Inc.'s Response to Plaintiff's Motion to Correct Responses to Objections to Exhibits" which sought as part of the relief to "strike all prior testimony from the evidentiary record that was not timely designated for use at trial." (ECF# 214 at 1.) Plaintiff responds to the motion to strike and replies in support of Plaintiff's Motion to Correct Responses to Objections to Exhibits (ECF# 213).

OI opposed Plaintiff's "motion only to the extent that plaintiff's table and post-trial reply brief include prior testimony that was not timely designated for use at trial." (ECF# 214 at 1.) Other than as to the argument about timeliness of certain "designated for use at trial" testimony, the motion should be granted based on no opposition.[1]  Plaintiff responds to the argument concerning the striking of testimony allegedly not designated below.

---

[1] OI correctly noted that Plaintiff mistakenly cited to Dr. Frank's November 25, 2015 deposition as ECF# 185 rather than ECF# 165 in the corrected table of responses to objections to exhibits. This mistake occurs with exhibit #s 93, 223, 224, 225, 226, and 230 in the corrected chart.

1

*Deposition of Willis Hazard, March 27, 1981 (dkt. 209–10, 210)*

*Deposition of Peter Neushul, November 2, 2007 (dkt. 209–11, 212)*

*Testimony of Peter Neushul, January 25, 2008 (dkt. 209–12, 211)*

According to the standard scheduling order entered for pretrial reports in bench trials in Judge Crabb's cases, the past testimony designations are for what will be "offered in evidence." (ECF# 70 at 97.) Plaintiff followed that pretrial order in making the designations of past testimony which would be offered in evidence. OI is correct that the March 27, 1981 Hazard deposition,[2] the November 2, 2007 Neushul[3] deposition, and the January 25, 2008 Neushul testimony were not in the past testimony designations to be "offered in evidence."[4] These depositions and testimony are not being offered in evidence, but are used pursuant to Rule 104 to provide foundation for admission of exhibits OI objected to in the post-trial response brief.

---

Plaintiff also mistakenly cited to exhibit # 137, Stephen Kenoyer PowerPoint, as ECF# 137. This mistake occurs with exhibit #s 205, 207, 208, 209, 217, 218, 219, 224, 225, and 226 in the corrected chart.

[2] The February 11, 1981 deposition was designated as substantive evidence for trial by both parties. (ECF# 172 at 7-9.)

[3] Peter Neushul testified at trial as a witness for OI. (ECF# 195; ECF# 198.)

[4] The March 27, 1981 Hazard deposition testimony is cited in response to the objections to Plaintiff's exhibit #s 37 and 38. (ECF# 210; ECF# 213-1 at 1.)

The November 2, 2007 Neushul deposition testimony is cited in response to the objections to Plaintiff's exhibit #38. (ECF# 212; ECF# 213-1 at 1.)

The January 25, 2008 Neushul testimony is cited in response to the objections to Plaintiff's exhibit #39. (ECF# 211; ECF# 213-1 at 1.)

OI objected in post-trial briefing to exhibits 37, 38, and 39 claiming the evidentiary foundation for admission was not established.[5] Under Fed. R. Evid. 104 the Court can consider additional materials which are not offered for admission into evidence to determine admissibility of other evidence.

No deadline was ordered for filing of responses to exhibit objections before trial and no responses were filed.  OI's objections to exhibits 37, 38, and 39 were not taken up during trial by the court. The court directed that all objections not made during trial could be taken up in the post-trial briefing.  After OI pursued certain exhibit objections in the post-trial brief, Plaintiff responded by filing the responses in the reply brief.[6]  The testimony used as foundation under Rule 104 is not being "offered in evidence," but is now necessary to respond to the objection in the briefing on objections which was postponed to the post-trial stage.

Additionally, the January 25, 2008 Neushul testimony was used by Plaintiff at trial to refresh the recollection of Dr. Neushul at trial. (ECF# 198 at 65-68.)   The Court did not set a deadline before trial for designating testimony to be used to refresh recollection or impeach an adverse witness.  Until Dr. Neushul testified at trial, Plaintiff did not know which of his many past depositions might be used for refreshing recollection at trial and therefore had no notice to disclose the testimony prior to trial.  However at trial, OI had the opportunity to offer parts of the past testimony or conduct its own examination of Dr. Neushul on the past testimony.

---

[5] OI objected to exhibit 37, 38, and 39 for lack of relevance, to exhibit 37 for lack of foundation, to exhibit 38 for lack of foundation, and to exhibit 39 for lack of authentication and lack of foundation.  (ECF# 205 at 148.)

[6] ECF# 210, ECF# 211, and ECF# 212 were all referenced in the original reply brief chart. Plaintiff added citation to the March 27, 1981 Hazard deposition in the corrected chart for his response to OI's objection to exhibit 38 that was not present in the original reply brief.

*Deposition of Thomas Wiig, MD (dkt. 164)*

Plaintiff addressed OI's argument that the November 23, 2015 deposition of Thomas Wiig was not timely designated for use at trial at page 61 of Plaintiff's Post Trial Reply Brief and adopts that briefing here. (ECF# 209.)

*Deposition of Arthur Frank, MD, PhD (dkt. 165)*

Plaintiff addressed OI's argument that the November 25, 2015 deposition of Arthur Frank was not timely designated for use at trial at page 54 of Plaintiff's Post Trial Reply Brief and adopts that briefing here. (ECF# 209.)

*Waiver*

In a footnote, OI argued that "Plaintiff also raises several new arguments that he has waived by failing to make them until his reply brief." (ECF# 214 at 2, n. 1.) Other than the past testimony cited under Rule 104, OI did not state which new arguments were raised by Plaintiff in his reply brief.

The *Pac. Cycle, Inc. v. PowerGroup Int'l, LLC*, 969 F. Supp. 2d 1098, 1109 n.5 (W.D. Wis. 2013) decision OI cited to support waiver was written by Judge Crocker. It involved a summary judgment motion in which an argument concerning waiver of contract rescission rights was considered waived because it was not brought prior to the reply brief. Here, Plaintiff is not making new legal argument about theories of recovery, but is only answering objections to evidence deferred to the post-trial briefing.

<u>Relief Requested</u>

This Court should allow Plaintiff to file the corrected III.D. table, attached to the initial motion (ECF# 213-1) and should deny OI's request to strike testimony.

Dated: May 25, 2016

 /s/ Daniel B. Hausman
Attorney for Plaintiff

Daniel B. Hausman
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, IL 60607
(312) 944-0600
(312) 944-1870 (fax)
dhausman@cvlo.com

**Certificate of Service**

I hereby certify that on May 25, 2016, I caused the forgoing to be electronically filed with the United States District Court for the Western District of Wisconsin using the CM/ECF system which will automatically send all necessary notifications of this filing to CM/ECF participants in this case.

Dated: May 25, 2016

_/s/ Daniel B. Hausman_____
Attorney for Plaintiff

Daniel B. Hausman
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, IL 60607
(312) 944-0600
(312) 944-1870 (fax)
dhausman@cvlo.com